ℐ·ℭ



FILED

APR 28 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MN

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JANE F. GIRARD, | |
| Plaintiff, | Civil No. 25-cv-04586 |
| v. | District Judge Judge Jeremy C. Daniel |
| KENTON GIRARD and MARISSA GIRARD, | Magistrate Judge Heather K. McShain Random Cat 2 |
| Defendants. | |

KENTON GIRARD,

                Crossclaim Plaintiff,

                v.

MARISSA GIRARD,

                Crossclaim Defendant.

MARISSA GIRARD,

                Counterclaim Plaintiff &
                Third Party Plaintiff,

                v.

JANE F. GIRARD,

                Counterclaim Defendant,

VANESSA L. HAMMER,
KAREN V. PAIGE,
CANDACE L. MEYERS and
DETECTIVE RYAN MCENERNEY,

                Third Party Defendants.

## CROSSCLAIM DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant/Crossclaim Defendant

Marissa Girard now files this Notice of Removal ("Notice") for the action filed in the Circuit

Court of Cook County, State of Illinois, case number 2015-D-009633, styled as *Jane Girard v.*

**1**              *Notice of Removal by Crossclaim Defendant Marissa Girard*

*Kenton Girard* ("State Court Action").

Pursuant to 28 U.S.C. § 1446(a), the process and pleadings served upon Defendant/Crossclaim Defendant Marissa Girard through April 28 2025 are attached as **Exhibit A**, and the orders served upon Defendant/Crossclaim Defendant Marissa Girard through April 28 2025 are attached as **Exhibit B**.

On May 26 2023, Jane Girard filed an alias summons (**Exhibit A**) which references a "Motion to Add Third Party". About a month later, Marissa Girard was served with said summons together with an accompanying paper entitled "Motion to Join Third Party" filed on March 8 2023 (**Exhibit A**). That "Motion to Join Third Party" is a motion – not a pleading – seeking court permission for taking the steps required to join Marissa Girard as a defendant, does not even include Marissa Girard in its caption, and therefore constitutes deficient joinder under 735 ILCS 5/2-201(a).

On April 28 2025, Defendant/Crossclaim Plaintiff Kenton Girard served a declaratory judgment pleading ("DJ Crossclaims") on Marissa Girard, which paper raises federal questions, owing to a Postnuptial Indemnification Agreement which provides for indemnification by Kenton as to Marissa's reasonable and necessary legal fees if her rights under the Constitution or federal law are *violated* owing to a course of action by Jane F. Girard and therefore raises federal and Constitutional questions.

## I. This Notice is Timely.

Removal of this action is timely under 28 U.S.C. § 1446(b), which provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" In this case,

Defendant/Crossclaim Defendant Marissa Girard has repaired to federal court on the very same day she was served with the removable pleading from Kenton Girard.

## II. The Northern District of Illinois is the proper venue.

Venue in this District is proper under 28 U.S.C. § 1441(a) because the Circuit Court of Cook County, Illinois (where the State Court Action is pending) is within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being filed with the clerk of the Circuit Court for Cook County and will be served upon Plaintiff contemporaneously with this filing. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

## III. Federal Jurisdiction Exists.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Crossclaim Plaintiff Kenton Girard has brought claims which raise federal questions. Because the entire pleading arises under the same "case or controversy," this Court "shall have supplemental jurisdiction over all other claims." 28 U.S.C. § 1367.

The recent Supreme Court decision under *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. ___ (2019) established that 28 U. S. C. §1441(a) does not permit a third-party counterclaim defendant[1] to remove a claim. However, the posture here is noticeably different: (a) Marissa Girard is an "original defendant" under the State Court Action, which implicated a federal question only at the moment when her co defendant filed a crossclaim against her; and (b) the Federal Rules of Civil Procedure distinguish between counterclaims and crossclaims (Rule 13).

Continuing, the Domestic Relations Exception does not apply here because Marissa Girard was never actioned with a pleading, much less a pleading seeking domestic relations style

---

[1] Under Supreme Court Justice Thomas's opinion, "third-party counterclaim defendant" refers to a party first brought into the case as an additional defendant to a counterclaim asserted against the original plaintiff.

*Notice of Removal by Crossclaim Defendant Marissa Girard*

relief. To provide even more clarity, Marissa Girard has neither a biological connection nor a claim to parental responsibility as to the minor children of Kenton Girard and Jane F. Girard.

The State Court Action appears to constitute a post-decree effort to adjudicate the custody of the minor children, although it is difficult to decipher lacking pleadings filed by Plaintiff Jane F. Girard, and because of the most recent description of the trial under the State Court Action provided by Beermann LLP attorney Enrico J. Mirabelli on February 14 2025 as a "criminal contempt trial against Kenton & Marissa Girard". Moreover, the Trial Order of Hon. William Yu from the same date references a "Petition for Finding of Parenting Time Abuse directed against Kenton and Marissa" – an alleged pleading which does not exist (and by the description, is nonsensical – Marissa Girard has no parenting rights to the minor children) and which paper has certainly not been served on Marissa Girard.

The minor children have already been identified as victims of sexual abuse at the hands of their biological mother, Jane F. Girard, who asserted her Fifth Amendment right against self-incrimination under questioning by Prosecutor Mary Stein from the Illinois State's Attorneys Office on September 7 2023. From a civil standard, Jane F. Girard is an admitted child sex abuser and **therefore divested of the right to seek a custody remedy in any court of law**. The federal government has an interest in protecting violent/sex crime victims, and parental rights under the Fourteenth Amendment are implicated.

If any questions arise as to the propriety of the removal of this action, Crossclaim Defendant Marissa Girard requests the opportunity to supplement this Notice. Crossclaim Defendant expressly reserves all objections she may have to the DJ Crossclaims.

WHEREFORE, Crossclaim Defendant Marissa Girard hereby gives notice that the State Court Action has been removed to this Court.

Dated: April 28 2025                          Respectfully Submitted,

                                              for Crossclaim Defendant Marissa Girard:

                                              /s/ Marissa Girard
                                              965 Forestway Drive
                                              Glencoe, IL 60022
                                              Email: marissadakis@gmail.com
                                              Tel: 773-425-4393

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this paper and all attachments were (a) electronically filed with the clerk of this Court on April 28 2025, (b) provided via email to the attorneys who have filed appearances in this matter as indicated below, and (c) provided via email and hand-delivery to Kenton Girard, who is pro se hereunder:

kpaige@beermannlaw.com, for Jane F. Girard
jduffy@smbtrials.com, for Vanessa Hammer
kimberly.blair@wilsonelser.com, for Karen Paige and Candace Meyers
jkivetz@jsotoslaw.com, for Ryan McEnerney

*for delivery to Kenton Girard:*
965 Forestway Drive
Glencoe, IL 60022
Email: kg5252@yahoo.com

                                              /s/ Marissa Girard

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# U.S. District Court for the Northern District Of Illinois
## Appearance Form for Pro Se Litigants

Information entered on this form is required for any person filing a case in this court as a pro se party (that is, without an attorney). **Please PRINT legibly.**

Case Title:  Girard vs. Girard et al          Case Number: _____

An appearance is hereby filed by the undersigned as a pro se litigant:

Name:         Marissa Girard _____

Street Address:    965 Forestway Drive _____

City/State/Zip:     Glencoe, IL 60022 _____

Phone Number:     (773) 425-4393 _____

_____          _4.28.2025_____
              Signature                           Executed on (date)

## REQUEST TO RECEIVE NOTICE THROUGH E-MAIL

If you check the box below and provide an e-mail address in the space provided, you will receive notice via e-mail. By checking the box and providing an e-mail address, under Federal Rule of Civil Procedure 5(b)2(E) you are waiving your right to receive a paper copy of documents filed electronically in this case. You should not provide an e-mail address if you do not check it frequently.

[X]    I request to be sent notices from the court via e-mail. I understand that by making this request, I am waiving the right to receive a paper copy of any electronically filed document in this case. I understand that if my e-mail address changes I must promptly notify the Court in writing.

marissadakis@gmail.com _____
**E-Mail Address (Please PRINT legibly.)**

Rev. 06/23/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**Exhibit A**

FILED
3/8/2023 3:39 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2015D009633
Calendar, 32
21782997

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

|                                              |     |     |               |
|----------------------------------------------|-----|-----|---------------|
| IN RE: THE FORMER MARRIAGE OF                | )   |     |               |
|                                              | )   |     |               |
| KENTON GIRARD,                               | )   |     |               |
|     Petitioner,          | )   |     |               |
|                                              | )   |     |               |
| and                                          | )   | No. | 2015 D 009633 |
|                                              | )   |     |               |
| JANE GIRARD,                                 | )   |     |               |
|     Respondent.          | )   |     |               |

### MOTION TO JOIN THIRD PARTY

NOW COMES the Respondent, JANE GIRARD ("Jane"), by and through her attorneys, BEERMANN LLP, pursuant to Section 5/2-406 of the Illinois Code of Civil Procedure (735 ILCS 5/2-406), and in support of her Motion to Join Third Party, Jane respectfully states as follows:

1.     Two (2) children, twins, were born to the parties as a result of their marriage, namely: Gwen Girard, presently fifteen (15) years old; and Grace Girard, presently fifteen (15) years old.

2.     On November 4, 2015, this Honorable Court entered a Judgment for Dissolution of Marriage. In conjunction with the entry of the Judgment for Dissolution of Marriage, this Court approved and entered the parties' Joint Parenting Agreement Custody Judgment ("JPA"). A true and accurate copy of the JPA is incorporated herein by reference only as **Exhibit A**.

3.     The JPA provided for an equal, 50/50 parenting time schedule, which was a "5-2-2-5" schedule.

4.     For approximately the past four (4) years, the parties have followed a week on-week off parenting time schedule such that the minor children are with Jane for one (1) full week and then with Kenton the next week, alternating on Fridays after school. Although the parenting time schedule in the JPA is a 5-2-2-5 schedule, the parties mutually agreed to via email to modify

1

the 5-2-2-5 schedule to an alternating week schedule to meet the children's growing and changing needs and to create more consistency for the children.

5.      Since the entry of the Judgment for Dissolution of Marriage and the JPA, the Petitioner, KENTON GIRARD ("Kenton"), has remarried.[1]  Kenton and his spouse, Marissa Girard, have resided together since 2015.

6.      After entry of Judgment, Jane and Kenton had successfully co-parented the minor children for over five (5) years without major incident.

7.      Kenton, with Marissa's support and influence, has alienated the minor children from Jane beginning in mid-2020.  Upon information and belief, Marissa has been instrumental in the ongoing alienation perpetrated by Marissa and Kenton to damage the relationship between Jane and the minor children.

8.      Marissa, a *stepmother*, has muscled her way in to the children's lives as if she was their mother.  Beginning 2020, Marissa has ignored all appropriate boundaries as a stepparent. Since approximately fall 2022, Marissa has essentially taken over Jane's role as the children's mother.  This includes not only spending time with the children – who now refuse to see their mother – but also making many day-to-day decisions.

9.      Marissa has made "significant decisions" (pursuant to 750 ILCS 5/602.5) but also

10.      Marissa, upon information and belief, has inappropriately inserted herself into parenting decisions (which should only be made by Kenton and Jane), and has manipulated the minor children's feelings/thinking.  Further, Marissa has intimidated, threatened and harassed Jane.  By way of example:

        a.  Marissa has, on numerous occasions, held herself out to be the minor children's mother, including, but not limited to, the following incidents:

---

[1] Kenton married Marissa within approximately 1 month of the parties' divorce.

     i. In or about December 2021 and January 2022, Kenton and Marissa sent numerous emails to the superintendent of the minor children's school regarding the COVID vaccination and testing policies of the children's school. Gwen was a participant in the school musical, and thus was required to participate in the COVID testing. Kenton and Marissa referred to themselves as Gwen's parents and to Gwen as "our daughter." Kenton and Marissa did not include Jane on any of the email communication. Jane only discovered the email communication because the superintendent forwarded the email communication to Jane.

    ii. In or about September 2022, at Parent's Night at the minor children's school, Kenton and Marissa introduced themselves to the class of parents and children as "Grace's parents," causing confusion and an uncomfortable atmosphere as Jane was in the room and had already introduced herself as Grace's mom.

    iii. On October 21, 2022, Jane received communication from the minor child's former doctor at Kenilworth Medical Associates indicating that a woman called claiming to be Jane. Kenilworth Medical Associates forwarded a copy of a phone message which indicated that "(Mom) Jane" had called the office requesting a change in doctors. The message included a call-back number, which is Marissa's personal cell phone number. A true and accurate copy of the October 21, 2022 phone message is attached hereto as **Exhibit B**.

    iv. On October 24, 2022, Marissa emailed Kenilworth Medical Associates stating, "… - just following upon this request as **my daughter** has her appt with new provider this week." Kenton then sent an email to Kenilworth Medical Associates stating, "I am authorizing Marissa Girard … **to make any other decision needed regarding Grace Girard's medical records at Kenilworth Medical Associates**." A true and accurate copy of the October 24, 2022 email correspondence is attached hereto as **Exhibit C**.

b. On or about August 5, 2020, Marissa texted Jane individually requesting that Kenton, Jane and Marissa, together, attend family therapy. Jane then suggested meeting with Sasha Von Varga, with whom the parties have previously met and who is aware of the family history and dynamics. Marissa moved the conversation to a group text between Jane, Kenton and Marissa, whereby Marissa stated that she has "more expertise than both of you" ('you' referring to Kenton and Jane) regarding the minor children's needs and best interests. Marissa then continued to text disparaging, insulting and argumentative messages to Jane regarding the children. Thereafter, Marissa (who initially requested that the parties and Marissa engage in therapy) stated that she and Kenton would actually *not* engage in therapy. At no point did Kenton engage or put a stop to Marissa's combative and offensive behaviors and comments. A true and accurate copy of the text messages from Marissa to Jane on August 5, 2020 are attached hereto as **Exhibit D**.

3

c. On or about May 11, 2021, after an incident whereby Kenton had yelled and threatened Jane in relation to his demands that Jane purchase the minor children Google Chromebooks, <u>Marissa sent an inappropriate and unsolicited text regarding child support to Jane saying "also fyi kenton has taken a significant pay cut. He is stressed. Renters aren't paying. So it's a lot right now for him. // pls read between the lines… a significant reduction in income impacts your payments. So I would not push too far on this."</u> A true and accurate copy of the May 11, 2021 text messages from Marissa to Jane are attached hereto as **Exhibit E**.

d. On or about August 29, 2022, Marissa and Kenton verbally attacked Jane in public and in front of the minor children at Grace's art show, demanding that Jane acquiesce to Marissa and Kenton's unilaterally-determined parenting time schedule change (which was to eliminate Jane's parenting time). <u>Marissa threatened Jane, stating that Marissa has "all the money to take [Jane] to court and make sure the girls are never with you." Marissa and Kenton further threatened that if Jane did not agree to the parenting time schedule change right in that moment, then Kenton would file to "have custody of the girls" and to keep the girls from Jane</u>. Marissa and Kenton continuously pulled both Grace, who was presenting at the art show, and Gwen away for private conversations away from Jane. Kenton and Marissa demanded that the minor children tell Jane that the children wanted to live with Kenton and were yelling that Jane is liar and that Jane was calling the minor children liars in front of the children and other parents/children at the art show.

e. On December 9, 2022, without discussion or agreement between the parties, Marissa, , took the minor children to Jane's residence while Jane was out of town. Jane expressly told the children that she did not want them in her home unattended and to coordinate a time once she was back in town. The children disregarded their mother completely and went into the house anyway, setting off the Jane's security system. Marissa drove the children and actively encouraged and supported the children entering their mother's home to remove many of the minor children's belongings and items from Jane's residence knowing Jane was out of town. Jane viewed the garage security camera footage and saw Marissa pull up in her car, exit her car, and assist the girls in loading a majority of their belongings (clothes, blankets, stuffed animals, photos, books, posters, etc.) from Jane's residence.

f. The minor children had been treated by their pediatrician since birth. On or about January 6, 2023, Jane reviewed her insurance coverage and benefits (Jane covers the children on her health insurance policy). In reviewing the same, Jane saw that Gwen went to a new pediatrician on December 28, 2022 to be treated for an ear infection. After speaking with the new pediatrician Jane was informed that the minor children had their annual physicals scheduled. Jane was not made aware of these appointments when they were scheduled.

g. On January 16, 2023 (10 days later), both minor children were scheduled for their annual physical exams. Jane attended the appointment, as she has always done in

4

the past. Kenton brough Gwen to the appointment and Marissa arrived shortly thereafter with Grace. Once in the exam room, Marissa asked Kenton, loud enough for Jane and both minor children to hear, to go to the front desk to have "someone make Jane leave." In order to avoid further confrontation in front of the minor children, Jane voluntarily left the exam room and went to the waiting room. Both Kenton and Marissa remained in the exam room with both minor children for the **entirety** of their physical exams, though Marissa is ***not*** the minor children's mother nor guardian. Marissa then left with Grace, directing Grace away from Jane and did not encourage any interaction between Grace or Jane, and instead completely ignored Jane in the waiting room.

h. Upon information and belief, Marissa has repeatedly insinuated directly to the minor children that they may not be "safe" while at Jane's residence, along with telling the minor children that Jane "needs therapy," that the children are "victims," and encouraging the children to alienate themselves from Jane to protect themselves from her.

i. For the past two (2) or more years, Marissa has also actively reached out to Jane to criticize Jane, Jane's parenting, and Jane's relationship with the children. In her criticisms, Marissa refers to her educational background and her claimed professional history as a counselor in an attempt to bolster her reasonings and allegations against Jane that Jane is not a "good parent" and that Jane "needs therapy."

11. It is clear that Marissa has overstepped her role as the children's stepparent, inserting herself into decisions related to the children and has been a controlling, demanding voice in conversations relating to the children, though she **is not the children's mother**.

12. Marissa completely disregards all boundaries as a stepparent. Kenton actively encourages Marissa's behaviors.

13. Marissa and Kenton have encouraged the children to reject Jane. The children, who used to spend 50% of their time with both parents, now have spent 0 overnights with their mother since August 28, 2022, continually refuse Jane's invitations to spend time together, rarely reply to any of Jane's text messages/phone calls/emails, and simply ignore any attempt Jane makes to connect with her children.

14. Through Marissa's manipulative actions over the past two or more years, Marissa

has damaged the co-parenting relationship between Jane and Kenton and the minor children's relationship with the minor children.

15.     Marissa's behaviors, which are supported by Kenton, are causing long-lasting mental and emotional harm to the minor children through Marissa's efforts to remove Jane from the children's lives.

16.     Section 5/2-406(a) of the Illinois Code of Civil procedure provides that "[i]f a complete determination of a controversy cannot be had without the presence of other parties, the court may direct them to be brought in." 735 ILCS 5/2-406(a) (Westlaw, 2023).

17.     A party is necessary for a full determination of the issues when he/she is:

> [O]ne whose presence in the suit is required for any three reasons: (1) to protect an interest which the absentee has in the subject matter of the controversy which would be materially affected by the judgment entered in his absence; (2) to reach a decision which will protect the interests of those who are before the court; or (3) to enable the court to make a complete determination of the controversy.

> *In re Marriage of Schweihs*, 222 Ill.App.3d 887, 894 (1991) (Citing *Lerner v. Zipperman*, 69 Ill.App.3d 620, 623 (1979).

18.     Joining Marissa as a third party in this matter is essential to allow the Court to make a full determination of the parenting issues.  Put another way, the Court must join Marissa in this action so this court can "make a complete determination of the controversy," including Marissa's actions, behaviors and influence over the minor children.

19.     Dr. Phyllis Amabile is the Court's evaluator pursuant to 750 ILCS 5/604.10(b). Dr. Amabile must also have the ability to interview Marissa.

20.     Moreover, Marissa should be joined as a third party in order for the Court to adjudicate all matters pertaining to the minor children, and ultimately for the Court to enter all appropriate orders regarding Jane, the minor children, and Kenton, as well as Marissa.

21. Based on the foregoing, Marissa has placed herself at the center of this litigation by exerting care and exercise over the minor children, behaving in an inappropriate and controlling manner towards the children, and harassing and threatening Jane. As such, she should be formally joined in this litigation so that the Court can properly adjudicate these issues regarding the parties' minor children, and Jane's role as their mother.

**WHEREFORE**, the Respondent, **JANE GIRARD**, by and through her attorneys, BEERMANN LLP, respectfully requests the following:

A. For entry of an Order joining Marissa Girard as an additional third-party respondent in this cause with summons to issue; and

B. For such other and further relief as this Honorable Court deems equitable and just.

Respectfully submitted,
**BEERMANN LLP**

_____

One of the Respondent's Attorneys

Karen V. Paige | Candace L. Meyers
Molly M. Carmody
**BEERMANN LLP**
*Attorneys for the Respondent*
161 North Clark Street – Suite 3000
Chicago, Illinois 60601
T: (312) 621-9700
Firm ID: 80095
kpaige@beermannlaw.com
clmeyers@beermannlaw.com
mmcarmody@beermannlaw.com

## <u>VERIFICATION BY CERTIFICATION</u>

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and, as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

_____

JANE GIRARD

8

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
  to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

FILED
5/26/2023 2:21 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2015D009633
Calendar, 32
22905247

**Summons/Alias Summons**         **(09/09/21) CCDR 0001 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE: ☐ Legal Separation   ☐ Allocation of Parental Responsibilities
      ☐ Visitation (Non-Parent)   ☐ Support   ☐ Parentage of:   [X] Marriage

KENTON GIRARD
_____
                     Petitioner
           and
JANE GIRARD
_____
                     Respondent

MARISSA GIRARD    Third Party Respondent
* Hearing/Return Date:

_____ at _____ AM   PM

* Applies to Suburban Districts ONLY

Case No.    2015 D 009633
_____

Calendar    32
_____

** Please serve the Respondent at:

Marissa Girard
_____

965 Forestway Drive, Glencoe, IL 60022
_____

| | |
|---|---|
| 2105 - Summons - Retd - Substitute Service | 2221 - Alias Summons - Retd N.S. |
| 2106 - Alias Summons - Retd - Substitute Service | 2700 - Return of Service P.S. - Order of Protection |
| 2120 - Summons - Retd P.S. | 2702 - Return of Service N.S. - Order of Protection |
| 2121 - Alias Summons - Retd P.S. | |
| 2123 - Summons Retd - Served at Correctional Facility | 2708 - Return of Service of Order - P.S. |
| 2220 - Summons - Retd N.S. | 2710 - Return of Service of Order - N.S. |

☐ SUMMONS    ☑ ALIAS SUMMONS

TO THE RESPONDENT:

The Petitioner has filed a legal proceeding against you for one or more of the following:

☐ Legal Separation   ☐ Declaration of Invalidity   ☐ Custody   ☐ Child Support
☐ Praecipe for Summons*
☑ Other:   Motion to Add Third Party
_____

**YOU ARE SUMMONED** and required to file your **appearance and response no later
than • thirty (30) days    seven (7) days after service of this summons**, not counting the
day of service.
**If you fail to file your written appearance within the time stated above, a default judgment
may be entered against you and the court may grant the petitioner all or part of the relief
that s/he is requesting in her or his petition.**

       **Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
                   **cookcountyclerkofcourt.org**

**Summons/Alias Summons**          **(09/09/21) CCDR 0001 B**

**FILING AN APPEARANCE:** **Your appearance date is NOT a court date.** It is the deadline for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp. After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www.cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**TO THE OFFICER:** This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

5/30/2023

Atty. No.: 80095

Atty Name: Beermann LLP (Karen V. Paige)

Atty. for: Respondent, Jane Girard

Address: 161 North Clark Street, Suite 3000

City: Chicago

State: IL    Zip: 60601

Telephone: (312) 621-9700

Primary Email: kpaige@beermannlaw.com

Witness: _____

Date: 5/26/2023 2:21 PM IRIS Y. MARTINEZ

Circuit Court Clerk

Date of Service: _____

(To be inserted by officer on copy left with Respondent or other person):

_____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:  (312) 325-9500

### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:  (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:  (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:  (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:  (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:  (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:  (708) 232-4551

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| | | |
|---|---|---|
| **STATE OF ILLINOIS,**<br>**CIRCUIT COURT**<br>___COOK___ **COUNTY** | **PETITION FOR**<br>**ORDER OF PROTECTION**<br><br>Civil Proceeding ☒<br>Criminal Proceeding ☐ | **FILED**<br>**May. 23, 2024**<br>Iris Y. Martinez<br>Clerk of the Circuit Court<br>of Cook County, IL<br>DEPUTY CLERK |

| **Instructions ▾** | |
|---|---|
| Directly above, enter the county where you filed this case. | **Petitioner:** Kenton Lloyd Girard, (DOB: 07/14/1975)<br>*(First, middle, last name)* |
| Enter your name as Petitioner. | **v.** |
| Enter name of the person you are seeking protection from as Respondent. | **Respondent:** Jane Girard, (DOB: 05/30/1977)<br>*(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | **People to be Protected by this *Order*** (check all that apply):<br>Petitioner refers to any protected person in this *Order*. |
| Check the boxes for **ALL** people you want to include in the *Order*. | ☒ Petitioner<br>☒ Petitioner's minor children with Respondent:<br>Gwen Frances Girard and Grace Lilly Girard |
| On the lines provided, enter the name for each person you are trying to protect. "Other household members" includes people living with you or working where you are staying. | ☐ Petitioner's minor children not related to Respondent:<br><br><br>☐ Dependent adult: _____<br>☐ High-risk adult: _____<br>☒ Other household members: Marissa Girard |

**For Court Use Only**

**2015D009633**

**Case Number**

☐ Independent
☐ Juvenile
☐ Other Civil Proceeding
☐ Criminal

| **NOTE:** | If you are completing this form for a minor child, dependent adult, or high-risk adult, insert information needed below as if you were that person. Do not use your information, except as directed at the bottom of page 10 where you will sign this form. |
|---|---|
| Check either or both boxes for the type of order you want. If you need protection today, check the first one. | **TYPE OF ORDER OF PROTECTION REQUESTED AGAINST RESPONDENT (check all that apply)**<br>☒ Emergency Order of Protection (civil case)/ Ex Parte Protective Order (criminal case)<br>*(These short-term Orders of Protection can be granted on the same day you file your Petition without advance written notice to Respondent because advance notice would cause more abuse).*<br>☐ Plenary Order of Protection (civil case)/Final Protective Order (criminal case)<br>*(These long-term Orders of Protection can only be granted at a court hearing after advance written notice to Respondent.)* |
| In background information 1, enter the address and email (if you have one) where you want to receive Court notices. If you do not want Respondent to know where you live, enter a different address where you can get mail. If you do not want Respondent to know your email, enter a different email where you can get Court notices. If you do not have another email, leave this blank. | **BACKGROUND INFORMATION**<br>1. ☐ If Respondent should not know household address because it may cause more abuse, use this address for Court notices:<br><br>_____  _____  _____  _____<br>*Street Address, Apt. #*  *City*  *State*  *ZIP*<br><br>_____<br>*Email*<br><br>**OR**<br>☒ Respondent knows household address and it is:<br>965 forestway drive, Glencoe, IL 60022<br>*Street Address, Apt. #*  *City*  *State*  *ZIP*<br>kg5252@yahoo.com<br>*Email* |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

Enter the Case Number given by the Circuit Clerk: **2015D009633**

| | |
|---|---|
| In **2**, if you do not know Respondent's date of birth or Respondent's home or work address, write "do not know." | **2.** **Respondent's Information**<br><br>Respondent's date of birth: <u>05/30/1977</u><br><br>Respondent's home address: <u>90 Linden Ave, Glencoe, IL 60022</u><br>    *Street Address, Apt #*     *City*     *State*   *ZIP*<br><br>Respondent's work information:<br><u>Abbvie      26525 Riverwoods Blvd, Mettawa, IL 60045</u><br>*Employer*      *Street Address*     *City*     *State*   *ZIP* |

**3.** **Petitioner's Relationship to Respondent** *(check all that apply)*

<table>
<tr>
<td>[ ] Boyfriend / Girlfriend / Dating Relationship (including ex) (BG)</td>
<td>[ ] Spouse (SE)</td>
<td>[X] Ex-Spouse (XS)</td>
</tr>
<tr>
<td>[ ] Have Children with Respondent (never married to Respondent) (CC)</td>
<td>[ ] Sharing or Shared Home (CS)</td>
<td>[ ] Child (CH)</td>
</tr>
<tr>
<td>[X] Parent (PA)</td>
<td>[ ] Brother / Sister / Sibling (SB)</td>
<td>[ ] Other Family Member (OF)</td>
</tr>
<tr>
<td>[ ] Other – Petitioner not Related to Respondent (OT)</td>
<td>[ ] In-law (IL)</td>
<td>[ ] Personal Caregiver to Disabled Petitioner (PC)</td>
</tr>
<tr>
<td>[ ] Petitioner with Disability receives care from respondent (PD)</td>
<td>[ ] Personal Assistant of Petitioner (PR)</td>
<td>[ ] Grandchild (GC)</td>
</tr>
<tr>
<td>[ ] Grandparent (GP)</td>
<td>[ ] Step-Child (SC)</td>
<td>[ ] Step-Brother / Step-Sister / Step-Sibling (SS)</td>
</tr>
<tr>
<td>[ ] Prospective or Adoptive Child has Family or Household Relationship with Respondent</td>
<td>[ ] Foster Child has Family or Household Relationship with Respondent</td>
<td>[ ] Legally Appointed Guardian or Custodian of a Child who has a Family or Household Relationship with Respondent</td>
</tr>
<tr>
<td>[ ] Step-Parent (SP)</td>
<td></td>
<td></td>
</tr>
</table>

**4.** Is there now, or has there ever been, another *Order of Protection* entered against Respondent involving Petitioner?   [ ] Yes   [X] No   [ ] Do not know

If yes, list information about the cases:

| Names of People Involved | State & County | Year |
|---|---|---|
| | | |
| | | |

[ ] I have listed additional case information on the *Additional Case Information* form.

**5.** Is there now, or has there ever been, another court case with Respondent involving Petitioner?

[X] Yes   [ ] No   [ ] Do not know   If yes, list information about the cases:

| Type of Case | State & County | Year |
|---|---|---|
| Custody | IL, Cook County | 2022 |
| Civil lawsuit - eavesdropping | IL, Cook County | 2023 |

[ ] I have listed additional case information on the *Additional Case Information* form.

**6.** This *Petition* may be filed in this county because *(check all that apply)*:

[X] Petitioner resides here.
[X] Respondent resides here.
[X] The abuse happened here.
[ ] Petitioner fled here to avoid abuse.

*Margin notes:*

In **3**, check all the boxes that describe your relationship to Respondent. For example, if you are requesting an *Order of Protection* against your mother, you will check the box next to "Child" because you are the child of the Respondent.

Answer Sections **4** and **5** the best you can. If you check 'yes' but do not know some of the information asked for, then write "do not know." If you need more room, check the box, fill out the *Additional Case Information* form, and file it with this *Petition*.

In **5**, list all other types of court cases that you have been involved in with Respondent, such as divorce, custody, child support, parentage, parenting time, guardianship, adoption, and abuse and neglect cases.

In **6**, check all boxes that are true.

Enter the Case Number given by the Circuit Clerk: __2015D009633__

<table>
<tr>
<td>

In 7, start with what happened most recently. Enter the date and time and describe what happened.

Be as specific about dates and times as you can. You can include any past abuse and any criminal convictions that resulted.

If you don't remember exact dates of things that happened long ago, just enter the month and year.

</td>
<td>

**7.** An *Order of Protection* is needed because Respondent did these things:

Date: __04/05/2024__ Time: __3pm__ What happened: __My wife, Marissa, and I__ __discovered an illegal airtag on our car. We and our children all received notifications that an__ __unidentified airtag had been tracking our movements for days. We were finally able to play the__ __sound on the airtag, and we discovered one adhered to the undercarriage of our car which all of us__ __use. We drove straight to the police station, where they took the airtag, identified the serial number,__ __and obtained a warrant for Apple Inc. Apple confirmed to the Glencoe Police Dept who the airtag__ __was registered to. Jane Girard was also the only one who knew that we would be out of town and__ __we believe she came to our property and placed it on our car between March 27th and April 1st.__ __While waiting for the police investigation to be completed, we've all been extremely fearful.__

Date: __05/09/2024__ Time: __7pm__ What happened: __Both children have been fearful of__ __their mother due to her abuse, and they have explicitly asked her not to come to their school__ __events unless invited. Jane Girard showed up to Grace's school event - a very important__ __presentation - on May 9th. Gwen saw Jane and immediately ran to hide in a hallway. She was__ __panicked and almost in tears. Grace became very anxious and stressed, and asked her teacher to__ __intervene. The school is aware that both girls have requested that their mother not be allowed in__ __their space during this time due to their fear of her erratic and unpredictable behavior. The teacher__ __intercepted Jane and asked her to leave which she eventually did, but not before causing immense__ __stress and fear to all of us and especially the children who are supposed to be in a safe place.__

Date: __Weekly__ Time: __anytime__ What happened: __Gwen and Grace reported to the__ __police in August of 2023 that they have been abused by their mother regularly for years. This__ __has included sexual assault of Grace, sexual abuse of Gwen, denial of food and water, falsely__ __imprisoning them multiple times, emotional and psychological abuse including verbal abuse,__ __calling Grace a slut, calling Gwen fat, invading their privacy by entering the bathroom, pulling__ __open the shower curtain, entering changing rooms and demanding to see them naked. Both__ __report being yelled at for hours with no way to get away, being pushed down and grabbed, and__ __being screamed at while sick. Both girls feel that their mother wants to harm them and they are__ __fearful of being in her presence. Both have had nightmares about her hurting them.__

Date: __February 2023__ Time: __Afternoon__ What happened: __Jane Girard illegally recording__ __myself and my wife on 2 occasions, once in December of 2022 and once in February of 2023.__ __Both times we had the expectation of privacy and did not consent to be recorded. One of these__ __times took place in an exam room at a Doctor's office with both girls present. Jane then__ __illegally disseminated these recordings to multiple people. We have felt extremely violated__ __since learning that Jane is willing to break the law by recording us. We are constantly looking__ __over our shoulder worried about what she may do next. This is not the first violation of our__ __privacy by Jane Girard.__

</td>
</tr>
<tr>
<td>

If you need more room, fill out the *Additional Incidents of Abuse* form or your own extra pages and file it with this *Petition*.

</td>
<td>

[X] I have attached the *Additional Incidents of Abuse* form or my own extra pages.

</td>
</tr>
<tr>
<td>

In 1, check box 1 and each box below for the type of abuse you want to prevent. If you are unsure what the words after the boxes mean, you can look at definitions on the last page of this form.

</td>
<td>

**PROTECTIONS REQUESTED BY PETITIONER**

[X] **1. No Abuse**

Respondent be ordered not to threaten or commit the following acts of abuse towards Petitioner (*check all that apply*):

[X] Harassment      [X] Intimidation of a Dependent

[X] Physical Abuse      [ ] Exploitation of a High-Risk Adult with Disabilities

[X] Stalking      [ ] Neglect of a High-Risk Adult with Disabilities

[ ] Willful Deprivation      [X] Interference with Personal Liberty

</td>
</tr>
</table>

<table>
<tr><td>

Check **2** if you want Respondent to stay away, at all times, from your home or provide you alternative housing.

</td><td>

[X] **2.  Possession of Residence** *(check a or b)*

These remedies do not affect who owns the property, only who gets to use or occupy it.

</td></tr>
</table>

<table>
<tr><td>

Check **2a** if you want Respondent to stay away from your home. If you listed your address on page **1**, check the first box under **2a** and enter your address. If you did not list your address on page 1, check the second box under **2a**. Under BECAUSE, check the reason why Respondent should not be allowed to stay at the place you are living. Check **2b** if you want Respondent to provide you different housing.

</td><td>

[X]  a.  Petitioner be granted exclusive possession of the residence and Respondent be ordered not to stay or be at the residence.

    [X]  Petitioner's residence is located at:

       965 forestway drive, Glencoe, IL 60022

       *Street Address. Apt #*               *City*        *State*    *ZIP*

    **OR**

    [ ]  Petitioner's address is undisclosed.

BECAUSE *(check one)*:

[X] Petitioner has a right to occupy the residence and Respondent has no right; OR

[ ] Petitioner and Respondent both have a right to occupy the residence but it would be harder on Petitioner to leave.

**OR**

[ ]  b.  Respondent be ordered to provide, and stay away from, alternate housing for Petitioner to live in because the parties share a residence. *(available ONLY after actual notice to Respondent and/or a hearing with the judge).*

</td></tr>
</table>

<table>
<tr><td>

In **3**, read the information in the box below and make sure that is what you want. If so, check box **3** and each box below that applies.

</td><td>

[X] **3.  Stay Away from Petitioner and Certain Places** *(see box below)*

Respondent be ordered to *(check all that apply)*:

[X]  Not have any communication with Petitioner.

[X]  Stay away from Petitioner at all times.

</td></tr>
</table>

<table>
<tr><td>

In **3a**, check if you want Respondent to stay away from places you need to go.

</td><td>

**IMPORTANT**: If ordered to stay away from Petitioner, Respondent must not have ANY physical, non-physical, direct or indirect contact with Petitioner. If ordered to not communicate with Petitioner, communication includes oral communication, written communication, sign language, telephone and cell phone calls, faxes, texts, tweets, emails, posts, or communication by any other social media, and all other communication with Petitioner. This also includes contact or communication through others who may not know about the *Order of Protection.*

[X]  a.  Respondent be ordered not to be or stay at any of the following places while Petitioner is there:

</td></tr>
</table>

<table>
<tr><td>

**NOTE:** Respondent will see these addresses. If you do not want Respondent to know where the children go to school, do not list it. Instead, check the box and fill out the *Confidential Name & Location of the School or Childcare Provider* form, and file it with the Circuit Clerk as "confidential."

</td><td>

    [X]  Places of employment of Petitioner, located at:

       Old National Bank, 8501 W. Higgens, Chicago, IL 60631

       *Name*      *Street Address*     *City*    *State*    *ZIP*

       New Trier Aquatics, 7 N. Happ Road, Northfield, IL 60093

       *Name*      *Street Address*     *City*    *State*    *ZIP*

    [X]  Schools, kindergartens, or daycare centers of Petitioner, located at:

       New Trier High School, 385 Winnetka Ave, Winnetka, IL 60093

       *Name*      *Street Address*     *City*    *State*    *ZIP*

       *Name*      *Street Address*     *City*    *State*    *ZIP*

      [ ]  I have given the name and location of the school or childcare provider on the *Confidential Name & Location of the School or Childcare Provider* form.

    [X]  Other locations:

       Our Home, 965 Forestway Drive, Glencoe, IL 60022

       *Name*      *Street Address*     *City*    *State*    *ZIP*

       *Name*      *Street Address*     *City*    *State*    *ZIP*

</td></tr>
</table>

<table>
<tr><td>

Fill in **3b** only if Respondent attends the same school as Petitioner.

</td><td>

[ ]  b.  School Restrictions

    _____ is an elementary, middle, or

    *School Name*

    high school attended by both Respondent and Petitioner for whom protection is sought.

</td></tr>
</table>

<table>
<tr><td>

Check **5e** and check the box for the person who takes care of the children most of the time. If the primary caretaker of the children is someone other than you or Respondent, check the box for "Other person" and enter that person's name and address.

</td><td>

[ ]  The parties are NOT married but parentage HAS been established by one or more of the following:

    1.  Both parties have signed a Voluntary Acknowledgment of Paternity (VAP) *(if both parties' names are on the birth certificate, both parties signed the VAP)*

    2.  A court or administrative order

    3.  Other: _____

              _____

              _____

[X]  c.  The primary caretaker of the minor children is *(check one)*:

    [X]  Petitioner

</td></tr>
</table>

Enter the Case Number given by the Circuit Clerk: __2015D009633__

BECAUSE: Jane has relentlessly stalked and harassed our family and abused the children. She has illegally recorded us and most recently placed an illegal tracking device on our car in order to track us and the children. We are fearful of what she may try to do next and we believe that her erratic and unstable behavior is escalating. All of us are scared + anxious knowing that she has disregard for the law.

| | |
|---|---|
| In 18, check if you are on Respondent's cell phone plan and you want to separate your account. Enter the provider name and telephone numbers. | ☐ **18.** **Telephone Services**<br>A wireless telephone provider should transfer from Respondent to Petitioner the right to continue to use their own telephone numbers and be responsible for the cost of them. Petitioner, or a minor child in Petitioner's custody, uses the telephone numbers.<br>Provider: _____<br>Name of Account Holder: _____ |

Billing Phone #: _____
Petitioner's Phone #s: _____
Petitioner's Phone #s: _____

| | |
|---|---|
| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. | **I certify that everything in the *Petition for Order of Protection* is true and correct. I understand that making a false statement on this form is perjury and has penalties provided by law under 735 ILCS 5/1-109.** |
| If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign and print your name. | */s/ Kenton Lloyd Girard*<br>*Petitioner Signature*<br><br>Kenton Lloyd Girard<br>*Petitioner Name* |
| If prepared by someone other than Petitioner, that person should enter their name, address, phone number, and email address. | Prepared by: Kenton Lloyd Girard<br>Street Address: 965 forestway drive<br>City, State, ZIP: Glencoe, IL 60022<br>Phone Number: (773) 575-7035<br>Email: kg5252@yahoo.com<br>Attorney # (if any): _____ |

Enter the Case Number given by the Circuit Clerk: ___2015D009633___

## DEFINITION OF TERMS USED IN THIS *PETITION*

These definitions are incorporated in and made a part of the *Petition* to which they are attached.

1.  **Abuse:** "Abuse" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty or willful deprivation but does not include reasonable direction of a minor child by a parent or person *in loco parentis*.

2.  **Adult with Disabilities:** "Adult with Disabilities" means an elder adult with disabilities or a high-risk adult with disabilities. A person may be an adult with disabilities for purposes of this Act even though he or she has never been adjudicated an incompetent adult. However, no court proceeding may be initiated or continued on behalf of an adult with disabilities over that adult's objection, unless such proceeding is approved by his or her legal guardian, if any.

3.  **Elder Adult with Disabilities:** "Elder adult with disabilities" means an adult prevented by advanced age from taking appropriate action to protect himself or herself from abuse by a family or household member.

4.  **Exploitation:** "Exploitation" means the illegal, including tortious, use of a high-risk adult with disabilities or of the assets or resources of a high-risk adult with disabilities. Exploitation includes, but is not limited to, the misappropriation of assets or resources of a high-risk adult with disabilities by undue influence, by breach of a fiduciary relationship, by fraud, deception, or extortion, or the use of such assets or resources in a manner contrary to law.

5.  **Family or Household Members:** Include spouses, former spouses, parents, children, stepchildren and other persons related by blood or by present or prior marriage, persons who share or formerly shared a common dwelling, persons who have or allegedly have a child in common, persons who share or allegedly share a blood relationship through a child, persons who have or have had a dating or engagement relationship, persons with disabilities and their personal assistants, and caregivers as defined in Section 12-4.4a of the Criminal Code of 2012. For purposes of this paragraph, neither a casual acquaintanceship nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute a dating relationship. In the case of a high-risk adult with disabilities, "family or household members" includes any person who has the responsibility for a high-risk adult as a result of a family relationship or who has assumed responsibility for all or a portion of the care of a high-risk adult with disabilities voluntarily, or by express or implied contract, or by court order.

6.  **Harassment:** "Harassment" means knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances, would cause a reasonable person emotional distress, and does cause emotional distress to Petitioner. Unless the presumption is rebutted by a preponderance of the evidence, the following types of conduct shall be presumed to cause emotional distress:
    a.  creating a disturbance at Petitioner's place of employment or school; or
    b.  repeatedly telephoning Petitioner's place of employment, home or residence; or
    c.  repeatedly following Petitioner about in a public place or places; or
    d.  repeatedly keeping Petitioner under surveillance by remaining present outside his or her home, school, place of employment, vehicle or other place occupied by Petitioner or by peering in Petitioner's windows; or
    e.  improperly concealing a minor child from Petitioner, repeatedly threatening to improperly remove a minor child of Petitioner's from the jurisdiction or from the physical care of Petitioner, repeatedly threatening to conceal a minor child from Petitioner, or making a single such threat following an actual or attempted improper removal or concealment, unless Respondent was fleeing an incident or pattern of domestic violence; or
    f.  threatening physical force, confinement or restraint on one or more occasions.

7.  **High-risk Adult with Disabilities:** "High-risk adult with disabilities" means a person aged 18 or over whose physical or mental disability impairs his or her ability to seek or obtain protection from abuse, neglect, or exploitation.

8.  **Interference with Personal Liberty:** "Interference with personal liberty" means committing or threatening physical abuse, harassment, intimidation or willful deprivation so as to compel another to engage in conduct from which she or he has a right to abstain or to refrain from conduct in which she or he has a right to engage.

9.  **Intimidation of a Dependent:** "Intimidation of a dependent" means subjecting a person who is dependent because of age, health or disability to participation in or the witnessing of: physical force against another or physical confinement or restraint of another which constitutes physical abuse as defined in this Act, regardless of whether the abused person is a family or household member.

10. **Neglect:** "Neglect" means the failure to exercise that degree of care toward a high-risk adult with disabilities which a reasonable person would exercise under the circumstances and includes but is not limited to:
    a.  the failure to take reasonable steps to protect a high-risk adult with disabilities from acts of abuse; or
    b.  the repeated, careless imposition of unreasonable confinement; or
    c.  the failure to provide food, shelter, clothing, and personal hygiene to a high-risk adult with disabilities who requires such assistance; or
    d.  the failure to provide medical and rehabilitative care for the physical and mental health needs of a high-risk adult with disabilities; or
    e.  the failure to protect a high-risk adult with disabilities from health and safety hazards.
    Nothing in this definition shall be construed to impose a requirement that assistance be provided to a high-risk adult with disabilities over his or her objection in the absence of a court order, nor to create any new affirmative duty to provide support to a high-risk adult with disabilities.

11. **Petitioner:** "Petitioner" may mean not only any named petitioner for the order of protection and any named victim of abuse on whose behalf the petition is brought, but also any other person protected by this Act.

12. **Physical Abuse:** "Physical abuse" includes sexual abuse and means any of the following:
    a.  knowing or reckless use of physical force, confinement or restraint; or
    b.  knowing, repeated and unnecessary sleep deprivation; or
    c.  knowing or reckless conduct which creates an immediate risk of physical harm.

13. **Stalking:** "Stalking" means knowingly and without lawful justification, on at least two (2) separate occasions, following another person or placing the person under surveillance or any combination thereof and:
    a.  at any time transmitting a threat of immediate or future bodily harm, sexual assault, confinement or restraint and the threat is directed towards that person or a family member of that person; or
    b.  placing that person in reasonable apprehension of immediate or future bodily harm, sexual assault, confinement or restraint; or
    c.  placing that person in reasonable apprehension that a family member will receive immediate or future bodily harm, sexual assault, confinement, or restraint.

14. **Willful Deprivation:** "Willful deprivation" means willfully denying a person who because of age, health or disability requires medication, medical care, shelter, food, therapeutic device, or other physical assistance, and thereby exposing that person to the risk of physical, mental or emotional harm, except with regard to medical care or treatment when the dependent person has expressed an intent to forego such medical care or treatment. This paragraph does not create any new affirmative duty to provide support to dependent persons.

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS CIRCUIT COURT | ADDITIONAL INCIDENTS OF ABUSE | 2015D009633 |
|---|---|---|
| __COOK__ COUNTY | | **Case Number** |

| Instructions ▼ | | For Court Use Only |
|---|---|---|

Enter the information as listed on the *Petition for Order of Protection.*

**Petitioner**  Kenton Lloyd Girard, (DOB: 07/14/1975)
*(First, middle, last name)*

People to be Protected by this order *(check all that apply)*:

- [X] Petitioner
- [X] Petitioner's minor children with Respondent:

   Gwen Frances Girard and Grace Lilly Girard

- [ ] Petitioner's minor children not related to Respondent:

   _____

   _____

- [ ] Dependent adult: _____
- [ ] High risk adult: _____
- [X] Other household members:   Marissa Girard

   _____

   _____

   _____

**v.**

**Respondent**  Jane Girard, (DOB: 05/30/1977)
*(First, middle, last name)*

For Court Use Only

- [ ] **Independent**
- [ ] **Juvenile**
- [ ] **Other Civil Proceeding**
- [ ] **Criminal**

---

Write the additional details of abuse done to you or people you want to protect. Start with what happened most recently. Enter the date and time and describe what happened.

Be as specific about dates and times as you can. You can include any past abuse and any criminal convictions that resulted.

If you don't remember exact dates of things that happened long ago, just enter the month and year.

Attach this form to your *Petition.*

7.  I am requesting an *Order of Protection* because Respondent did these additional things:

Date: August 27, 2021  Time: ___afternoon___  What happened:
A witness saw Jane Girard yelling at Gwen and Grace in a Walgreens. The witness stated that Jane yelled at them "I make the fucking decisions, not your father!" The witness described both girls are being incredibly fearful and in tears, pleading with their mother to stop. The witness then saw both girls run away from their mother where she subsequently locked them in a car for over an hour while yelling at them. Both girls were terrified of their mother's unstable emotional state. She denied the girls access to their phones during this incident so that they could not call for help. Jane then showed up unannounced at our home and demanded to come inside. We locked our door and waited for her to leave. Since this incident both girls have been scared to be alone with their mother.

_____

_____

_____

Date: __june 25, 2014__  Time: ____12am____  What happened: Jane wrote an email to her sister expressing that she was stalking Marissa on social media and stating that she wanted to "start destroying" Marissa, and that she also "just wants to hurt her," referring to Marissa. Marissa has been terrified for years knowing that this person wants to harm her and has been relentless in her harassment. Marissa's own therapist of 13 years believes that Jane is dangerous and wants to harm Marissa. Friends and family have also expressed their concern to Marissa and Kenton for their safety.

Date: ___Fall 2023___ Time: ___weekly___ What happened: _____

Both Gwen and Grace have asked that their mother not come to their school events unless

expressly invited. They have felt unsafe in her presence as she has been abusing them for

years. Her presence causes them both immense anxiety and has affected their performance at

swim meets and events. Jane continues to show up to their events against their wishes, and did

so all this last fall and summer and the previous year. Each time the girls see her at an event

they are filled with feelings of fear, their heart races, they want to hide, and they ask their

friends and coaches to protect them. Their school should be a safe place where their wishes

are respected, especially when they are performing.

Date: ___February 2021___ Time: ___4pm___ What happened: _____

Jane locked Grace in a bathroom and forced her to strip naked against her will. Jane then

forcefully inserted a tampon into Grace without Grace's consent, and while Grace was saying

"please, no, please, stop, it hurts." Jane proceeded to do this against Grace's will, and when

she was done she said "Good now it's done," and walked out, leaving Grace in tears and in

pain. Grace later reported this incident to myself, Marissa, her therapist, DCFS and the police.

She has been through many emotions while trying to process this incident and the feeling of

being violated by her own mother at age 13.

Date: ___March 2020___ Time: ___afternoon___ What happened: _____

Jane locked Gwen in the bathroom against her will. She told Gwen that she had to strip naked

otherwise she could not leave. She told Gwen that she wanted to put a tampon inside of her.

Gwen resisted and said no and that she already knew how. Jane would not relent, and told

Gwen that if she wanted to leave the bathroom, she needed to put a tampon inside of herself

while Jane watched. Gwen complied. She felt incredibly fearful and embarrassed afterwards.

She was confused why her mother would do this to her against her wishes. Both girls have

continued to process these incidents in therapy.

# NOTICE OF LIMITED
# SCOPE APPEARANCE

## IN THE STATE OF ILLINOIS, CIRCUIT COURT

*This tells the court a lawyer will provide representation in only part of the case.*

**FILED**
2/13/2025 4:55 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2015D009633
Calendar, 89
31410283

**COUNTY:** Cook

*County Where You Are Filing the Case*

Enter the case information as it appears on your other court documents.

**PLAINTIFF/PETITIONER OR IN RE:**    Former Marriage of Kenton Girard

*Who started the case.*     *First, Middle, and Last Name, or Business Name*

2015 D 9633

**Case Number**

**DEFENDANTS/RESPONDENTS:**    Jane Girard (Respondent)
*Who the case was filed against.*

Marissa Girard (Third-Party Respondent)

*First, Middle, and Last Name, or Business Name*

1. The Lawyer   Robert Holstein   and the Client   Marissa Girard   ,
   *Lawyer*     *Client*

   have entered into a written agreement for the Lawyer to provide **limited scope representation** to the Client

   in this court case as described in Paragraph 3 below, dated   02/10/25   .

   *Month, Day, Year*

2. The Client is (*check one*):   ☐ Plaintiff/Petitioner   ☑ Defendant/Respondent.

3. The Lawyer appears pursuant to Supreme Court Rule 13(c)(6). This appearance is **limited in scope to the following way(s)** in which the Lawyer will represent the Client (*check and complete all that apply*):

   ☑ in the court proceeding (*describe the proceeding*):
   Presenting Motion for Substitution of Judge

   ☑ on the following date:   02/14/25   .
   *Month, Day, Year*
   ☑ and in any continuance of that proceeding.

   ☐ at the following deposition(s): _____

   ☐ Other (*specify the scope and limits of representation*):

   _____
   _____
   _____

*This form is approved by the Illinois Supreme Court and is required to be used in all Illinois Circuit Courts. Forms are free at ilcourts.info/forms.*

LS-N 2601.3                    Page 1 of 4                    (05/24)

*Case Number:* 2015 D 9633

4.  The Lawyer may **withdraw after completing the limited scope representation** described in this appearance in the following ways:

    a.  <u>In Open Court:</u> At a hearing attended by the Client, by presenting and filing an approved statewide *Notice of Completion of Limited Scope Appearance* with no prior notice. The Client may object if they believe that the Lawyer has not completed the limited scope representation described in this appearance. **If the Client wants to object to the withdrawal, they must do it in court right then**; or

    b.  <u>Outside of Court:</u> By filing an approved statewide *Notice of Completion of Limited Scope Representation* and an approved statewide *Objection to Completion of Limited Scope Appearance*, and serving them on the Client, other lawyers of record and other parties not represented by a lawyer (unless excused by court order), and on the judge then presiding over this case. If the Client objects to the withdrawal, the Client must file an *Objection to Completion of Limited Scope Appearance* within 21 days after the date of the service of the Lawyer's *Notice of Completion of Limited Scope Appearance* and *Objection*. If the Client timely files an *Objection*, the Lawyer must notice a hearing on the *Objection*.

5.  Until this Limited Scope Appearance ends, all documents must be sent to both the Lawyer and the Client listed below in accordance with Supreme Court Rule 11(f).

6.  By signing below, the Client being represented under this *Limited Scope Appearance*:

    a.  agrees to receive court papers at the addresses listed below; and

    b.  agrees to inform the court, all lawyers of record, and all parties not represented by a lawyer of any changes to the Client's address information listed below during the limited scope representation.

| LAWYER SIGNATURE | |
| --- | --- |
| /s/ Robert Holstein | Robert Holstein |
| *Signature of Lawyer* | *Name of Lawyer* |
| 130 N Garland #909, Chicago, IL 60602 | 312.443.0034 |
| *Lawyer's Address* | *Lawyer's Telephone Number* |
| holsteinrobert3@gmail.com | 01251600 |
| *Lawyer's Email* | *Attorney #* |
| | |
| *Law Firm or Organization* | |

| CLIENT SIGNATURE | |
| --- | --- |
| /s/ Marissa Girard | Marissa Girard |
| *Signature of Client* | *Name of Client* |
| 965 Forestway Dr, Glencoe, IL 60022 | 773.425.4393 |
| *Client's Address* | *Client's Telephone Number* |
| marissadakis@gmail.com | 02/10/25 |
| *Client's Email* | *Date* |

# PROOF OF DELIVERY

*Fill out the information below to show how you are sending this document to the other people in the case. If a person in the case has a lawyer, **you must send this document to their lawyer.***

**A. I am sending this document to:**

Name: Karen Paige
    *First*          *Middle*          *Last Name*

Address: 2275 Half Day Rd., Suite 350 | Bannockburn, IL 60015
    *Street, Apt. #*      *City*      *State*      *Zip Code*

Email Address: kpaige@beermannlaw.com

**By:** ☑ Electronically to the email address in **A**
    ☐ By email *(not through an EFSP)*.
    ☑ Using an approved electronic filing service provider (EFSP).

☐ I or the person I am sending the document to do not have an email address. I am sending the document by:
    ☐ Mail or third-party carrier to the address in **A**, with postage or delivery charge prepaid.

    Location of mailbox or third-party carrier: _____
        *City*      *State*

    ☐ Personal hand delivery at this address:
    *NOTE: You can only deliver to the party, party's family member over 13 at party's residence, party's lawyer, or party's lawyer's office*

    Address _____
        *Street, Apt. #, City, State, and Zip Code*
    ☐ Mail to the address in **A**, from a prison or jail: _____
        *Name of Prison or Jail*

This document will be sent on: Date: _____ Time: _____
    *Month, Day, Year*      *Include AM or PM*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**B.** ☐ I am not sending these documents to additional people.
  **- OR -**
    ☑ I am sending these documents to an additional person not listed in **A:**

Name: Kenton Girard
    *First*          *Middle*          *Last Name*

Address: 965 Forestway Drive, Glencoe, IL 60022
    *Street, Apt. #*      *City*      *State*      *Zip Code*

Email Address: kg5252@yahoo.com

**By:** ☑ Electronically to the email address in **B:**
    ☐ By email *(not through an EFSP)*.
    ☑ Using an approved electronic filing service provider (EFSP).

☐ I or the person I am sending the document to do not have an email address. I am sending the document by:
    ☐ Mail or third-party carrier to the address in **B**, with postage or delivery charge prepaid.

    Location of mailbox or third-party carrier: _____
        *City*      *State*

    ☐ Personal hand delivery at this address:
    *NOTE: You can only deliver to the party, party's family member over 13 at party's residence, party's lawyer, or party's lawyer's office*

    Address _____
        *Street, Apt. #, City, State, and Zip Code*
    ☐ Mail to the address in **B**, from a prison or jail: _____
        *Name of Prison or Jail*

This document will be sent on: Date: _____ Time: _____
    *Month, Day, Year*      *Include AM or PM*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
☐ I am sending the document to more than 2 people and have completed an *Additional Proof of Delivery* form.

Case Number: <u>2015 D 9633</u>



## SIGN

Under <u>735 ILCS 5/1-109</u>, your signature means that you:

1) certify that everything in this document is true and correct, and 2) understand that making a false statement on this form is perjury and has penalties provided by law.

If you are filling out this form online, sign your name by typing it. If you are filling out this form by hand, sign and print your name.

Your Signature <u>/s/</u> Robert Holstein          Print Your Name <u>Robert Holstein</u>

Your Address <u>130 N. Garland Ct, #909, Chicago, IL 60602</u>

        *Street, Apt. #*                                        *City*             *State*    *Zip Code*

Your Phone Number <u>312.443.0034</u>          Attorney Number (if any) _____

Your Email (if you have one) <u>holsteinrobert3@gmail.com</u>

Be sure to **check your email every day** so you do not miss important information, court dates, or documents from other parties.

FILED
3/5/2025 3:01 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2015D009633
Calendar, 01
31689167

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

*IN RE THE FORMER MARRIAGE OF*
KENTON GIRARD,                                              )
                                                                             )
                        Petitioner,                                  )
                                                                             )          Hon. Rossana P. Fernandez
vs.                                                                        )
                                                                             )
JANE F. GIRARD,                                             )          Case No. 2015-D-009633
                                                                             )
                        Respondent,                               )
                                                                             )
-     -     -     -     -     -     -     -     -     )
                                                                             )
MARISSA GIRARD,                                           )
                                                                             )
                        Third Party Respondent/          )
                        Third Party Plaintiff                    )
                                                                             )
vs.                                                                        )
                                                                             )
JANE F. GIRARD,                                             )
                                                                             )
                        Crossclaim Defendant,             )
                                                                             )
VANESSA L. HAMMER ESQ,                         )
KAREN V. PAIGE ESQ,                                   )
CANDACE L. MEYERS ESQ,                         )
DETECTIVE RYAN MCENERNEY,            )
                                                                             )
                        Third Party Defendants.            )

### TP PLAINTIFF MARISSA GIRARD'S CROSSCLAIMS AND TP CLAIMS

Now comes Third Party Plaintiff MARISSA GIRARD, in pro se, and in support of her

Claims against Crossclaim Defendant JANE F. GIRARD and TP Defendants VANESSA L.

HAMMER ESQ, KAREN V. PAIGE ESQ, CANDACE L. MEYERS ESQ and DETECTIVE

RYAN MCENERNEY states as follows:

*Crossclaims and TP Claims of Marissa Girard*                                              1

## PRELIMINARY STATEMENT

1.       During the pendency of these proceedings, Respondent Jane F. Girard has engaged in numerous instances of illegal harassment, tracking, surveillance and intimidation directed at TP Plaintiff Marissa Girard.

2.       While TP Plaintiff does not seek relief from all of these numerous instances of misconduct, she zeros in on two particularly egregious instances for which she has adduced significant proof to form the basis of prosecuting this action.

3.       The misconduct of Jane F. Girard is extremely serious given the extremely serious mental and physical disabilities at play. To wit, TP Plaintiff suffers from interstitial cystitis, a debilitating condition that can render her unable to leave home in part due to the constant need to urinate, particularly when exacerbated by stress. She also suffers from PTSD, which is aggravated by environmental stress and anxiety and in turn worsens her physical symptoms under interstitial cystitis.

## PARTIES

4.       **TP Plaintiff Marissa Girard** is the wife of Petitioner Kenton Girard.

5.       **Counterclaim Defendant Jane F. Girard** (herein, "Jane") is the Respondent under these proceedings.

6.       **TP Defendant Vanessa L. Hammer** was the GAL under these proceedings until she sought court approval to resign from such appointment on July 25 2023.

7.       **TP Defendant Karen V. Paige Esq** is a member of Jane's legal team.

8.       **TP Defendant Candace L. Meyers Esq** is a member of Jane's legal team.

9.       **Detective Ryan McEnerney** at all times in question served as the lead detective for the Village of Glencoe Public Safety Department.

## THE ILLEGAL RECORDING

10.     In the last two years, TP Plaintiff has experienced extreme embarrassment and humiliation from the dissemination of the contents of private conversations she has had with various persons, both connected and unrelated to these proceedings. Upon information and belief, Jane F. Girard is responsible for a long-running campaign of eavesdropping against TP Plaintiff likely motivated by her animus against TP Plaintiff for being married to Kenton Girard.

11.     On January 16 2023, Jane F. Girard recorded an in-person conversation – lasting about 30 minutes and presumably employing Jane's iPhone – involving Marissa Girard (without TP Plaintiff's knowledge or consent) while TP Plaintiff was inside a private exam room of her doctor's office located at 542 Lincoln Ave in Winnetka.

12.     This illegal recording came on the heels of an event on December 9 2022 wherein Jane F. Girard recorded a telephone conversation with Kenton Girard and their minor children without their knowledge.

13.     The proof of the illegal recording noted above on January 16 2023 was raised wherein Jane's counsel hereunder shared on July 20 2023 the responsive documents obtained under a subpoena they had issued to the erstwhile GAL Vanessa Hammer.

14.     Under those responsive documents, in fact, TP Plaintiff came to learn that recordings of her made without her consent or knowledge and wherein she had a legal expectation of privacy had been shared by Jane with (minimally) Vanessa Hammer as well as Jane's attorneys Candace L. Meyers Esq and Karen V. Paige Esq.

15.     Upon information and belief, Defendants Hammer and Paige and Meyers proceeded to disseminate – again without the knowledge or consent of TP Plaintiff – the illicitly obtained recording of TP Plaintiff with (a) the erstwhile child representative under these

proceedings, Joel J. Levin Esq as well as other members of his practice Levin & Associates, (b) Eric Pfanestiel Esq and other members of his practice Jackson Buckley & Pfanenstiel LLP, (c) Joe O'Brien Esq and other members of his practice Opal O'Brien LLC, (d) the custody evaluator Phyllis Amabile MD, (e) Gwenn Waldman and other members of her firm Breakthrough Family Solutions, as well as other family law functionaries and other persons connected with these proceedings.

16.    The law in Illinois provides for punishment as a Class 4 or Class 3 felony. For the purposes of these claims, as codified under 720 ILC 5/14-2 et seq., Crossclaim Defendant Jane F. Girard bears civil liability for using an eavesdropping device in a surreptitious manner, and TP Defendants Hammer, Paige and Meyers also bear civil liability for sharing that recording which they knew or reasonably should have known was obtained from a private conversation.

17.    TP Plaintiff has further been harmed wherein (a) she experienced a traumatic worsening of her PTSD and interstitial cystitis symptoms after learning of the criminal eavesdropping which had victimized her, (b) she was forced to invest significantly in time and money in an overhaul of her personal security and anti-surveillance measures, and (c) she must deal with fallout from the indignity of the widespread disclosure of that illegal recording and she now lives with a sense of fear and anguish relating to the event and the prospect of having her private communications recorded and disclosed widely again.

### THE ILLEGAL ELECTRONIC VEHICLE TRACKING

18.    On or around January 2024, Jane became aware that Petitioner Kenton Girard had purchased a new Subaru automobile specifically for use both by TP Plaintiff and by Kenton's minor children Gw and Gr. Within one week of taking possession of the vehicle, the car prominently displayed a badge for the New Trier swim team (wherein the minor children Gw and

Gr are both swimmers for New Trier High School, where they are Honor Roll students) as well as a New Trier High School parking decal.

19.    On March 11 2024, Petitioner Kenton Girard emailed Jane stating that he and the girls would be out of town for a trip March 27 2024 through April 1 2024. During that trip Jane made an unauthorized visit to Petitioner Kenton Girard's home at 965 Forestway Drive in Glencoe, where he TP Plaintiff and the minor children reside. During this visit, Jane emplaced an Apple Air Tag on the undercarriage of the new Subaru near the trunk.

20.    Upon information and belief, Jane does not dispute her visit to Petitioner's home during the aforedescribed trip, having admitted to delivering belated birthday gifts for her minor children Gw and Gr, twins who share the birthday of February 15.

21.    On April 4 2024, TP Plaintiff and Petitioner and the minor children received notifications on their mobile phones that an unidentified Apple Air Tag had been tracking the movements of the new Subaru vehicle.

22.    On April 5 2024, TP Plaintiff and Petitioner received the same notification for a second time. Using an audible chirp locate feature, TP Plaintiff and Petitioner proceeded to visually locate the Apple Air Tag  on the undercarriage of the new Subaru near the trunk.

23.    Immediately thereupon, TP Plaintiff and Petitioner proceeded to take the Subaru vehicle to the Village of Glencoe police station, wherein a report was filed and photo/video evidence was taken. Security camera footage from TP Plaintiff's home wherein Jane could be observed loitering in the physical vicinity of the Subaru vehicle was provided to Detective Ryan McEnerney. It seemed certain that criminal charges would be forthcoming against Jane.

24.    In the ensuing days, the minor children Gw and Gr observed Jane physically following them on their typical daily route to New Trier High School, and TP Plaintiff observed

Jane physically following her at her typically weekly run to Mariano's grocery store at 784 Skokie Blvd in Northbrook.

25.     On April 15 2024, Detective Ryan McEnerney contacted TP Plaintiff and Petitioner, stating that he had issued a warrant to Apple to obtain information about the illegally installed Air Tag from the undercarriage of the Subaru vehicle which had been placed into evidence for the criminal investigation.

26.     On April 26 2024, TP Plaintiff contacted Apple and received confirmation that identifying/billing information for the Air Tag in evidence had been provided to Detective Ryan McEnerney. Repeated attempts to stimulate Detective McEnerney to take action against Jane were made without success in the following weeks.

27.     TP Plaintiff and Petitioner hired Attorney Peter C. Godwin for the limited purpose of ensuring that Detective Ryan McEnerney followed through with criminal charges against Jane. On May 7 2024, Detective McEnerney told Attorney Godwin that he had spoken with Jane's female attorney and did not plan to charge Jane, because they were "in no danger." On May 15 2024, Detective McEnerney provided an update that Jane F. Girard refused to speak with the police about the Air Tag incident, asserting her Fifth Amendment Right against self-incrimination[1].

28.     Upon information and belief, Detective Ryan McEnerney received information under the warrant issued to Apple positively identifying Jane F. Girard as its purchaser and/or registered user. Despite such information and the security camera footage showing Jane lingering

---

[1] Crossclaim Defendant Jane F. Girard has a documented history of asserting her Fifth Amendment right against self-incrimination. When DCFS opened an investigation into Ms. Girard for a second time on July 22 2023 involving Cook County ASA Mary Stein, Jane F. Girard retained Ms. Jennifer Hansen of Hansen & Cleary LLC in Northbrook as her criminal defense counsel. On September 7 2023, Ms. Hansen informed the DCFS that Jane would be asserting her right against self-incrimination and thus not be making a statement or providing any testimony to the DCFS. For the purposes of a civil proceeding, as here, the Court must operate under the presumption that Jane has admitted to illegal surveillance via Air Tag as to TP Plaintiff.

near the Subaru vehicle at TP Plaintiff's residence during the time in question, Detective McEnerney stubbornly refused to file criminal charges against Jane F. Girard.

29.     The improper refusal by Detective McEnerney and the police in the Village of Glencoe to properly investigate and charge crimes against women and girls is already substantially explored under *Kenton Girard v. Village of Glencoe et al.*, Civil Action No. 1:24-cv-06882, N. Dist. Illinois under which Detective Ryan McEnerney is a defendant. It would appear that Detective McEnerney's improper refusal to prosecute Jane's illegal surveillance here – victimizing female victims again, namely TP Plaintiff and the minor children Gw and Gr – is part of a larger and disturbing pattern[2].

30.     Use of electronic tracking devices (such as Apple Air Tags) on vehicles is actionable as a Class A Misdemeanor, under 720 ILCS 5/21-2.5. However, under the current state of affairs, Jane F. Girard has learned that she can engage in illegal electronic tracking of TP Plaintiff and the minor children Gw and Gr without being held to account for her criminal conduct. Both the reality of Jane F. Girard's illegal conduct and the likelihood of her recidivism – thanks to Detective Ryan McEnerney's dereliction of his investigative and charging duties – has caused extreme stress and mental anguish to TP Plaintiff.

31.     In the aftermath of learning about the illegal Apple Air Tag emplacement on the Subaru vehicle she shares with minor children Gw and Gr, TP Plaintiff experienced a serious setback in her medical treatment for interstitial cystitis and PTSD, wherein she has been experiencing ongoing and debilitating symptoms under both conditions through today's date.

32.     In addition to being forced to live in a state of constant fear about being surveilled

---

[2] What is even more egregious is that Detective Ryan McEnerney is accused of taking a cash bribe from Attorney Kathryn Ciesla Esq in early August 2023 to declare that child sexual assault charges against Jane F. Girard were "unfounded". One has to wonder whether Mr. McEnerney was bribed by Jane's counsel here wherein he spoke with a "female attorney" for Jane F. Girard and directly thereafter the investigation took a proverbial "U Turn" towards the same "unfounded" disposition.

by Jane F. Girard, TP Plaintiff has incurred significant additional expense to hire electronic surveillance sweeping services, anti-surveillance technology and a robust upgrade to her home security and monitoring systems and services.

## COUNT I - EAVESDROPPING
### *Jane F. Girard, Vanessa L. Hammer, Karen V. Paige, Candace L. Meyers*

33.      Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

34.      Under 720 ILCS 5/14-6, TP Plaintiff is entitled to injunctive relief prohibiting further eavesdropping as well as actual and punitive damages.

35.      As previously alluded, Jane F. Girard is civilly liable for doing the eavesdropping, while Defendants Hammer, Paige and Meyers are liable for disseminating the illegal recording.

## COUNT II - NEGLIGENCE
### *Jane F. Girard, Detective Ryan McEnerney*

36.      Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

37.      Defendant Jane F. Girard breached her duty to not violate the law in our state regarding the electronic tracking of vehicles. As a result of these actions, TP Plaintiff has experienced significant economic and non-economic damages which continue to accrue through today's date.

38.      When presented with (a) identifying details for the illegal Air Tag from Apple positively identifying Jane F. Girard as the purchaser and/or the registered user returned under the warrant or subpoena issued to Apple, and (b) video footage from security camera footage from TP Plaintiff's home as to Jane F. Girard lingering near the Subaru vehicle during the family trip when no one was present at TP Plaintiff's home, Detective Ryan McEnerney had an affirmative obligation to recommend criminal charges against Jane F. Girard.

39.      As a direct result of Detective McEnerney's deliberate choice to not pursue criminal charges against Jane F. Girard thereunder, TP Plaintiff has experienced significant

economic and non-economic damages which continue to accrue through today's date.

## **PRAYER FOR RELIEF**

WHEREFORE, the Third Party Respondent Marissa Girard prays the Court grant the following relief:

1) Issue an injunction with a liquidated damages penalty of $10,000 per occurrence per party against the Count I Defendants from further eavesdropping against TP Plaintiff and from further dissemination of materials obtained from illegal recordings of TP Plaintiff in violation of our state's laws against eavesdropping;

2) Award TP Plaintiff compensatory damages in an appropriate amount greater than $100,000 and punitive damages;

3) Enter judgment in favor of Plaintiffs and against Defendants and for such other relief as this Court deems appropriate.

## **JURY DEMAND**

Third Party Respondent Marissa Girard hereby demands a trial by jury on all issues of fact and damages stated herein.

DATED: December 15, 2024                     Respectfully submitted,

                                             MARISSA GIRARD

                             By:     _/s/ Marissa Girard_____
                                     965 Forestway Drive
                                     Glencoe, IL 60022
                                     marissadakis@gmail.com
                                     Tel: 773-425-4393

## **CERTIFICATE OF SERVICE**

This undersigned certifies that a copy of the foregoing was electronically filed with the Clerk of this Court and was served this 15th day of December 2024 by email to Petitioner and Respondent, on their attorneys of record. A copy of the foregoing was also transmitted to the office of Hon. Scannicchio via the below-listed points of contact.

**Hon. Regina A. Scannicchio**
Presiding Judge of Domestic Relations Division
ccc.domrelcr1905@cookcountyil.gov

**Adam P. Monreal Esq.**
Chief Deputy Clerk for Hon. Scannicchio
apmonreal@cookcountycourt.com

**Jaime A. Barcas**
Executive Assistant for Hon. Scannicchio
jaime.barcas@cookcountyil.gov

*/s/ Marissa Girard*
Marissa Girard

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

| | | |
|---|---|---|
| JANE F. GIRARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Calendar 1 |
| | ) | |
| KENTON GIRARD and | ) | Case No. 2015-D-009633 |
| MARISSA GIRARD, | ) | |
| | ) | |
| Defendants. | ) | |
| --- --- --- --- --- --- — | ) | |
| KENTON GIRARD, | ) | |
| | ) | |
| Crossclaim Plaintiff, | ) | **Crossclaims of Kenton Girard** |
| vs. | ) | **Directed at Marissa Girard** |
| | ) | **& Jury Demand** |
| MARISSA GIRARD, | ) | |
| | ) | |
| Crossclaim Defendant. | ) | |
| --- --- --- --- --- --- — | ) | |
| MARISSA GIRARD, | ) | |
| | ) | |
| Counterclaim Plaintiff | ) | |
| and Third Party Plaintiff | ) | |
| vs. | ) | |
| | ) | |
| JANE F. GIRARD, | ) | |
| | ) | |
| Counterclaim Defendant, | ) | |
| | ) | |
| VANESSA L. HAMMER ESQ, | ) | |
| KAREN V. PAIGE ESQ, | ) | |
| CANDACE L. MEYERS ESQ and | ) | |
| DETECTIVE RYAN MCENERNEY, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

**CROSSCLAIMS OF KENTON GIRARD DIRECTED AT MARISSA GIRARD**

**NOW COMES** Defendant KENTON GIRARD, in pro se, and in support of his

Crossclaims against Codefendant MARISSA GIRARD, hereby states as follows:

## INTRODUCTION

1.      Plaintiff Jane F. Girard has been divested of her parental rights and her right to seek a custody remedy because she is an admitted child sex abuser and rapist,  yet these amorphous proceedings which she improperly incepted three years ago *without pleadings*[1] appear to advance towards an effective "mystery trial". According to open court testimony on February 14 2025[2] by Beermann LLP Attorney Enrico J. Mirabelli – counsel for Jane F. Girard – the "mystery trial" (devoid of a criminal investigation, a state prosecutor, a true indictment, a bill of charges, a jury of twelve peers or even a criminal tribunal) will consist in a criminal contempt proceeding against Defendant Kenton Girard and his wife Defendant Marissa Girard, who is a disabled person.

2.      Marissa Girard is at this time litigating claims in pro se in the Northern District of Illinois under *Girard v. Fernandez et al.*, Civil Action No. 1:25-cv-00136 ("Civil Rights Lawsuit") against *inter alia* Beermann LLP attorneys Enrico J. Mirabelli and Matthew D. Elster, as well as some of the judicial officers who have presided hereunder. Among other causes of action, her claims speak to violations of her constitutional rights, including those arising under the First and Sixth Amendments, as well as her rights under federal law including Title II of the Americans with Disabilities Act ("ADA").

## PARTIES

3.      Crossclaim Plaintiff Kenton Girard is the biological father of the minor children Gwen Girard and Grace Girard, fraternal twins both now age 17.

---

[1] Numerous filings hereunder by Kenton Girard and Marissa Girard have addressed the lack of pleadings filed by Plaintiff Jane F. Girard. Egregiously, Marissa Girard  – who neither has parenting responsibilities nor any biological connection to the minor children Gwen and Grace – has been forced to endure a dozen or more inexplicable, harassing and abusive motions to hold her in contempt or to jail her filed by Beermann LLP on behalf of Jane F. Girard without ever having been actioned with a pleading at the time of her (deficient) joinder in plain violation of 735 ILCS 5/2-201(a).

[2] Notably, Mr. Mirabelli's Sixth Amendment offending testimony was reduced to a written transcript by a court reporter present on February 14 2025.

4.     Crossclaim Defendant Marissa Girard is Kenton Girard's wife of approximately ten years, and she is a disabled person who suffers from PTSD and interstitial cystitis, both of which are ADA qualifying disabilities. Kenton and Marissa are married and reside together in Glencoe full-time together with the minor children.

## THE POST-NUPTIAL INDEMNIFICATION AGREEMENT

5.     Since the inception of the marriage between Kenton and Marissa about a decade ago, Jane F. Girard has continuously interfered – whether by stalking Marissa in her automobile, saying terrible things about Marissa to the minor children, saying terrible things about Kenton to the minor children, attempting to gain access to electronic devices belonging to Kenton and Marissa and the cell phones utilized by the minor children – in order to try to create friction between Kenton, Marissa and the minor children.

6.     In the summer of 2021, Marissa Girard's disabilities started to take a turn for the worse wherein the frequency of medical consultations and doctor visits increased due to flare ups typically connected with environmental stress. Anecdotally, it seems much of this environmental stress was owing to non-stop efforts by Jane F. Girard to cause problems as described above.

7.     Indeed, at that time, Marissa strongly blamed Jane F. Girard for many of the bouts of stress – which would in turn cause debilitating flare ups under PTSD and interstitial cystitis – that she was experiencing during the summer of 2021.

8.     Accordingly, Marissa articulated her wish for a financial security blanket to kick in under the circumstances in which Jane F. Girard might potentially engage in a course of conduct (such as stalking Marissa) under which Marissa would experience stress as a result and wherein Marissa might have to resort to the legal system to end the offending course of conduct by Jane F. Girard.

9.     During the course of several conversations, Kenton gradually became incrementally more agreeable to the concept. However, in an effort to more sharply define the concept of stress-inducing course of conduct, Kenton and Marissa decided on the following language ("Legal Billings Clause"):

> If any course of action undertaken by Jane Girard proximately causes a violation of Marissa Girard's rights secured under the Constitution or under federal law, then Kenton Girard will indemnify Marissa from all necessary and reasonable legal billings incurred to address said violation(s), as long as Kenton and Marissa are married and residing together for more than seven days per month.

The purpose of this language was to ensure that not just any "trivial" everyday friction caused by Jane F. Girard would qualify for indemnification, but rather more serious interference would be captured by the agreement.

10.    There was an additional type of "peace of mind" additionally desired by Marissa Girard, namely if Marissa's disabilities were to become debilitating in the future, or to prevent her from fully engaging in normal daily life activities, she wanted to ensure that Kenton would be agreeable to subsidizing her in the case under which her earnings noticeably suffered from her disabilities. They settled on the following language ("Earnings Subsidization Clause"):

> If Marissa's earnings were to worsen in the future as a direct result of her disabilities, wherein Marissa's gross earnings were to decline below $4,000 per month then Kenton Girard would agree to subsidize her earnings to ensure Marissa received $4,000 per month, as long as Kenton and Marissa are married and residing together for more than seven days per month.

The purpose of this language was to provide a measure of financial peace of mind, without excessively burdening Kenton.

11.    Kenton and Marissa eventually executed their "Post-Nuptial Indemnification Agreement" on October 1 2021 containing the exact operative language excerpted *supra*.

## DISPUTES ARISE OVER THE AGREEMENT

12.     As mentioned *supra*, Marissa Girard is pursuing relief for purported violations of various of her constitutional rights and her rights to reasonable accommodation under Title II of the Americans with Disabilities Act. Marissa claims her legal filings are a direct result of Jane F. Girard joining Marissa as a defendant hereunder, pursuant to a summons dated May 26 2023.

13.     To rectify the violations of her rights, Marissa has prepared and filed pleadings under the Civil Rights Lawsuit, and she is litigating that matter capably pro se. From Kenton's point of view there is no need for an attorney to take over that litigation for Marissa. She is also handling the instant matter pro se, including her claims filed against Jane F. Girard and various third party defendants on March 5 2025 related to illegal eavesdropping and electronic tracking committed by Jane F. Girard and directed at Marissa.

14.     However, Marissa feels that it is necessary not only for an attorney to take over her Civil Rights Lawsuit but her litigation under the instant matter. Kenton and Marissa are at a stalemate on this issue and things came to a head in the last week of April 2025.

15.     Additionally Marissa's earnings have declined in accordance with the Earnings Subsidization Clause and demands subsidization as to her reduced earnings, however Kenton does not feel that such decline is directly owing to her disabilities, but rather to the time she has been spending on litigation activities.

## COUNT I – LEGAL BILLINGS CLAUSE

16.     Crossclaim Plaintiff Kenton Girard incorporates by reference the preceding paragraphs as if fully set forth herein.

17.     The claims under the Civil Rights Lawsuit have not yet been adjudicated, so there is no finding as of yet that Marissa's constitutional rights – or her rights under the ADA – have

been violated. As a result, it is premature to hold Plaintiff accountable for her legal fees.

18.     Moreover, as Marissa has demonstrated, she is capable of handling pleadings, litigation and even court dates pro se. As a result, hiring attorneys to take over the Civil Rights Lawsuit and her representation hereunder is not necessary.

## <u>COUNT II – EARNINGS SUBSIDIZATION CLAUSE</u>

19.     Crossclaim Plaintiff Kenton Girard incorporates by reference the preceding paragraphs as if fully set forth herein.

20.     Cross Plaintiff Kenton Girard believes the decline in her earnings is directly owing to the time Marissa has spent on these proceedings.

21.     As such, the disabilities are not the proximate cause of the decline in earnings.

**WHEREFORE** Crossclaim Plaintiff Kenton Girard requests that the Court enter two declaratory judgments finding that (a) the Legal Billings Clause does not hold Kenton accountable for her legal fees, because the violations have not yet been adjudicated; nor are the legal fees necessary given that Marissa has been competently handling the litigation hereunder and under the Civil Rights Lawsuit pro se, and (b) the Earnings Subsidization Clause has not been triggered because the direct cause of Marissa's lowered earnings is the time she has spent on this litigation, not her disabilities, and for such further relief as appropriate.

DATED: April 28 2025                           Respectfully submitted,

                                               KENTON GIRARD

                                        By:    _/s/ Kenton Girard_____
                                               965 Forestway Drive
                                               Glencoe, IL 60022

kg5252@yahoo.com
Tel: 773-575-7035

## CERTIFICATE OF SERVICE

This undersigned certifies that a copy of the foregoing was electronically filed with the Clerk of this Court and was served this 28th day of April 2025 by email to the attorneys who have entered their appearances hereunder. A copy of the foregoing was also transmitted to the office of Hon. Scannicchio via the below-listed points of contact.

**Hon. Regina A. Scannicchio**
Presiding Judge of Domestic Relations Division
ccc.domrelcr1905@cookcountyil.gov

**Jaime A. Barcas**
Executive Assistant for Hon. Scannicchio
jaime.barcas@cookcountyil.gov

*/s/ Kenton Girard*
Kenton Girard

## JURY DEMAND

Crossclaim Plaintiff Kenton Girard hereby demands a trial by jury on all issues of fact stated herein.

## CONSENT TO A FEDERAL FORUM

Under penalties as provided by law pursuant to Sec. 1-109 of the Code of Civil Procedure, the undersigned certifies that he freely consents to litigating these proceedings in a federal forum, should the court or any party wish to move these proceedings to federal court.

/s/ Kenton Girard
April 28, 2025

*Kenton Girard Crossclaims Directed at Marissa Girard*

Exhibit B

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE: THE FORMER MARRIAGE OF      )
                                   )
KENTON GIRARD,                     )
            Petitioner,       )
                                   )
   and                         )   No.    2015 D 009633
                                   )
JANE GIRARD,                       )
            Respondent,       )
                                   )
   and                         )
MARISSA GIRARD,                    )
            Third Party Respondent )

**ENTERED**
Judge William Stewart Boyd-1760
**MAY 3 1 2023**
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### ORDER

**THIS MATTER** coming before the Court for hearing on, Kenton's Motion to Terminate Therapy and for In Camera Interview filed February 23, 2023, Kenton's Motion to Enter Qualified Medical Support Order filed February 2, 2023, and Jane's Motion to Join Third Party filed on March 8, 2023; both parties present and being represented by counsel and the minor children being represented by the Guardian ad Litem, Vanessa Hammer; Marissa Girard appearing pursuant to Trial Subpoena and then her appearance being excused and placed in a breakout room by the Court; the Court having reviewed the courtesy copies of all pleadings, and case law submitted by Beermann LLP, Jane's counsel; jurisdiction over the parties and subject matter herein and being duly advised in the premises;

**IT IS HEREBY ORDERED:**

1.    The requested relief in Kenton's Motion to Terminate Therapy and for In Camera Interview – Count I regarding therapy is granted in part insofar as therapy with Gwenn Waldman is <u>stayed</u> pending Dr. Amabile's investigation and report;

2.    The Court reserves ruling on the requested relief in Kenton's Motion to Terminate Therapy and for In Camera Interview Count II;

3.    Jane's Motion to Join Third Party is granted. Summons to Marissa Girard shall issue;

4.    Jane is granted 7 days to amend her Verified Petition for Continuing Abuse of Parenting Time and Violation of the Terms of the Joint Parenting Agreement; Kenton is thereafter granted 28 days to respond; Jane is granted 14 days to reply should she choose;

5.    Kenton's Motion to Enter Qualified Medical Child Support Order ("QMSCO" is resolved via agreement and the QMSCO shall be entered under separate cover;

6.     All pending pleadings are entered and continued.  This matter is set for pretrial conference and status of the 601.10(b) evaluation/report, and all pending pleadings, on August 9, 2023 at 11:30 a.m. via zoom.

ENTERED:

_____ #1766

JUDGE

Enrico J. Mirabelli
Karen V. Paige
Candace L. Meyers
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Joseph P. O'Brien
**Opal O'Brien LLC**
Attorneys for Petitioner
joe@opalobrien.com
service@opalobrien.com
Firm No. 59789

Vanessa Hammer
**Guardian ad Litem**
vhammer@hsqlawfirm.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE: THE FORMER MARRIAGE OF

KENTON GIRARD,

        Petitioner,

    and

JANE GIRARD,

        Respondent.

)
)
)
)
)
)
)
)
)

No.  2015 D 009633

Cal.  32

**ENTERED**
Judge William Stewart Boyd-1760

**MAY 3 1 2023**

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## QUALIFIED MEDICAL CHILD SUPPORT ORDER

THIS CAUSE coming on to be heard pursuant to §§505 and 505.2 of the Illinois Marriage and Dissolution of Marriage Act, 750 ILCS 5/505 and 750 ILCS 5/505.2, and §609 of the Employee Retirement Income Security Act, 29 USC §1169, the Court finding that the children of the parties are eligible under the BlueCross BlueShield of Illinois health plan for continuation of coverage and that such children have designated the Petitioner, **KENTON GIRARD**, as a representative for any and all information and documents concerning the minor children of KENTON GIRARD and JANE GIRARD, and the Court having jurisdiction over the parties hereto and the subject matter hereof:

**IT IS HEREBY FOUND:**

    A.    JANE GIRARD is the Participant in a Medical Plan that covers the minor children of the parties. The Court and the parties desire to allow KENTON GIRARD access to medical information only relating to the minor children of KENTON GIRARD and JANE GIRARD. To the extent permitted by the health insurance plan, this Court is directing this QMCSO to be entered to allow KENTON GIRARD to be the Designated Representative of the Alternate Recipients identified herein, specifically GRACE GIRARD and GWEN GIRARD.

**IT IS HEREBY ORDERED:**

    1.  THIS ORDER is intended to serve as a Qualified Medical Child Support Order ("QMCSO") which orders the Medical Plan specified below to provide medical benefits to the children of the Petitioner, KENTON GIRARD, and the Respondent, JANE GIRARD ("Participant"), namely **GRACE GIRARD (DOB XX/XX/2018)** and **GWEN GIRARD (DOB XX/XX/2018)**, who are named below ("Alternate Recipients") pursuant to a Judgment for Dissolution of Marriage entered on November 4, 2015, and in accordance with Section 609 and other relevant sections of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and Section 505.2 of the Illinois Marriage and Dissolution of Marriage Act.

2. The Medical Plan subject to this Order is as follows:

> BlueCross BlueShield of Illinois, Group #778092, Identification/Subscriber #AXV843787859, ("Medical Plan") for JANE GIRARD or successor plans.
>
> Plan Administrator:
>
>     a. Name:
>     b. Address

3. The Participant in this Medical Plan is JANE GIRARD, the Respondent.

> The Participant's Address, Social Security Number and Date of Birth is set forth on Exhibit "A" to this QMCSO which is incorporated by reference and for privacy reasons will not be entered into the court record.

4. The Alternate Recipients are **GRACE GIRARD (DOB XX/XX/2018) and GWEN GIRARD (DOB XX/XX/2018).**

> The Alternate Recipients' Addresses, Social Security Numbers and Dates of Birth are set forth on Exhibit "A" to this QMCSO which is incorporated by reference and for privacy reasons will not be entered into the court record.

5. The Designated Representative of the Alternate Recipients is KENTON GIRARD. KENTON GIRARD is a custodial parent with JANE GIRARD. This Order provides KENTON GIRARD with rights as a Designated Representative in addition to those that JANE GIRARD has as the Participant; however, such rights are not to supersede those provided to the Participant.

> The Designated Representative's Address, Social Security Number and Date of Birth is set forth on an Exhibit "A" to this QMSCO which is incorporated by reference and for privacy reasons will not be entered into the court record.

6. The Alternate Recipients shall receive the following benefits by the Medical Plan: The coverage currently available to the participant or which may subsequently be available to said participant under the Medical Plan in existence at the time.

7. The plan shall notify the Alternate Recipients and the Designated Representative of any amendment or modification to the Plan, or any termination or merger of the Medical Plan, which would result in this coverage becoming unavailable to the Alternate Recipients.

8. The period to which the order applies shall be from the date of the entry of this Order to the first to occur of the Alternate Recipients completing their post-secondary education or reaching their 25th birthday.

9. The Designated Representative is deemed to have been appointed by the Alternate Recipients to receive copies of notices, explanation of benefits, health insurance policies, explanation booklets, plan descriptions, or any modifications or amendments thereto, insurance identification cards, provide directories, claims forms, and any other documentation necessary for the Designated Representative to utilize said health insurance

coverage for the benefit of the Alternative Recipients.

10. **Representative Duties.** Both the Participant and the Designated Representative of the Alternate Recipients may submit claims for reimbursement to the Plan and the Plan shall reimburse that party directly for any payment of benefits made pursuant to this Order in reimbursement of expenses actually paid. Both parties shall submit requests for reimbursement pursuant to plan provisions, and the party receiving reimbursements shall divide all reimbursements received from the Plan pursuant to the terms of the Judgment for Allocation of Parental Responsibilities Incorporating Agreed Parenting Plan where applicable.

11. This Order does not require the Medical Plan (or any successor Medical Plan) to provide any type or form of benefit, or any option, not otherwise provided under the Medical Plan (or any successor Medical Plan).

12. It is intended by the parties that this Order will qualify as a Qualified Medical Child Support Order pursuant to ERISA Section 609 (29 U.S.C.A. Section 1169), and subsequent amendments, and that it will be interpreted and administered as such.

    The Court retains jurisdiction to amend this Order for the purpose of establishing or maintaining the Order as a Qualified Medical Child Support Order; and further, the Court may amend this Order to revise or conform its terms so as to effect the expressed provisions of the Order, the parties' Judgment or Supplemental Judgment previously entered, as well as to enforce this Order against successor medical insurance plans, to provide coverage for a child who moves out of the service area, or to modify this Order to comply with the requirements of ERISA section 609 (29 U.S.C.A. Section 1169).

13. Copies of this QMCSO shall be forwarded to the Plan Administrator by counsel for **JANE GIRARD**. The Plan Administrator shall follow procedures consistent with Section 609(a) of ERISA for determining the qualified status of this Order.

| | | |
|---|---|---|
| Attorney No. 59789 | Attorney No. 80095 | Attorney No. 64937 |
| **Opal O'Brien LLC** | **Beermann LLP** | **Vanessa L. Hammer, Esq.** |
| Attorneys for Petitioner | Attorneys for Respondent | *Guardian Ad Litem* |
| 310 S. County Farm, Suite D | 161 N. Clark, Suite 3000 | 77 W. Wacker, Suite 4500 |
| Wheaton, IL 60187 | Chicago, Illinois 60601 | Chicago, Illinois 60601 |
| (630) 384-0165 | (312) 621-9700 | (312) 372-6058 |
| joe@opalobrien.com | kpaige@beermannlaw.com | vhammer@hsqlawfirm.com |

ENTERED:

_____ #1766

· JUDGE
DATE:
_____

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE: THE FORMER MARRIAGE OF    )
                                 )
KENTON GIRARD,                   )
                   Petitioner,   )
                                 )
       and                       )    No.    2015 D 009633
                                 )
JANE GIRARD,                     )
                   Respondent,   )
                                 )
       and                       )
MARISSA GIRARD,                  )
                   Third Party Respondent )

```
ENTERED
Judge William Stewart Boyd-1760
JUN 16 2023
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
```

### ORDER

THIS MATTER coming before the Court for presentment of Respondent's *Motion to Compel Compliance with Discovery*; the parties being represented by their counsel; the Court having jurisdiction over the parties and subject matter herein and being duly advised in the premises;

**IT IS HEREBY ORDERED:**

1.      Petitioner is granted twenty-eight (28) days to respond to Respondent's *Motion to Compel Compliance with Discovery*.

2.      The *Motion to Compel Compliance with Discovery* is set for hearing on August 9, 2023 at 11:30 a.m.

ENTERED:

_____ #1760

JUDGE

Enrico J. Mirabelli
Karen V. Paige
Candace L. Meyers
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Joseph P. O'Brien
**Opal O'Brien LLC**
Attorneys for Petitioner
joe@opalobrien.com
service@opalobrien.com
Firm No. 59789

Vanessa Hammer
**Guardian ad Litem**
vhammer@hsqlawfirm.com

4217 - Continued - Allowed
4208 - Appoint Guardian Ad Litem - Allowed                                    (Rev. 12/01/20) CCDR 0008 A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION
IN RE: ■ Marriage ❑ Civil Union ❑ Legal Separation ❑ Allocation of Parental Responsibilities
❑ Visitation (Non-Parent) ❑ Support ■ Parentage of:

KENTON GIRARD

        and                 Petitioner

JANE GIRARD
                               Respondent

MARISSA GIRARD    Third Party Respondent

No.: 2015 D 9633

Calendar: _____

❑ Prejudgment
❑ Post Judgment - Enforcement
■ Post Judgment - Modification
❑ Other

ORDER APPOINTING CHILD'S REPRESENTATIVE, GUARDIAN AD LITEM OR ATTORNEY FOR MINOR CHILD(REN)

On motion of the Court _____ and pursuant to 750 ILCS 5/506 and the inherent power of the Court, the Court being fully advised in the premises FINDS THAT:

A. There are issues within the family affecting the minor child(ren):

| Child(ren)'s Name(s) | Date of Birth | Resides with | Child(ren)'s Name(s) | Date of Birth | Resides with |
|---|---|---|---|---|---|
| Gwen Girard | 02/15/2008 | Petitioner | | | |
| Grace Girard | 02/15/2008 | Petitioner | | | |

B. It is in the best interest of the child(ren) to have a legal representative appointed to protect and preserve their interests.

IT IS HEREBY ORDERED THAT:

1. Name: Joel Levin
Address: 10 South LaSalle Street, Suite 1420, Chicago, IL 60603
Telephone: 312-546-5100    Facsimile:
Email: jlevin@levinfamilylaw.com

is appointed ■ CHILD'S REPRESENTATIVE ❑ GUARDIAN AD LITEM ❑ ATTORNEY FOR THE MINOR CHILD(REN)
Issues: decision-making, parenting time, parental alienation, social media

ENTERED
Judge William Stewart Boyd-1760
JUL 18 2023
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

2. During the proceedings the court may appoint an additional attorney to serve in another of the enumerated capacities on its own motion or that of a party only for good cause shown and when the reasons for the additional appointment are set forth in specific findings.

3. Within seven (7) days of the entry of this order, attorney for ■ Petitioner ❑ Respondent ❑ other_____ shall send the child's representative, guardian ad litem, or the attorney for the minor child(ren) copies of this order, and all notices, pleadings, orders and reports relative to this cause.

4. The child's representative, guardian ad litem, or the attorney for the minor child(ren) shall be kept fully informed by counsel for all parties as to the status of this cause and shall have the full assistance of counsel in obtaining any waivers (e.g. for school or medical records, etc.) appropriate to the representation of the minor child(ren).
4234

5. ■ An appearance shall be filed on behalf of the minor child(ren) within seven (7) days of receipt of this order and any appropriate pleadings within twenty-eight (28) days from the date of this order.

IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 2

4217 - Continued - Allowed
4208 - Appoint Guardian Ad Litem - Allowed                                    (Rev. 12/01/20) CCDR 0008 B

6A.   The child's representative, guardian ad litem, or the attorney for the minor child(ren) shall serve pro bono; OR

      4636
6B.   ☒ The child's representative, guardian ad litem, or the attorney for the minor child(ren) shall be entitled to reasonable temporary
      and permanent fees and costs pursuant to statute. Without prejudice to the right of either party for an accounting and an ap-
      portionment among the parties, the parties shall pay to the child's representative, guardian ad litem, or the attorney for the minor
      child(ren) as and for temporary prospective fees, within 7 days, the following amounts:

      Hourly Rate: _____
      Petitioner: $ 50%_____              Respondent: $ 50%_____
      Other: $ Retainter- $5,000_____

7A.   ☐ This appointment shall terminate thirty (30) days after entry of final judgment without further order of court; OR

7B.   ☒ This appointment shall terminate only upon further order of court.

8.    "Unless otherwise ordered by the court at the time fees and costs are approved, all fees and costs payable to an attorney,
      guardian ad litem, or child's representative under this Section {750 ILCS 5/506} are by implication deemed to be in the nature of
      support of the child and are within the exceptions to discharge in bankruptcy under 11 U.S.C.A.523. The provisions of Section
      501 and 508 of this Act shall apply to fees and costs for attorneys appointed under this Section."
      {750 ILCS 5/506}

9.    Next Court Date: 08/09/2023 at 11:30 a.m._____

Petitioner's Name: Kenton Girard_____
*Address: (Home) 965 Forestway Dr, Glencoe, IL 60022_____        Telephone: (Home) _____
*Address: (Work) EMAIL - kg5252@yahoo.com_____               Telephone: (Work) _____

Petitioner's Attorney: Joseph P. O'Brien- Opal O'Brien LLC_____    Primary Email: joe@opalobrien.com_____
Address: 310 South County Farm Rd, Suite D, Wheaton, IL 60187      Secondary Email: service@opalobrien.com____
Telephone: 630-384-0165_____                           Other: Eric R. Pfanenstiel at service@jbgfamilylaw.com
Facsimile: _____                         for  Marissa  Girard

Respondent's Name: Jane Girard_____
*Address: (Home) 90 Linden Ave, Glencoe, IL 60022_____          Telephone: (Home) 847-372-6736_____
*Address: (Work) EMAIL - janeous@yahoo.com_____               Telephone: (Work) _____

Respondents Attorney: BEERMANN LLP_____                    Primary Email: kpaige@beermannlaw.com_____
Address: 161 North Clark Street, Suite 3000, Chicago IL 60601      Secondary Email: clmeyers@beermannlaw.com___
Telephone: 312-621-1219_____                            Other: ejmirabelli@beermannlaw.com_____
Facsimile: _____

*If a party has not disclosed an address, that party shall designate an alternative address for the purpose of notice.

Atty. No.: 80095_____
Name: BEERMANN LLP_____                             ENTERED:
Atty. for: Respondent_____
Address: 161 North Clark Street, Suite 3000_____
City/State/Zip Code: Chicago, IL 60601_____         Dated: _____
Telephone: 312-621-1219_____
Primary Email: kpaige@beermannlaw.com_____            _____          #1766
Secondary Email: clmeyers@beermannlaw.com_____           Judge                        Judge's No.
Other Email: ejmirabelli@beermannlaw.com_____

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## · IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE: THE FORMER MARRIAGE OF   )
)
KENTON GIRARD,   )
        Petitioner,   )
)
    and   )   No.   2015 D 009633
)
JANE GIRARD,   )
        Respondent,   )
)
    and   )
MARISSA GIRARD,   )
        Third Party Respondent )

> **ENTERED**
> Judge William Stewart Boyd-1760
> **JUL 18 2023**
> IRIS Y. MARTINEZ
> CLERK OF THE CIRCUIT COURT
> OF COOK COUNTY, IL

### ORDER

THIS MATTER coming before the Court for Respondent's oral presentment of Motion for Temporary Restraining Order, Motion to Appoint a Child Representative, Petitioner's Motion to Modify the Joint Parenting Agreement and Custody Judgment, Respondent's Motion to Enforce the Joint Parenting Agreement and Custody Judgment, Respondent's Motion for Service by Special Order of Court; the parties being represented by their counsel and appearing on zoom, GAL appearing on zoom; the Court having jurisdiction over the parties and subject matter herein and being duly advised in the premises;

42117

**IT IS HEREBY ORDERED:**

1.    Petitioner's Motion to Modify the Joint Parenting Agreement and Custody Judgment and Respondent's Motion to Enforce the Joint Parenting Agreement and Custody Judgment are entered and continued;

2.    Respondent's Motion for Service by Special Order of Court is resolved as Eric Pfanenstiel filed his Appearance on behalf of Marissa Girard;

3.    The Court, *sua sponte*, appoints Joel Levin as the Child Representative pursuant to separate order of court.

    4.      Respondent's oral presentment of Motion for Temporary Restraining Order is pending filing of written Motion and continued to July 19, 2023 at 10:45 a.m. via zoom.

ENTERED:

JUDGE

Enrico J. Mirabelli
Karen V. Paige
Candace L. Meyers
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Eric Pfanenstiel
epfanenstiel@jbpfamilylaw.com

Joseph P. O'Brien
**Opal O'Brien LLC**
Attorneys for Petitioner
joe@opalobrien.com
service@opalobrien.com
Firm No. 59789

Vanessa Hammer
**Guardian ad Litem**
vhammer@hsqlawfirm.com

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE: THE FORMER MARRIAGE OF )
                                 )
KENTON GIRARD, )
         Petitioner, )
                                 )
   and )    No.   2015 D 009633
                                 )
JANE GIRARD, )
         Respondent, )
                                 )
   and )
MARISSA GIRARD, )
       Third Party Respondent )

ENTERED
Judge William Stewart Boyd-1760
**JUL 25 2023**
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### ORDER

THIS MATTER coming before the Court for status on July 19, 2023, pursuant to the Court's Order on July 14, 2023; the Court having reviewed courtesy copies of Respondent's *Emergency Motion for Temporary Restraining Order and For Other Relief*, Kenton's *Response to Emergency Petition for TRO*, and Third-Party Respondent's *Response to Emergency Petition for Temporary Restraining Order, and for Other Relief*; the parties each present on Zoom; each party's counsel, the Guardian Ad Litem and the Child Representative appearing via Zoom; the Court having met with all counsels in a breakout room and having heard argument from counsels, a status from the Child Representative of his upcoming appointments with Kenton and Jane, and a report from the GAL, between 10:45 a.m. and 11:45 a.m., at the conclusion of which the Court made the order set forth herein; the Court having jurisdiction over the parties and subject matter herein and being duly advised in the premises;

**IT IS HEREBY ORDERED:**

1. Respondent's *Emergency Motion for Temporary Restraining Order and For Other Relief* is granted in part, specifically as to the deletion of social media postings as set forth herein and not allowing any further posting as set forth herein; and denied in part, specifically as to paragraphs c. – f on page 8 of said pleading, including Jane's requested relief for the Court to order the children's cell phones and other electronic devices to be placed with the Child Representative.

2. Kenton Girard, Petitioner (hereinafter "Kenton"), and Marissa Girard, Third Party Respondent (hereinafter "Marissa"), shall oversee the

deletion of all of the minor children's social media postings which relate to the instant litigation/ case, including but not limited to postings that relate to this case on: Instagram accounts (including but not limited to ), TikTok accounts, Facebook accounts, and/or any other social media accounts, platforms and/or web sites. Kenton and Marissa shall oversee that the children delete all such postings within 24 hours of this Court's Order.

3. Kenton Girard, Petitioner, and Marissa Girard, Third Party Respondent, shall instruct the minor children, and shall oversee, that neither child shall post any social media postings related to the instant litigation.

4. The Court finds that the children have the relationship with Kenton and reside solely with Kenton and Marissa (though not via Court Order); as such, Kenton shall inform the children of the appointment of the Child Representative, Joel Levin, prior to the children's first meeting with him.

5. Kenton and Marissa shall oversee and shall instruct the children not to communicate with or be interviewed by any reporters, media personalities, and the like. ~~Likewise, no party to this case shall communicate with or be interviewed by any reporters, media personalities and the like.~~ *W)ED*

6. Pre Trial date of August 9, 2023 at 11:30 a.m., previously set by the Court, stands. All pending Motions of the parties, including but not limited to Kenton's Motions for In-Camera Interview, are entered and continued to said Pre-Trial.

ENTERED:

JUDGE

Enrico J. Mirabelli
Karen V. Paige
Candace L. Meyers
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Joseph P. O'Brien
**Opal O'Brien LLC**
Attorneys for Petitioner
joe@opalobrien.com
service@opalobrien.com
Firm No. 59789

Vanessa Hammer
**Guardian ad Litem**
vhammer@hsqlawfirm.com

Eric Pfanenstiel
Attorney for Third Party Respondent
epfanenstiel@jbpfamilylaw.com

Joel Levin, Children's Representative
jlevin@levinfamilylaw.com
service@levinfamilylaw.com

Page 3 of 3

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION

IN RE: THE FORMER MARRIAGE OF    )
    )
KENTON GIRARD,    )
        Petitioner,    )   No. 15 D 009633
    )   Cal. 45
    and    )
    )
JANE GIRARD,    )
        Respondent,    )
    )
    and    )
    )
MARISSA GIRARD,    )
        Third-Party Respondent.    )

**ENTERED**
Judge William Stewart Boyd-1760
AUG 07 2023
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### ORDER

    This matter coming before the Court upon Third-Party Respondent, MARISSA GIRARD's, oral motion for leave to amend her Response to Emergency Petition for Temporary Restraining Order, and for Other Relief; Petitioner and Respondent being represented by counsel and the minor children being represented by the Guardian ad Litem, Vanessa Hammer, and Child Representative, Joel Levin; the Court having jurisdiction over the parties and subject matter herein and being duly advised in the premises;

    **IT IS HEREBY ORDERED:**

1. Marissa Girard's oral motion for leave to amend scrivener's error in her Response to Emergency Petition for Temporary Restraining Order is granted.

Dated: <u>July 19, 2023</u>           ENTER:

                                                 #1760

                                        JUDGE

**JACKSON BUCKLEY & PFANENSTIEL, LLP**
Attorney for Third-Party Respondent
1044 N. Western Avenue, Suite F
Lake Forest, Illinois 60045
Telephone No. (847) 457-4848
Service: Service@jbpfamilylaw.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION
FIRST MUNICIPAL DISTRICT – DALEY CENTER, CHICAGO

**IN RE THE FORMER MARRIAGE OF:**

KENTON GIRARD,
     Plaintiff,   *5246P*   )
             )
        *4215P/R*   )
vs.            )   No.   **2015 D 009633**
       *4906,*   )   Calendar 32
JANE GIRARD,      )
     Defendant.   *4806*   )

```
┌─────────────────────────────┐
│    E N T E R E D             │
│  Judge William Stevens #1760 │
│                             │
│      AUG 16 2023            │
│                             │
│     IRIS Y. MARTINEZ         │
│   CLERK OF THE CIRCUIT COURT │
│       OF COOK CO.           │
└─────────────────────────────┘
```

### ORDER AUGUST 9, 2023

    This matter coming before the Court for Pre-Trial Conference, and for presentment of Jane's Petition for Indirect Civil Contempt, and presentment of Kenton's Motion to Stay, the attorneys appearing, the child representative Joel Levin appearing, the Court conducting a Pre-Trial Conference; and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED AS FOLLOWS:**

1) Dr. Amabile's 604.10(b) Report shall not be released to any party, attorney, or the attorney for the children, or the previously appointed Guardian ad Litem, or to any individual, until further Order of Court.

2) The attorney for the children, Joel Levin, shall contact Dr. Amabile to inform Dr. Amabile that she is not to release her report until further Order of Court.

3) Joel Levin's oral motion to seal the file is denied.

4) The attorneys are ordered to participate in a settlement conference before the next Court date.

5) This matter is set for status of settlement on September 14, 2023 at 3:00 p.m. on ZOOM.

                 _____ #1760

_____      _____
DATED            COURT

**Joseph P. O'Brien**
joe@opalobrien.com
**OPAL O'BRIEN LLC** *#59789*
310 S. County Farm Road, Suite D
Wheaton, Illinois 60187
(630) 384-0165
Electronic Service: **service@opalobrien.com**

No. 1-23-1372

## IN THE APPELLATE COURT OF ILLINOIS,
## FIRST JUDICIAL DISTRICT

|  |  |  |
|---|---|---|
| IN RE: THE FORMER MARRIAGE OF | ) | |
| | ) | |
| KENTON GIRARD, | ) | |
|     Petitioner, | ) | |
| | ) | |
|     and | ) | On appeal from the Circuit Court |
| | ) | of Cook County |
| JANE GIRARD, | ) | Domestic Relations Division |
|     Respondent/Appellee, | ) | No. 2015 D 009633 |
| | ) | Honorable Judge William Stewart Boyd |
|     and | ) | Judge Presiding |
| | ) | |
| MARISSA GIRARD, | ) | |
|     Third-Party Respondent/Appellant. | ) | |

### ORDER

This matter coming before the Appellate Court of Illinois, First Judicial District, on Jackson Buckley & Pfanenstiel LLP's Motion to Withdraw as Counsel for Appellant/Third-Party Respondent, *Instanter* pursuant to Illinois Supreme Court Rule 13, proper notice having been given to the Appellant/Third-Party Respondent, and the court being advised in the premises, IT IS HEREBY ORDERED:

1.    Jackson Buckley & Pfanenstiel LLP's Motion to Withdraw as Counsel for Appellant/Third-Party Respondent, *Instanter*, is granted.

2.    Ms. Girard shall file an Appearance either through counsel or as a *pro se* litigant with the Appellate Court of Illinois, First Judicial District, by September 4, 2023.

ENTERED:

Terrence Lavin
_____
JUSTICE

Prepared by:
JACKSON BUCKLEY & PFANENSTIEL, LLP
ARDC No. 6300551
1044 N. Western Avenue, Suite F
Lake Forest, Illinois 60045
Telephone No. (847) 457-4848
Service: Service@jbpfamilylaw.com

**ORDER ENTERED**

**AUG 2 8 2023**

**APPELLATE COURT FIRST DISTRICT**

No. 1-23-1361

## IN THE APPELLATE COURT OF ILLINOIS
## FIRST JUDICIAL DISTRICT

IN RE THE FORMER MARRIAGE OF:

| | |
|---|---|
| KENTON GIRARD | ) Appeal to the Appellate Court of Illinois |
| Petitioner/Appellant, | ) from the Circuit Court of |
| | ) Cook County, Illinois |
| and | ) Domestic Relations Division |
| | ) |
| JANE GIRARD, | ) No. 2015 D 009633 |
| Respondent/Appellee. | ) |
| | ) The Honorable William S. Boyd, |
| and | ) Judge Presiding |
| | ) |
| MARISSA GIRARD, | ) |
| Third-Party Respondent/Appellant. | ) |

### ORDER

This matter coming before the Appellate Court of Illinois, First Judicial District, on OPAL O'BRIEN LLC's Motion to Withdraw as Counsel for Appellant/Petitioner, *Instanter* pursuant to Illinois Supreme Court Rule 13, proper notice having been given to the Appellant/Petitioner, and the court being advised in the premises, IT IS HEREBY ORDERED:

1. OPAL O'BRIEN LLC's Motion to Withdraw as Counsel for Appellant/Petitioner, *Instanter*, is granted.

2. Mr. Girard shall file an Appearance either through counsel or as a *pro se* litigant with the Appellate Court of Illinois, First Judicial District, on or before September 5, 2023.

ENTERED: Terrence Lavin
                         JUSTICE

Prepared by:
Joseph P. O'Brien
OPAL O'BRIEN LLC
Attorneys for Appellant/Petitioner
310 S County Farm Road, Suite D
Wheaton, Illinois 60187
Telephone No. (630) 384-0165
ARDC # 6297312

## ORDER ENTERED

AUG 2 9 2023

**APPELLATE COURT FIRST DISTRICT**

Order Regarding Substitution of Judge or Recusal        (Rev. 12/01/20) CCDR 0634

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE: ☑ Marriage ☐ Civil Union ☐ Legal Separation ☐ Allocation of Parental Responsibilities
☐ Visitation (Non-Parent) ☐ Support ☐ Parentage of:

KENTON GIRARD
_____
Petitioner

and

JANE GIRARD
_____
Respondent

MARISSA GIRARD
_____
Third Party Respondent

No.: 2015 D 009633

Calendar: C

## ORDER REGARDING SUBSTITUTION OF JUDGE OR RECUSAL

THIS CAUSE being properly before the Court, and Court being advised in the premises:

☐ IT IS ORDERED THAT: pursuant to a Petition for Substitution of Judge filed by the

☑ Petitioner ☐ Respondent 4100 ☐      8283 ☑ for cause, the above entitled cause is

hereby transferred to the 8282 ☑ PRESIDING JUDGE 4201 ☐ PRELIMINARY JUDGE OF

Team _____ for reassignment for hearing on Petitioner's Motion to Recuse.

☐ IT IS ORDERED THAT: the assigned judge having recused himself/herself pursuant to Supreme Court Rule 63(c)

4110 and having withdrawn from further proceedings in this cause, the above entitled cause is hereby transferred to

the 8282 ☐ PRESIDING JUDGE 4201 ☐ PRELIMINARY JUDGE of

Team _____ for reassignment.

Atty. No.: 80095
Name: Karen V. Paige / Beermann LLP
Attorney for : Respondent, Jane Girard
Address: 161 North Clark Street, Suite 3000
City/State/Zip Code: Chicago, IL 60601
Telephone: (312) 621-9700
Primary Email Address:
kpaige@beermannlaw.com
Secondary Email Address:
parice@beermannlaw.com
Other Email Address:

ENTERED:

Dated: _____

_____ #1766
Judge                    Judge's No.

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE MARRIAGE OF:

Kenton Girard,

      Petitioner,

  v.

                    Case No.: 15D9633

Jane Girard,

      Respondent

**Hearing Order**

This matter comes before this court on a trial assignment for Substitution of Judge for cause and the court being fully advised in the premises;

IT IS HEREBY ORDERED this matter shall be heard in person on Friday, October 27, 2023 at 11:00am before the Honorable Naomi Schuster, Calendar 22, Room 3007. The hearing date of October 17, 2023 is stricken.

Copies of this order shall be sent to: kpaige@beermannlaw.com, mdelster@beermannlaw.com, jlevin@levinfamilylaw.com, kg5252@yahoo.com and marissadakis@gmail.com

DATE:
October 18, 2023

Acting Presiding Judge Regina Scannicchio

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF     )
                                        )
KENTON GIRARD,                        )
             Petitioner,       )
                                          )
    and                                )    No.     2015 D 009633
                                          )
JANE GIRARD,                          )    Cal. 22
             Respondent,      )
                                          )
    and                                )
                                          )
MARISSA GIRARD,               )
             Third Party Respondent.     )

**ENTERED**
Oct. 31, 2023
Iris Y. Martinez
Clerk of the Circuit Court
of Cook County, IL
DEPUTY CLERK    *cfs*

### ORDER

THIS MATTER coming before the Hon. Naomi H. Schuster for hearing on Petitioner's *Motion to Recuse the Hon. William S. Boyd,* all parties appearing in person, Respondent also appearing through counsel, the Court having considered the parties' respective filings and argument, and being fully advised in the premises, IT IS HEREBY ORDERED THAT:

       1.      For the reasons stated on the record, Petitioner's *Motion to Recuse the Hon. William S. Boyd* is DENIED.

       2.      Respondent is granted leave to file, within 7 days, a motion seeking fees and costs incurred in her defense of Petitioner's *Motion to Recuse* pursuant to Supreme Court Rule 137 and section 508(b) of the IMDMA. Said Motion shall be heard by Judge Boyd.

       3.      This mater shall be transferred back to Calendar C by separate order.

                                 ENTERED:

                           s\ *Naomi H. Schuster 1966*
                                  JUDGE

Order Prepared By
**BEERMANN LLP**
**Attorneys for Respondent**
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Copies to
jlevin@levinfamilylaw.com
service@levinfamilylaw.com
kg5252@yahoo.com
marissadakis@gmail.com

4201/4282 - Transfer to Judge    4295 - Close Discovery - Allowed
8201 - Return for Random Assignment
Orders of Transfer, Assignment and Reassignment         (06/16/21) CCDR 0014 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE:   ☑ Marriage   ☐ Civil Union   ☐ Legal Separation   ☐ Allocation of Parental Responsibilities
      ☐ Visitation (Non-Parent)   ☐ Support   ☐ Parentage of:

KENTON GIRARD
_____
                         Petitioner

and

JANE GIRARD
_____
                         Respondent

Case No.   2015 D 9633

Calendar   22

**ENTERED**

**Oct. 31, 2023**

Iris Y. Martinez
Clerk of the Circuit Court
of Cook County, IL

DEPUTY CLERK   *cfs*

## ORDERS OF TRANSFER, ASSIGNMENT AND REASSIGNMENT

This Cause being properly before the Court, and the Court being advised in the premises:

I.   Transfers (Temporary)

    ☐   That this cause is transferred to the   ☐ 4852 - Reconciliation Calendar   ☐ 4853 - Military Calendar.

        All existing orders shall remain in full force and effect except _____ .

    ☐   That this cause is transferred to the Collaborative Process Calendar. All prior orders of court, including access to the court for enforcement and discovery, shall be considered suspended, and all proceeding shall be stayed , unless other wise expressly provided by law, agreement of the parties, or order by the court.

    ☐   That this cause be returned from the   ☐ 4752 - Reconciliation Calendar   ☐ 4753 - Military Calendar
                                        ☐ Collaborative Process Calendar.

    ☐   4282 IT IS ORDERED that the above entitled cause is transferred to Judge _____

        Calendar _____ for _____ .

    ☐   Pretrial ☐ Contested Motion for _____ .
        all other matters being retained by the Preliminary Judge.

    ☑   4201 IT IS ORDERED that this cause is returned to Judge   William S. Boyd

        Calendar   C   for further proceedings, the transferred matter being concluded.

II.   Assignment (Trial)

    ☐   It is Ordered that:

        ☐   4295 Discovery is closed as of _____ .

        ☐   4482 This cause is set for Trial before Judge _____

            Calendar _____

            Instanter. All parties or their counsel shall proceed immediately to courtroom _____ .

Note:   Cases set for trial can only be continued for cause, on motion pursuant to Supreme Court Rule and Domestic Relations General Order 86 D-1.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 2

**Orders of Transfer, Assignment and Reassignment**      **(06/16/21) CCDR 0014 B**

III. Reassignments to or from Presiding Judge

    ☐ 8282 This Cause coming before the court for reassignment, IT IS HEREBY ORDERED that this is assigned to the Presiding Judge for: ☐ Hearing; ☐ Consolidation within the

        Division: Case Number _____   Calendar _____ ;

        or ☐ Other _____ .

    ☐ 8201 Clerk for the Circuit Court for random electronic assignment to a calendar:

        ☐ Preliminary ☐ Individual ☐ Post-Judgment ☐ Expedited Child Support

        ☐ Excluding Calendar(s) _____

ENTERED:

Dated: _____10/27/23_____

s\ *Naomi H. Schuster 1966* ____

          Judge        Judge's No.

Atty. No.: 80095

Atty Name: Matthew Elster/Beermann LLP

Atty. for: Respondent

Address: 161 N Clark Street #3000

City: Chicago    State: IL

Zip: 60601

Telephone: 3126219700

Primary Email: kpaige@beermannlaw.com

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF    )
                                      )
KENTON GIRARD,                     )
             Petitioner,       )
                                      )
    and                       )   No.   2015 D 009633
                                        )
JANE GIRARD,                   )
               Respondent,     )
                                      )   CAL: C
    and                       )
                                        )
MARISSA GIRARD,               )
             Third Party Respondent.   )

**ENTERED**
Judge William Stewart Boyd-1760
**NOV 17 2023**
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

*4417 (B)*

## ORDER

**THIS MATTER** coming before the Court for Status and presentation of Respondent's Motion for 137 Sanctions and 508(b) Fees filed 11/6/2023 and Motion to Release Dr. Amabile's Report filed 11/6/2023, due notice given; Jane Girard represented by counsel appearing on zoom, Petitioner and Third Party Respondent having filed pro se Appearance, Petitioner appearing on Zoom; and the minor children being represented by Joel Levin who appeared on Zoom; and the Court having jurisdiction over the parties and subject matter herein and being duly advised in the premises;

**IT IS HEREBY ORDERED:**

1.    Kenton Girard shall pay his outstanding balance in full to Dr. Amabile by December 8, 2023.    The parties reserve the right to review the billing statements and thereafter pose questions regarding same.

1

2.      This matter is set for hearing on Respondent's Motion for 137 Sanctions and 508(b) Fees filed and Motion to Release Dr. Amabile's Report **January 10, 2024 at 8:30 a.m.** via Zoom (Meeting ID: 864 6297 1874 Passcode: 672037)- Calendar C.

3.      This matter is set for hearing on Respondent's Second Petition for Indirect Civil Contempt of Court on **February 9, 2024 at 1:00 p.m., in person 1605**, if rule issues it shall be returnable *instanter*. All parties shall appear.

4.      Petitioner and Third Party Respondent are granted 21 days to respond to the Respondent's Second Petition for Indirect Civil Contempt of Court (if not already responded), Respondent's Motion for 137 Sanctions and 508(b) Fees filed and Motion to Release Dr. Amabile's Report.

ENTERED:

JUDGE

Order Prepared By
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Copies to
jlevin@levinfamilylaw.com
service@levinfamilylaw.com
kg5252@yahoo.com
marissadakis@gmail.com

2

Order Regarding Substitution of Judge or Recusal                    (Rev. 12/01/20) CCDR 0634

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE: ☑ Marriage ☐ Civil Union ☐ Legal Separation ☐ Allocation of Parental Responsibilities
☐ Visitation (Non-Parent) ☐ Support ☐ Parentage of:

**KENTON GIRARD**
Petitioner

and

**JANE GIRARD**
Respondent

No.: 2015 D 9633

Calendar: 34

```
ENTERED
Judge Dominique Ross-2008
FEB 29 2024
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
```

## ORDER REGARDING SUBSTITUTION OF JUDGE OR RECUSAL

THIS CAUSE being properly before the Court, and Court being advised in the premises:

☑ IT IS ORDERED THAT: pursuant to a Petition for Substitution of Judge timely filed by the

☐ Petitioner ☑ Respondent 4100 ☑ as of right 8283 ☐ for cause, which has been granted, the above entitled cause is

hereby transferred to the 8282 ☐ PRESIDING JUDGE 4201 ☒ PRELIMINARY JUDGE OF

Team _____ for reassignment.

☐ IT IS ORDERED THAT: the assigned judge having recused himself/herself pursuant to Supreme Court Rule 63(c)

4110 and having withdrawn from further proceedings in this cause, the above entitled cause is hereby transferred

to the 8282 ☐ PRESIDING JUDGE 4201 ☐ PRELIMINARY JUDGE of

Team _____ for reassignment.

Atty. No.: **80095**
Name: **BEERMANN LLP**
Attorney for : **Jane Girard**
Address: **161 North Clark St. , Suite 3000**
City/State/Zip Code: **Chicago, IL 60601**
Telephone: **(312) 627-9700**
Primary Email Address:
**kpaige@beermannlaw.com**
Secondary Email Address:
_____

Other Email Address:
_____

_DRoss 2008_

ENTERED:

Dated: _____

_____
Judge                                    Judge's No.

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**4201/4282 - Transfer to Judge    4295 - Close Discovery - Allowed**
**8201 - Return for Random Assignment**
Orders of Transfer, Assignment and Reassignment                    (06/16/21) CCDR 0014 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE:  ☐ Marriage  ☐ Civil Union  ☐ Legal Separation  ☐ Allocation of Parental Responsibilities
        ☐ Visitation (Non-Parent)  ☐ Support  ☐ Parentage of:

| | | |
|---|---|---|
| Kenton Girard | | |
| | Petitioner | Case No. |
| and | | |
| Jane Girard | | Calendar |
| | Respondent | |

Case No. 2015d9633

Calendar C

**ENTERED**
**MAR 01 2024**
**IRIS Y. MARTINEZ**
**CLERK OF THE CIRCUIT COURT**
**OF COOK COUNTY, IL**

### ORDERS OF TRANSFER, ASSIGNMENT AND REASSIGNMENT

This Cause being properly before the Court, and the Court being advised in the premises:

I.  Transfers (Temporary)

  ☐  That this cause is transferred to the   ☐ 4852 - Reconciliation Calendar   ☐ 4853 - Military Calendar.

      All existing orders shall remain in full force and effect except _____ .

  ☐  That this cause is transferred to the Collaborative Process Calendar. All prior orders of court, including
      access to the court for enforcement and discovery, shall be considered suspended, and all proceeding shall
      be stayed , unless other wise expressly provided by law, agreement of the parties, or order by the court.

  ☐  That this cause be returned from the   ☐ 4752 - Reconciliation Calendar   ☐ 4753 - Military Calendar
                                            ☐ Collaborative Process Calendar.

  ☒  4282 IT IS ORDERED that the above entitled cause is transferred to Judge  Trowbridge

      Calendar  31 _____  for  all post decree matters _____ .

  ☐  Pretrial  ☐ Contested Motion for _____
      all other matters being retained by the Preliminary Judge.

  ☐  4201 IT IS ORDERED that this cause is returned to Judge _____

      Calendar _____ for further proceedings, the transferred matter being concluded.

II.  Assignment (Trial)

  ☐  It is Ordered that:

      ☐  4295  Discovery is closed as of _____ .

      ☐  4482  This cause is set for Trial before Judge _____

            Calendar _____

            Instanter. All parties or their counsel shall proceed immediately to courtroom _____ .

Note:  Cases set for trial can only be continued for cause, on motion pursuant to Supreme Court Rule and
       Domestic Relations General Order 86 D-1.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 2

**Orders of Transfer, Assignment and Reassignment**      **(06/16/21) CCDR 0014 B**

III. Reassignments to or from Presiding Judge

☐   8282   This Cause coming before the court for reassignment, IT IS HEREBY ORDERED that this is assigned to the Presiding Judge for: ☐ Hearing; ☐ Consolidation within the

Division: Case Number _____ Calendar _____ ;

or ☐ Other _____ .

☐   8201   Clerk for the Circuit Court for random electronic assignment to a calendar:

☐ Preliminary   ☐ Individual   ☐ Post-Judgment   ☐ Expedited Child Support

☐ Excluding Calendar(s) _____

ENTERED:

Dated: _____

Judge Judge Jill Rose Quinn    Judge's No.

MAR 01 2024

Circuit Court - 2286

Atty. No.: _____

Atty Name: _____

Atty. for: Order of Court

Address: _____

City: _____ State: \_\_\_\_

Zip: _____

Telephone: _____

Primary Email: _____

**Order Regarding Substitution of Judge or Recusal**  (Rev. 12/01/20) CCDR 0634

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS  DIVISION

IN RE:  ☑ Marriage  ☐ Civil Union  ☐ Legal Separation  ☐ Allocation of Parental Responsibilities
☐ Visitation (Non-Parent)  ☐ Support  ☐ Parentage of:

KENTON GIRARD
_____
Petitioner

No.: 2015 D 9633

and

JANE GIRARD
_____
Respondent

Calendar: 31

### ORDER REGARDING SUBSTITUTION OF JUDGE OR RECUSAL

THIS CAUSE being properly before the Court, and Court being advised in the premises:

☑ IT IS ORDERED THAT: pursuant to a Petition for Substitution of Judge timely filed by the

☑ Petitioner ☐ Respondent 4100 ☑ as of right 8283 ☐ for cause, which has been granted, the above entitled cause is

hereby transferred to the 8282 ☐ PRESIDING JUDGE 4201 ☑ PRELIMINARY JUDGE OF

Team  C  _____  for reassignment.

☐ IT IS ORDERED THAT: the assigned judge having recused himself/herself pursuant to Supreme Court Rule 63(c)

4110 and having withdrawn from further proceedings in this cause, the above entitled cause is hereby transferred

to the 8282 ☐ PRESIDING JUDGE 4201 ☐ PRELIMINARY JUDGE of

Team  _____  for reassignment.

Atty. No.: 80095
Name: BEERMANN LLP
Attorney for : Jane Girard, Respondent
Address: 161 North Clark St. , Suite 3000
City/State/Zip Code: Chicago, IL 60601
Telephone: (312) 627-9700
Primary Email Address:
kpaige@beermannlaw.com
Secondary Email Address:
clmeyers@beermannlaw.com
Other Email Address:
_____

Judge Bradley R. Trowbridge
APR 05 2024
Circuit Court - 2331

ENTERED:
Dated: _____

_____
Judge                                    Judge's No.

### IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

**ENTERED**

Apr. 12, 2024

Iris Y. Martinez
Clerk of the Circuit Court
of Cook County, IL

DEPUTY CLERK _____

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

*4234R/P*
*4215P/R*
*4406R*
*4801P/R*

IN RE: THE FORMER MARRIAGE OF )
                                    )
KENTON GIRARD,               )
               Petitioner,     )
                                      )
     and                                 )    No.    2015 D 009633
                                        )
JANE GIRARD,                )
                 Respondent,     )
                                        )
     and                                 )
                                        )
MARISSA GIRARD,          )
        Third Party Respondent.   )

### ORDER

**THIS MATTER** coming before the Court for presentment of Respondent's Motion to Set Trial and Case Management Conference and Motion to Enforce 604.10(b) recommendations and presentation of Petitioner's Motion for Substitution of Judge as of Right (Judge Trowbridge) and Motion for 604.10(c) Evaluation; this matter being reassigned to Judge Goldfarb, Calendar 35, Kenton Girard present having filed his *Pro se* Appearance, attorneys for Jane Girard Beermann LLP present, Joel Levin representing the minor children present all via zoom, the third party respondent not appearing; this Court in Cal. 35 having conducted a pretrial conference;

**IT IS HEREBY ORDERED:**

     1)     Respondent is granted 21 days to respond to Petitioner's Motion for 604.10(c), should she choose;

     2)     Petitioner is granted 21 days to respond to Respondent's Motion to Set Trial and Case Management Conference and Motion to Enforce 604.10(b) Recommendations if not already responded to;

     3)     Within 7 days Kenton shall reach out to Dr. Robert Shapiro to determine the timeline Dr. Shapiro requires for Kenton's 601.10(c) evaluation. On April 26, 2024, Kenton shall report to the Court if he wants to move forward with the 604.10(c) evaluation at his sole cost;

     4)     Kenton and the children's request for an in-camera interview with the Court is agreed to take place at a later agreed-upon date, time, and

protocol. The 604.10(b) report shall be hand- delivered to the Court in Room 2805 in advance of the in-camera interview. The parties shall discuss protocol surrounding the in-camera interview at the April 26, 2024 court date. The parties will schedule the date to exchange proposed protocol on April 26, 2024.

5) In addition to Paragraph 4 and 5 above, this matter is set for status of Kenton's payment of Joel Levin's fees and for the setting of a 218 Case Management conference on April 26, 2024 at 9:00 a.m. via zoom.

ENTERED:

*Renee Goldfarb*

_____
Judge Renee Goldfarb

Order Prepared By
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Copies to
jlevin@levinfamilylaw.com
service@levinfamilylaw.com
kg5252@yahoo.com
marissadakis@gmail.com

2

# Exhibit - C

**ENTERED**

May. 14, 2024

Iris Y. Martinez
Clerk of the Circuit Court
of Cook County, IL

DEPUTY CLERK _____

*4406 R*
*5246 P (R4)*
*4483 R*
*4215 PR*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE: THE FORMER MARRIAGE OF )
                                                        )
KENTON GIRARD,                              )
                    Petitioner,                    )
                                                        )
        and                                         )        No.      2015 D 009633
                                                        )
JANE GIRARD,                                  )
                    Respondent,                 )
                                                        )
        and                                         )
                                                        )
MARISSA GIRARD,                           )
                    Third Party Respondent.  )

### ORDER

**THIS MATTER,** coming before the Court for status of protocol surrounding the
children's in-camera interview and 218 Case management conference;   Kenton Girard
present having filed his *Pro se* Appearance, attorneys for Jane Girard, Beermann LLP,
present, Joel Levin representing the minor children present all via zoom, the third party
respondent not appearing; and the Court being duly advised in the premises;

**IT IS HEREBY ORDERED:**

1)    The children's in camera interview is set for June 10, 2024 at 2:00 p.m.
       at the Daley Center, Room 2805 with the following protocol;

       a.    Joel Levin, the Children's Representative, shall report to the Court the
              children's willingness to allow his presence;
       b.    Counsel for Respondent, Petitioner (pro se), and Third Party
              Respondent (pro se) have waived their right to be present for the
              interview;
       c.    The Court shall conduct the in-camera interview in chambers with
              each child separately;
       d.    The Court shall arrange for an official Court reporter.  The entire
              interview shall be recorded and the transcript of the interviews shall
              be filed under seal and released only upon order of court
       e.    The parties and the Child's Representative may submit questions for
              the in-camera interview to the Court.  The questions shall remain
              confidential with the Court.  The questions do not have to be copied

to the other parties. The Court shall determine what questions she asks the children.

2) · Petitioner's Motion for 604.10(c) is denied. Pursuant to the prior Order of Court, Respondent stated that Dr. Shapiro could not complete a report within 60 days and it is in the best interest of the children to have no more delays in this case.

3) This matter shall proceed to immediate trial on outstanding pleadings on August 26, 2024 9:00 a.m.- 5:00 p.m.; August 27, 2024 1:00 p.m. – 5:00 p.m.; August 28, 2024 1:00 p.m.- 5:00 p.m.; August 29, 2024 9:00 a.m.- 5:00 p.m. at the Daley Center room 2805;

4) The parties shall work together on a Case Management Order setting specific deadlines and discovery closure dates;

ENTERED:      **5/14/24**

*Renee Goldfarb* 1905
Judge Renee Goldfarb

Order Prepared By
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clrheyers@beermannlaw.com

Copies to
jlevin@levinfamilylaw.com
service@levinfamilylaw.com
kg5252@yahoo.com
marissadakis@gmail.com

2

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF )
)
KENTON GIRARD, )
                Petitioner, )
)
    and )    No.    2015 D 009633
)
JANE GIRARD, )
              Respondent, )
)
    and )
)
MARISSA GIRARD, )
        Third Party Respondent. )

**ENTERED**

Jun. 4, 2024

Iris Y. Martinez
Clerk of the Circuit Court
of Cook County, IL

DEPUTY CLERK _____

## ORDER

**THIS MATTER** coming before the Court pursuant to the appearance of Petitioner, Kenton Girard (hereinafter "Kenton"), before the Honorable William Stewart Boyd via Zoom regarding a Petition for Order of Protection filed by Kenton Girard which was denied on an emergency basis on some prior date by another judicial officer; no notice having been given to Respondent, Jane Girard, or her counsel; the Court having requested that counsel for Respondent appear; Petitioner, Kenton Girard, and Respondent's counsel, Karen V. Paige of Beermann LLP having appeared via Zoom before the Court on May 30, 2024;

THE COURT FINDS:
    A) Petitioner, Kenton Girard, provided no notice to Respondent or her counsel of the Petition for Order of Protection previously or for the appearance before Judge Boyd;
    B) This matter has been permanently assigned to Judge Renee Goldfarb.

**IT IS HEREBY ORDERED:**

    1)    Petitioner, Kenton Girard's, oral motion for the Court to hear the Petition for Order of Protection is denied;

    2)    Petitioner, Kenton Girard, shall provide the Petition for Order of Protection (and any other pleadings filed with said Petition), along with all exhibits; Orders from the Petition for Order of Protection; and any correspondence to the Court, via email to the attorneys at Beermann LLP at the email addresses below within 24 hours;

3)    Petitioner, Kenton Girard's, Petition for Order of Protection is
      entered and continued to Trial in this matter before Judge Renee
      Goldfarb on the previously-set dates (pursuant to Judge Goldfarb's
      Order of May 14, 2024) beginning August 26, 2024 in person.


          ENTERED:

          *William Stewart Boyd #1760*
          Judge William Stewart Boyd


Order Prepared By                          Copies to
**BEERMANN LLP**                           jlevin@levinfamilylaw.com
Attorneys for Respondent                   service@levinfamilylaw.com
161 N. Clark St., Ste. 3000                kg5252@yahoo.com
Chicago, IL 60601                          marissadakis@gmail.com
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com
jsteele@beermannlaw.com

2

**ENTERED**

Jun. 14, 2024

Iris Y. Martinez
Clerk of the Circuit Court
of Cook County, IL

DEPUTY CLERK _____

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE: THE FORMER MARRIAGE OF    )
                                      )
KENTON GIRARD,                        )
           Petitioner,     )
                                        )
     and                            )   No.   2015 D 009633
                                          )
JANE GIRARD,                     )
           Respondent,   )
                                        )
     and                            )
                                        )
MARISSA GIRARD,               )
          Third Party Respondent.  )

5246 P
4246
4406 R
4801 P/R

### ORDER

**THIS MATTER** coming before the Court for hearing on Child
Representative Joel Levin's *Emergency Motion to Cancel In-Camera Interview by
the Child Representative* and Respondent Jane Girard's Response to same, and
Petitioner Kenton Girard's *Motion to Remove Third-Party Respondent Marissa
Girard* and Respondent Jane Girard's Response to same; Kenton Girard present
appearing *Pro se*, counsel for Jane Girard, Beermann LLP, and Joel Levin
representing the minor children present all via Zoom; the third party
respondent not appearing; the Court hearing argument on both pleadings and
their respective responses; the Court being duly advised in the premises;

**IT IS HEREBY ORDERED:**

1) Petitioner's *Motion to Remove Third-Party Respondent Marissa Girard* is Denied.

2) Child Representative's Emergency *Motion to Cancel In-Camera Interview by the Child Representative* is Granted.

3) This matter is set for status on settlement negotiations between the parties on July 3, 2023 at 12:00 p.m. via Zoom. Meeting ID: 971 5226 9618; PW: 718655.

ENTERED:     6/14/24

*Renee Goldfarb*

Judge Renee Goldfarb

Order Prepared By
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com

Copies to
jlevin@levinfamilylaw.com
service@levinfamilylaw.com
kg5252@yahoo.com
marissadakis@gmail.com

2

ENTERED
Jul. 18, 2024
Iris Y. Martinez
Clerk of the Circuit Court
of Cook County, IL

DEPUTY CLERK _____

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION**

IN RE: THE FORMER MARRIAGE OF )
)
KENTON GIRARD, )
            Petitioner, )
)
   and )   No.   2015 D 009633
)
JANE GIRARD, )
            Respondent, )
)
   and )
)
MARISSA GIRARD, )
         Third Party Respondent. )

## ORDER

**THIS MATTER** coming before the Court pursuant the Order of June 12, 2024; appearing in Court via zoom were: Jane Girard, Respondent; Counsels for Jane Girard; Joel Levin, Children's Representative; and Kenton Girard (pro se); Third Party Respondent Marissa Girard (pro se) not appearing; the Court having inquired about the status of visits between Jane and the children, and having conducted a Pre Trial Conference;

**IT IS HEREBY ORDERED:**

   1)   Kenton Girard shall provide deposition dates for his deposition and Marissa's deposition to Jane's counsels by email on or before July 15, 2024;

   2)   Pre Trial Conference is set via Zoom on August 15, 2024, at 12 p.m.

ENTERED:     7/18/24

*Renee Goldfarb*
Judge Renee Goldfarb

Order Prepared By
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com
jsteele@beermannlaw.com

Copies to
jlevin@levinfamilylaw.com
service@levinfamilylaw.com
kg5252@yahoo.com
marissadakis@gmail.com

2

Order for Recusal                                    (03/06/24) CCDR 0124

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE THE:  ☑ Marriage  ☐ Civil Union  ☐ Allocation of Parental Responsibilities
            ☐ Support  ☐ Parentage  ☐ Visitation (Non-Parent)  ☐ Other

Kenton Girard
_____
                    Petitioner,      Case No. 2015 D 009633

        and                          Calendar: 35          ENTERED

Jane Girard
_____
                    Respondent.                           AUG 14 2024
        and
Marissa Girard, Third Party Respondent
                **ORDER FOR RECUSAL**

(4110) This cause coming to be heard on the Court's own Motion for Recusal Pursuant to Canon 2.11 of
       the Illinois Code of Judicial Conduct of 2023 and 735 ILCS 5/2-1001(a)(1), and the Court being
       fully advised in the premises,

       IT IS HEREBY ORDERED:

(4201) ☒ A Trial Judge having recused themselves, this cause is hereby transferred to Preliminary Calendar
       Judge ☒ C  ☐ D  ☐ E for reassignment. This Order shall be sent to the Preliminary Judge.

(8282) ☐ An Individual Calendar Judge/Preliminary Judge having recused themselves, this cause is hereby
       transferred to the Presiding Judge of the Domestic Relations Division, Calendar 01, for random
       reassignment. This Order shall be sent to DRDdivorderscal01@cookcountycourt.com.

ENTERED: Dated: 8/14/2024    _____  #1905
                             Judge            Judge's No.


Prepared by: _____

Attorney for:  ☐ Petitioner  ☐ Respondent  ☐ Child(ren)  Attorney #: _____ OR
               ☐ I do not have an attorney (Self-Represented Litigant)  Attorney #: 99500

Telephone: _____  Email: _____

Address: _____
         Street, Apt. #                    City          State      Zip


**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 1

**Order for Recusal**                                    **(03/06/24) CCDR 0124**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE THE:  ☐ Marriage  ☐ Civil Union  ☐ Allocation of Parental Responsibilities
            ☐ Support  ☐ Parentage  ☐ Visitation (Non-Parent)  ☐ Other

_Kenton Girard_
                                    Petitioner,     Case No. _2015 D9633_

            and                                     Calendar: _C_        ENTERED

_Jane Girard_
                            _and_    Respondent.                          AUG 16 2024
· _Marissa Girard, third party Respondent_

### ORDER FOR RECUSAL

(4110) This cause coming to be heard on the Court's own Motion for Recusal Pursuant to Canon 2.11 of
the Illinois Code of Judicial Conduct of 2023 and 735 ILCS 5/2-1001(a)(1), and the Court being
fully advised in the premises,

IT IS HEREBY ORDERED:

(4201) ☐ A Trial Judge having recused themselves, this cause is hereby transferred to Preliminary Calendar
Judge ☐ C  ☐ D  ☐ E for reassignment. This Order shall be sent to the Preliminary Judge.

(8282) ☐ An Individual Calendar Judge/Preliminary Judge having recused themselves, this cause is hereby
transferred to the Presiding Judge of the Domestic Relations Division, Calendar 01, for random
reassignment. This Order shall be sent to DRDdivorderscal01@cookcountycourt.com.

ENTERED: Dated: _8/16/24_                _____    _____
                                          Judge                Judge's No.

Prepared by: _____

Attorney for:  ☐ Petitioner  ☐ Respondent  ☐ Child(ren)  Attorney #: _____ OR
               ☐ I do not have an attorney (Self-Represented Litigant)  Attorney #: 99500

Telephone: _____  Email: _____

Address: _____
          Street, Apt. #                        City            State       Zip

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 1

**4201/4282 Transfer to Judge, 4295 Close Discovery-Allowed,**
**8201 Return for Random Assignment**                                          (Rev. 02/04/16) CCDR 0014

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE: ☐ Marriage ☐ Civil Union ☐ Legal Separation ☐ Allocation of Parental Responsibilities
☐ Visitation (Non-Parent) ☐ Support ☐ Parentage of:

KENTON GIRARD
_____
Petitioner

and

JANE GIRARD, MARISSA GIRARD, MATTHEW ELSTER, JOEL LEVIN, KAREN PAIGE
_____
Respondent

No.: 2015D 009633

Calendar: 01

**ENTERED**
PRESIDING JUDGE REGINA SCANNICCHIO - 2059
**Aug. 19, 2024**
Iris Y. Martinez
Clerk of the Circuit Court
of Cook County, IL

### ORDERS OF TRANSFER, ASSIGNMENT AND REASSIGNMENT

THIS CAUSE being properly before the COURT, and the COURT being advised in the premises:

DEPUTY CLERK _____

I.  TRANSFERS (Temporary)
   ☐ That this cause is transferred to the 4852 ☐ Reconciliation Calendar 4853 ☐ Military Calendar. All existing orders
   shall remain in full force and effect except _____ .
   ☐ That this cause be returned from the 4752 ☐ Reconciliation Calendar 4753 ☐ Military Calendar.

4282 ☑ IT IS ORDERED that the above entitled cause is transferred to Judge FERNANDEZ
   Calendar 99 _____ for ALL FUTURE MATTERS _____ .

   ☐ PRETRIAL ☐ CONTESTED MOTION for _____
   all other matters being retained by the Preliminary Judge.

4201 ☐ IT IS ORDERED that this cause is returned to Judge_____
   Calendar _____ for further proceedings, the transferred matter being concluded.

II.  ASSIGNMENT (Trial)
   ☐ IT IS ORDERED that:

   4295 ☐ Discovery is closed as of _____ .

   4482 ☐ This cause is set for Trial before Judge_____ Calendar _____

         INSTANTER. ALL PARTIES OR THEIR COUNSEL SHALL PROCEED IMMEDIATELY TO COURTROOM _____ .

NOTE: CASES SET FOR TRIAL CAN ONLY BE CONTINUED FOR CAUSE, ON MOTION PURSUANT TO SUPREME COURT RULE AND
DOMESTIC RELATIONS GENERAL ORDER 86 D-I.

III.  REASSIGNMENTS TO OR FROM PRESIDING JUDGE
   8282 ☐ THIS CAUSE coming before the court for reassignment, IT IS HEREBY ORDERED that this is assigned to the
         Presiding Judge for: ☐ Hearing; ☐ Consolidation within the Division: Case Number _____
         Calendar _____ ; or ☐ Other RECUSAL _____ .
   8201 ☑ Clerk for the Circuit Court for random electronic assignment to a calendar ☐ Preliminary ☐ Individual
         ☐ Post-Judgment ☐ Expedited Child Support ☑ Excluding Calendar(s) C, 35, 34,31 _____ .

Atty. No.: _____
Name: ORDER OF COURT _____
Atty. for:_____
Address: _____
City/State/Zip: _____
Telephone: _____
Primary Email: _____
Secondary Email: _____
Tertiary Email: _____

ENTERED:

Dated: _____

_Jeannecchio #2059_
Judge                                Judge's No.

### IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
DOMESTIC RELATIONS DIVISION, THIRD DISTRICT**

| | |
|---|---|
| Kenton Girard | ) |
| Petitioner | ) |
| | ) |
| Jane Girard | ) |
| Respondent | ) |
| | ) |
| Marissa Girard, Third-Party. | ) |

Court No. 2015 D 9633

☐ Pre-Decree or ✔ Post-Decree

**E N T E R E D**
Judge Rossana P. Fernandez-2141

**SEP  5 2024**

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

**IN PERSON**

**REMOTE STATUS/ CASE MANAGEMENT ORDER**

This cause coming to be heard for REMOTE STATUS. Petitioner/ Respondent filed a ☐ Petition for
Dissolution of Marriage OR ✔ Petition for Case Mgt, Motion to Compel, Motion to WD filed on 9/4, 8/27, 8/28 .
The parties share __2__ minor children. Notice to all parties. The Court being fully advised in the premises.

**IT IS HEREBY ORDERED:**

1. **FINANCIAL AFFIDAVITS** have been Completed and Exchanged by the parties as of _____.

2. **FINANCIAL AFFIDAVITS** have NOT been completed but **shall** be Exchanged/ Updated (with all attachments)
   by the parties no later than the next _____ days, on or before _____.

3. **ALLOCATION OF PARENTAL RESPONSIBILITIES** ("Parenting Plan") has been Entered by Agreement of
   the parties on __11/4/2015__ .

4. **ALLOCATION OF PARENTAL RESPONSIBILITIES** ("Parenting Plan") has NOT been entered.
   Therefore, this matter is referred to Mediation (per separate order) _____ YES _____ NO _____ N/A

5. **WRITTEN DISCOVERY** shall be Propounded no later than _____, *or shall be waived.*

6. **WRITTEN DISCOVERY** shall be Completed by the Parties no later than _____.

7. **WRITTEN DISCOVERY** has been Completed by the Parties as of _____.

8. **ORAL DISCOVERY** shall be Completed by the Parties no later than _____.

9. This matter is continued to October 18, 2024 , at 1 : 30 AM/ PM FOR **REMOTE:**

   ____ STATUS ____ PRETRIAL _X_ HEARING : via "Zoom" Video Conferencing

   (a) ____ Service    (b) _X_ Settlement   (c) ____ Remaining Trial issues (d) ____ Allocation JGMT

   (d) ____ Petitioner/ Respondent Motion(s) for _____

   (e) _X_ Other: 30 min. case mgt. conf. All parties required to be present, Joel Levin granted leave to withdraw

| | |
|---|---|
| Kenton Girard, Marissa Girard | Beermann LLP, E. Mirabelli, C. Meyers |
| Petitioner/ Petitioner's Attorney | Respondent/ Respondent's Attorney |
| kg5252@yahoo.com, marissadakis@gmail.com | clmeyers@beermannlaw.com |
| Email for Notices (print) | Email for Notices (print) |

**ATTORNEY NAME/ CODE:** 80095
**ATTORNEY FOR:** Jane Girard
**ADDRESS:** 161 N. Clark, #3000
**CITY/STATE:** Chicago, IL 60601
**PHONE:** 312-621-9700

**ENTERED:**

_Fernandez #2141_
**JUDGE**

**OTHER SIDE MUST BE COPIED ON ALL EMAILS**
*ALL EMAIL "SUBJECT" LINES SHALL CONTAIN: (PETITIONER LAST NAME) & (COURT NO.) & (FUTURE DATE) *
** Courtesy Copies 7 Days in advance TO: ccc.DomRelCR3009@CookCountyIL.Gov

IN THE CIRCUIT COURT OF THE COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF: )
)
KENTON GIRARD, )
               Petitioner, )
)
    and )    No. 2015 D 009633
)
JANE GIRARD, )    Cal. 99
              Respondent. )
)
MARISSA GIRARD, )
)
    Third Party Respondent. )

**ENTERED**
Judge Rossana P. Fernandez-2141
**OCT 18 2024**
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## ORDER

This case coming before the Court for Case Management Conference pursuant to the Order entered September 5, 2024; Petitioner, KENTON GIRARD, present in Court, *Pro Se*; Respondent, JANE GIRARD, present in Court with her counsels, Enrico J. Mirabelli and Karen V. Paige of Beermann LLP; Third Party Respondent, MARISSA GIRARD, not appearing in Court; the Court having heard argument regarding Petitioner, KENTON GIRARD's, Motion to Stay Proceedings, and having conducted a Case Management Conference; the Court Orders:

    1.    Petitioner (Kenton) present in court, pro-se.

    2.    Respondent (Jane) present in court with her Attorneys, Mirabelli and Paige.

    3.    Third-Party Respondent (Marissa) failed to appear.

4.     The Court has reviewed a copy of the file-stamped Motion for Substitution of Judge (as a Matter of Right) filed by Third Party Respondent, Marissa Girard (file stamped 10-16-24 08:19 pm). The Court inquired if Third Party Respondent Marissa Girard was present, or if any counsel was present on her behalf, but Marissa Girard did not appear personally nor through counsel on her behalf. Third Party Respondent Marissa Girard's Motion for Substitution of Judge (as a Matter of Right) is *stricken*.

5.     Minor Child's Motion to intervene (filed 08-12-24) is *Stricken and denied* for lack of legal capacity.

6.     After reviewing Petitioner, Kenton Girard's, Motion for Stay of Proceedings, and Respondent, Jane Girard's, Response to Motion to for Stay of Proceedings, and *after hearing* argument of counsel and Petitioner, Kenton Girard, the Motion to Stay of proceedings is *Denied*.

7.     The Court conducted a Case Management Conference and set Trial dates pursuant to the Court's Trial Order entered contemporaneously herewith.

ENTERED: 10-18-24

**ENTERED**
Judge Rossana P. Fernandez-2141
#214/ OCT 1 8 2024
**IRIS Y. MARTINEZ**
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

JUDGE

Karen V. Paige
Enrico J. Mirabelli
**BEERMANN LLP**
Attorneys for Respondent, Jane Girard
161 North Clark Street, Suite 3000
Chicago, Illinois 60601
T: (312) 621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com

Kenton Girard
**Petitioner (Pro-se)**
KG5252@Yahoo.com

Marissa Girard
**Third-Party Respondent**
MarissaDakis@Gmail.com

-2-

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**DOMESTIC RELATIONS DIVISION, THIRD DISTRICT**

| | | |
|---|---|---|
| KENTON GIRARD | ) | |
| Petitioner | ) | Court No. 15 D 9633 |
| | ) | |
| JANE GIRARD | ) | |
| Respondent | ) | Calendar "99" |
| | ) | |

**E N T E R E D**
Judge Rossana P. Fernandez-2141

**OCT 18 2024**

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### TRIAL ORDER
### IN PERSON

THIS CAUSE COMING TO BE HEARD FOR TRIAL ASSIGNMENT. Notice to all parties.

The court being fully advised in the premises. **IT IS HEREBY ORDERED:**

1   All issues, including Contribution of Attorneys' Fees, shall be heard at the Trial for this cause,

Unless otherwise ordered by the court.

2   **TRIAL** is scheduled to proceed on

| | | |
|---|---|---|
| FEBRUARY 18 | , 2025 | at 11:00 AM |
| FEBRUARY 19 | , 2025 | at 01:30 PM |
| FEBRUARY 20 | , 2025 | at 01:30 PM |
| FEBRUARY 21 | , 2025 | at 01:30 PM |

**WRITTEN DISCOVERY CLOSES (11-08-24)**
3   **ORAL (Non-Expert) DISCOVERY CLOSES (11-08-24)** _____ *(any claims or documents not*
**ORAL (Expert) DISCOVERY CLOSES (12-31-24)**
*disclosed timely* **shall** *be barred*).

4   Counsel of Record and/or the Parties *shall* exchange the following Documents no later than

**FEBRUARY 04, 2025     :**

   a.   Updated Financial Affidavits (if any pending financial issues)
   b.   Witness Lists;
   c.   Written Stipulations;
   d.   Updated Discovery;
   e.   Trial Exhibits (and shall provide the court copies *via ONE EMAIL* with a numerical list of
        proposed Exhibits as **PDF files** and labeled (numerically) no later than *14 days prior to trial.*
   f.   All Motions in Limine.

5   Counsel of Record and/or the Parties *shall* provide to the Court **VIA ONE (1) EMAIL SUBMISSION,** and to each other, Courtesy Copies of the following, *within fourteen (14) days prior to trial,* on or before <u>FEBRUARY 04, 2025</u> :

*(All Exhibits shall be Marked in <u>Numerical Order</u> and attached as <u>separate</u> PDF files to one (1) Email to the Court):*

    a.   Updated Financial Affidavits (if any pending financial issues)
    b.   All Exhibits, including a list of stipulated Exhibits;
    c.   Any objections (in writing) to the opposing party's Exhibits;
    d.   Witness Lists;
    e.   Written Stipulations;
    f.   Petitions for Contribution to Attorneys' Fees;
    g.   List of all other Exhibits <u>not</u> stipulated to; and
    h.   *Proposed Judgment Order from each party, including a separate Allocation Judgment, if applicable.*

6   Failure to submit appropriate Fee Petition(s) on the day of Trial *shall* be deemed a waiver of contribution to Attorney's Fees.

7   Witnesses not identified on a Witness List *shall* be barred from testifying at trial.

8   The parties must provide a court reporter at their own expense.

9   All Settlement discussions between the parties shall take place <u>prior to</u> the day of trial and *No Pretrial Request will be entertained on the day of trial.*

10   The case *shall* be *Dismissed for Want of Prosecution* if the Petitioner fails to appear and/or fully comply with this Order.

11   An *Order of Default shall* be entered against the Respondent if the Respondent fails to appear and/or does not fully comply with this Order/ Likewise for any Third-Party.

| KENTON GIRARD (Petitioner) | ENRICO MIRABELLI (Attorney) |
|---|---|
| **Petitioner/ Petitioner's Attorney (print)** | **Respondent/ Respondent's Attorney (print)** |
| KG5252@Yahoo.com | EJMirabelli@BeermanLaw.com |
| **Email for Notices (print)** | **Email for Notices (print)** |

** Third-Party (Marissa Girard) MarissaDakis@Gmail.com

**ATTORNEY CODE:**
**ATTORNEY NAME:**
**ATTORNEY FOR:**   **O/C**
**ADDRESS:**
**CITY/STATE:**
**PHONE:**
**EMAIL:**

ENTERED: 10-18-24

JUDGE

ENTERED
Judge Rossana P. Fernandez-2141
#2141 OCT 1 8 2024
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

IN THE CIRCUIT COURT OF THE COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF:            )
                                  )
KENTON GIRARD,                    )
            Petitioner,           )
                                  )
      and                         )     No. 2015 D 009633
                                  )
JANE GIRARD,                      )     Cal. 99
            Respondent.           )
                                  )
MARISSA GIRARD,                   )
                                  )
      Third Party Respondent.     )

**ENTERED**
Judge Rossana P. Fernandez-2141
OCT 18 2024
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

**ORDER**

This case coming before the Court for Case Management Conference pursuant to the Order entered September 5, 2024; Petitioner, KENTON GIRARD, present in Court, *Pro Se*; Respondent, JANE GIRARD, present in Court with her counsels, Enrico J. Mirabelli and Karen V. Paige of Beermann LLP; Third Party Respondent, MARISSA GIRARD, not appearing in Court; the Court having heard argument regarding Petitioner, KENTON GIRARD's, Motion to Stay Proceedings, and having conducted a Case Management Conference; the Court Orders:

1.    Petitioner (Kenton) present in court, pro-se.

2.    Respondent (Jane) present in court with her Attorneys, Mirabelli and Paige.

3.    Third-Party Respondent (Marissa) failed to appear.

4.      The Court has reviewed a copy of the file-stamped Motion for Substitution of Judge (as a Matter of Right) filed by Third Party Respondent, Marissa Girard (file stamped 10-16-24 08:19 pm).  The Court inquired if Third Party Respondent Marissa Girard was present, or if any counsel was present on her behalf, but Marissa Girard did not appear personally nor through counsel on her behalf. Third Party Respondent Marissa Girard's Motion for Substitution of Judge (as a Matter of Right) is *stricken*.

5.      Minor Child's Motion to intervene (filed 08-12-24) is *Stricken and denied* for lack of legal capacity.

6.      After reviewing Petitioner, Kenton Girard's, Motion for Stay of Proceedings, and Respondent, Jane Girard's, Response to Motion to for Stay of Proceedings, and *after hearing* argument of counsel and Petitioner, Kenton Girard, the Motion to Stay of proceedings is *Denied*.

7.      The Court conducted a Case Management Conference and set Trial dates pursuant to the Court's Trial Order entered contemporaneously herewith.

ENTERED: 10-18-24

_____
JUDGE

ENTERED
Judge Rossana P. Fernandez-2141
#214 / OCT 1 8 2024
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Karen V. Paige
Enrico J. Mirabelli
**BEERMANN LLP**
Attorneys for Respondent, Jane Girard
161 North Clark Street, Suite 3000
Chicago, Illinois 60601
T: (312) 621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com

Kenton Girard
**Petitioner (Pro-se)**
KG5252@Yahoo.com

Marissa Girard
**Third-Party Respondent**
MarissaDakis@Gmail.com

–2–

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
DOMESTIC RELATIONS DIVISION, THIRD DISTRICT

KENTON GIRARD
_____ )
            Petitioner )    Court No. 15 D 9633
                     )

JANE GIRARD
_____ )    Calendar "99"
            Respondent )

MARISSA GIRARD
     Third-Party Respondent )

**ENTERED**
Judge Rossana P. Fernandez-2141

**DEC 03 2024**

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## <u>TRIAL ORDER</u>
## IN PERSON

THIS CAUSE COMING TO BE HEARD FOR TRIAL ASSIGNMENT.  Notice to all parties.

The court being fully advised in the premises.  **IT IS HEREBY ORDERED:**

1    All issues, including Contribution of Attorneys' Fees, shall be heard at the Trial for this cause,
       Unless otherwise ordered by the court.

2    **TRIAL** is scheduled to proceed on     FEBRUARY 18____, 2025 at 11:00 AM

                                         FEBRUARY 19____, 2025 at 01:30 PM

                                         FEBRUARY 20____, 2025 at 01:30 PM

    **PRETRIAL** is scheduled to proceed on   FEBRUARY 21____, 2025 at 01:30 PM

3    **DISCOVERY CLOSES ON** ____see below_____ (*any claims or documents not*
     *disclosed timely <u>shall</u> be barred*).  **Written Discovery Closes: 11-08-24**

     Oral (Non-Expert) Discovery Closes:  12-31-24; Oral (Expert) Discovery Closes: 1-31-25
     FEBRUARY 4, 2025____ .

4    ~~Counsel of record and/or the parties s~~*hall* exchange the following Documents no later than
        b.   Witness Lists;
        c.   Written Stipulations;
        d.   Updated Discovery;
        e.   Trial Exhibits (and shall provide the court copies *via ONE EMAIL* with a <u>numerical list</u> of
           proposed Exhibits as **PDF files** and labeled (numerically) no later than *14 days prior to trial*.
        f.   All Motions in Limine.

** Respondent's Motion to correct the Trial Order deadlines, nunc pro tunc to 10-18-24 is GRANTED.

5    Counsel of Record and/or the Parties *shall* provide to the Court **VIA ONE (1) EMAIL SUBMISSION,** and to each other, Courtesy Copies of the following, *within fourteen (14) days prior to trial,* on or before FEBRUARY 04,     :

*(All Exhibits shall be Marked in <u>Numerical Order</u> and attached as <u>separate</u> PDF files to one (1) Email to the Court):*

    a.  Updated Financial Affidavits;
    b.  All Exhibits, including a list of stipulated Exhibits;
    c.  Any objections (in writing) to the opposing party's Exhibits;
    d.  Witness Lists;
    e.  Written Stipulations;
    f.  Petitions for Contribution to Attorneys' Fees;
    g.  List of all other Exhibits <u>not</u> stipulated to; and
    h.  *Proposed Judgment Order from each party, including a separate Allocation Judgment, if applicable.*

6    Failure to submit appropriate Fee Petition(s) on the day of Trial *shall* be deemed a waiver of contribution to Attorney's Fees.

7    Witnesses not identified on a Witness List *shall* be barred from testifying at trial.

8    The parties must provide a court reporter at their own expense.

9    All Settlement discussions between the parties shall take place <u>prior to</u> the day of trial and *No Pretrial Request will be entertained on the day of trial.*

10   The case *shall* be *Dismissed for Want of Prosecution* if the Petitioner fails to appear and/or fully comply with this Order.

11   An *Order of Default shall* be entered against the Respondent if the Respondent fails to appear and/or does not fully comply with this Order.

| KENTON GIRARD (Pro Se) | ENRICO J. MIRABELLI |
|---|---|
| **Petitioner/ Petitioner's Attorney (print)** | **Respondent/ Respondent's Attorney (print)** |
| KG5252@Yahoo.com | EJMirabelli@beermannlaw.com |
| **Email for Notices (print)** | **Email for Notices (print)** |

**ATTORNEY CODE:**
**ATTORNEY NAME:**
**ATTORNEY FOR:**     **O/C**
**ADDRESS:**
**CITY/STATE:**
**PHONE:**
**EMAIL:**

**ENTERED:**

_____
JUDGE

ENTERED
Judge Rossana P. Fernandez-2141
#2141
DEC 03 2024
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

**OPPOSING SIDE MUST BE COPIED ON ALL EMAILS**
**\*ALL EMAIL "SUBJECT" LINES SHALL CONTAIN: (LAST NAME OF PETITIONER) AND (COURT NO.) \***
**\*\* Courtesy Copies 7 Days in advance TO: ccc.DomRelCR3009@CookCountyIL.Gov**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

IN RE THE FORMER MARRIAGE OF ... )
                                     )
KENTON GIRARD,                  )
              Petitioner,        )
                                       )
         and                         )    No.     2015 D 009633
                                       )
JANE GIRARD,                   )
              Respondent,      )
                                       )
         and                         )
MARISSA GIRARD,            )
              Third Party Respondent.   )

**Associate Judge
Gregory Emmett Ahern, Jr.**

**JAN 1 4 2025**

**Circuit Court-2090**

### ORDER ON PETITION FOR SUBSTITUTION OF JUDGE FOR CAUSE

This cause coming before the Hon. Gregory E. Ahern for hearing on January 9, 2025, on Kenton Girard's ("Kenton") November 22, 2024 Petition for Substitution of Judge Rosanna Fernandez for Cause and December 5, 2024 Supplement to Petition for SOJ for Cause (hereinafter collectively referred to as the "Petition"), Jane Girard ("Jane"), by and through her attorneys Beermann LLP, having filed a Response to Petition for Substitution of Judge for Cause and Supplement to Petition for SOJ for Cause on January 3, 2025, following Kenton's Motion to Accommodate Petitioner's Unavailability filed on December 12, 2024, and Kenton's email notice of his personal attendance as a spectator at President James Carter's funeral service in Washington D.C. on January 9, 2025, this Court accommodated Kenton by scheduling the hearing via Zoom several hours the conclusion of the funeral service, Jane, appearing personally and through her attorneys, Kenton and Third-Party Respondent Marissa Girard ("Marissa"), both having received notice of the proceedings and receiving additional emails during the proceedings failing to appear by 2:45 p.m. and neither party appearing by 4:30 p.m. on the Court's open Zoom, the Court having reviewed the pleadings, proposed orders, statutes, and case law, and now being fully advised in the premises, **HEREBY FINDS:**

A.  In summary, Kenton's Petition raises five arguments in favor of a Substitution of Judge for Cause: (i) Judge Fernandez improperly denied a Motion for Substitution of Judge as a Matter of Right filed by Marissa and a Motion to Stay Proceedings filed by Kenton, (ii) Judge Fernandez is not entitled to judicial immunity, (iii) Judge Fernandez inappropriately handled affairs in her courtroom by denying Kenton the ability to speak unless asked direct questions and ordering future proceedings to occur in person, (iv) Judge Fernandez violated the Americans with Disabilities Act as it relates to, and the First Amendment rights of Marissa Girard; and (v) Judge Fernandez is a "cancer on the judiciary."

Page 1 of 3

B. Notably, many of Kenton's arguments are made on behalf of Marissa Girard, who neither joined in the Petition nor filed a Response.

C. This matter was assigned to Calendar 99 on August 19, 2024. In the proceeding five months, Judge Fernandez entered a continuance order following a remote status (9/5/24), entered a trial order following a case management conference (10/18/24), struck Marissa's Motion for Substitution of Judge as of Right after Marissa failed to appear in court to prosecute her Motion (10/18/24), and denied Kenton's Motion to Stay Proceedings (10/18/24).

D. Substitution of judge for cause is governed by section 2-1001 of the Code of Civil Procedure. 735 ILCS 5/2-1001. Specifically, the statute states:

> (3) Substitution for cause. When cause exists.
> (i) Each party shall be entitled to a substitution or substitutions of judge for cause.
>
> (ii) Every application for substitution of judge for cause shall be made by petition, setting forth the specific cause for substitution and praying a substitution of judge. The petition shall be verified by the affidavit of the applicant.
>
> (iii) Upon the filing of a petition for substitution of judge for cause, a hearing to determine whether the cause exists shall be conducted as soon as possible by a judge other than the judge named in the petition. The judge named in the petition need not testify but may submit an affidavit if the judge wishes. If the petition is allowed, the case shall be assigned to a judge not named in the petition. If the petition is denied, the case shall be assigned back to the judge named in the petition.

735 ILCS 5/2-1001(a)(3).

E. To succeed on a substitution of judge for cause petition, a party bears the high burden of showing actual prejudice. *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 30.

F. "Allegedly erroneous findings and rulings by the trial court are insufficient reasons to believe that the court has a personal bias for or against a litigant." *O'Brien*, 2011 IL 109039, ¶ 31. Previous rulings may only do so "if they reveal an opinion that derives from an extrajudicial source or [display] such a high degree of favoritism or antagonism as to make fair judgment impossible." (Internal quotation marks omitted.) *Petalino v. Williams*, 2016 IL App (1st) 151861, ¶ 36.

G. Kenton's Petition does not allege or establish that Judge Fernandez has exhibited actual prejudice against Kenton or Marissa Girard. Judge Fernandez's previous rulings and discretion over her courtroom do not arise to the level of actual bias or prejudice contemplated under section 2-1001 of the Code of Civil Procedure.

**IT IS HEREBY ORDERED THAT:**

1.  Kenton's Petition is DENIED;

2.  This matter shall be returned to Calendar 99 (Hon. Rosanna Fernandez) by separate order of the Presiding Judge.

ENTERED:

_____

Date

_____

Hon. Gregory Ahern

Page 3 of 3

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION**

| | |
|---|---|
| IN RE THE FORMER MARRIAGE OF ) | |
| ) | |
| KENTON GIRARD, ) | |
|     Petitioner, ) | Case No.   2015 D 009633 |
| ) | |
|     and ) | |
| ) | |
| JANE GIRARD, ) | |
|     Respondent, ) | |
| ) | |
|     and ) | Judge William Yu |
| ) | FEB 14 2025 |
| MARISSA GIRARD, ) | Circuit Court-2:221 |
|     Third Party Respondent. ) | |

**<u>ORDER</u>**

This cause coming before the Court pursuant to the Court's February 7, 2025 order and for presentment of (i) Third-Party Respondent, Marissa Girard's Petition for Substitution of Judge for Cause; (ii) Third-Party Respondent, Marissa Girard's Motion for Substitution of Judge as a Matter of Right; (iii) Kenton Girard's Motion to Perfect DWP; (iv) Jane Girard's Motion to Restrict Communication with the Court, Kenton Girard appearing in person, Marissa Girard appearing through counsel, Robert Holstein (who represented he has field a limited scope appearance with respect to the pending petition for substitution of judge), Jane Girard appearing individually and through counsel, the Court having heard argument of counsel with respect to Marissa Girard's Petition for Substitution of Judge for Cause, having jurisdiction over the parties and the subject matter, and being fully advised in the premises, IT IS HEREBY ORDERED THAT:

    1.     This matter is set for trial on May 1 and 2, 2025 starting at 10:30 a.m. in person in Courtroom 3005 on the following pleadings:

        a.   Jane's May 27, 2022 Motion to Appoint a Parenting Coordinator and Compel Use of Our Family Wizard

        b.   Jane's August 31, 2022, Motion to Compel Enrollment in Therapy (seeking reunification therapy for the family)

        c.   Jane's September 20, 2022 Petition for Finding of Parenting Time Abuse directed against Kenton and Marissa.

    d.  Kenton's July 11, 2023 Motion to Modify Joint Parenting Agreement and Custody Judgment,

    e.  Jane's July 13, 2023 Motion to Enforce the Joint Parenting Agreement;

    f.  Jane's March 13, 2024 Motion to Modify the Joint Parenting Agreement and to Implement the 604.10(b) Recommendations.

Said proceedings may be conducted in a hybrid manner and any party/witness who wishes to appear remotely may seek leave to do so. Said trial dates shall not be continued absent compelling circumstances.

    2.    This matter is continued for **status** on resetting hearings on other pending motions to **February 25, 2025 at 10:30 a.m. via Zoom.**

    3.    Petitioner, Kenton Girard, shall have **until 5:00 p.m. on February 14, 2025** to either join Marissa Girard's Petition for Substitution of Judge for Cause, or file his own such petition. In the event he fails to do so, he shall be deemed to have waived his right to seek a for-cause substitution of judge for any alleged bias occurring up to and including today's court proceedings.

    4.    Third-Party Respondent, Marissa Girard's Petition for Substitution of Judge for Cause shall be transferred to Calendar 01 for reassignment via separate order.

ENTER:

_William Yu_

Dated: February 14, 2025

<u>Order Prepared by</u>
**BEERMANN LLP** (Firm No. 80095)
Attorneys for Respondent
161 N. Clark St., Suite 3000
Chicago, IL 60601
312.621.9700
mdelster@beermannlaw.com

<u>Copies to</u>
kg5252@yahoo.com
marissadakis@gmail.com
holsteinrobert3@gmail.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

Kenton Girard

    v.

Jane Girard

15D9633

**ENTERED**
PRESIDING JUDGE REGINA SCANNICCHIO 2059

**Mar. 12, 2025**

Mariyana T. Spyropoulos
Clerk of the Circuit Court
of Cook County, IL

DEPUTY CLERK _____

Hearing Order

This matter comes before this court on a trial assignment for Substitution of Judge for Cause and the court being fully advised in the premises;

IT IS HEREBY ORDERED this matter shall be set for an in person hearing before Judge Robert Johnson on Thursday, April 24, 2025 at 11:00am in Courtroom 2108.

A copy of this order shall be sent to: ejmirabelli@beermannlaw.com, mdelster@beermannlaw.com, kg5252@yahoo.com and marissadakis@gmail.com

Date:  March 12, 2025

_Scannicchio #2059_
Judge's Signature

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

In re the Former Marriage of: )
)
Kenton Girard, )
            Petitioner, )
)
and )
)
Jane Girard, )
            Respondent. )    Case No. 2015D009633
)
and )
)
Marissa Girard, )
            Third-Party Respondent. )

**ENTERED**
Presiding Judge Regina Scannicchio-2059
APR 01 2025
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
Deputy Clerk

## ORDER

THIS CAUSE coming before the Court on the Court's own motion; Respondent Jane Girard, by and through her attorneys Beermann LLP, having filed a Motion to Disqualify Attorney Robert Allan Holstein ("Motion to Disqualify") on March 18, 2025, and also filing a Notice of Motion on March 19, 2025, in connection to the Motion to Disqualify setting the matter before Judge Robert Johnson on April 11, 2025, for immediate hearing; this Court having previously set a hearing on Marissa Girard's February 11, 2025, Petition for Substitution of Judge for Cause on Thursday, April 24, 2025, at 11:00 am in person before Judge Robert Johnson; and the Court now being fully advised in the premises, HEREBY FINDS:

      1.    Robert Holstein filed a Limited Scope Appearance to present Marissa Girard's Motion for Substitution of Judge on February 13, 2025;
      2.    The Motion to Disqualify is directly related to the pending Substitution of Judge for Cause hearing scheduled before Judge Robert Johnson; and
      3.    The Motion to Disqualify should be heard before the hearing on the Substitution of Judge for Cause.

**IT IS HEREBY ORDERED:**
      A.    The April 11, 2025, presentment date and on Respondent Jane Girard's Motion to Disqualify is stricken;
      B.    The Motion to Disqualify shall be heard by Judge Robert Johnson on April 24, 2025, at 11:00 am via Zoom (Meeting ID: 934 9022 2003 Passcode: 543296); and
      C.    Judge Robert Johnson shall determine how to proceed on the pending Substitution of Judge for Cause hearing following his ruling on the Motion to Disqualify.

ENTERED: 4/1/2025

Hon. Regina A. Scannicchio

Order                                                                (12/01/24) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IRMO

NEWTON GIRARD

v.

No. 15 D 9633

CAL. 23

JANE GIRARD
(MARISSA GIRARD, TP Respondent)

### ORDER

This cause coming to be heard on (1) Marissa Girard's 2/11/2025 Petition for SOJ for Cause, (2) Newton Girard's Petition to Join said Petition, (3) Jane Girard's Motion to Disqualify Robert Holstein, all parties appearing, Respondent appearing through counsel, IT IS HEREBY ORDERED THAT:

1. FOR the reasons stated on the record, Jane's Motion to Disqualify Robert Holstein is GRANTED.

2. Hearing on the pending petitions for substitution of judge Yu for Cause is continued to April 29, 2025 at 8:00am in person in Courtroom 2108. Marissa Girard May appear remotely.

3. The Court finds that Newton + Marissa have known of Mr. Holstein's ~~authorized~~ lack of authorization to practice law since March 12, 2025 at the latest, but waited until April 14, 2025 to seek a continuance.

ENTERED
Judge Robert Johnson-2156
APR 2 4 2025
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
Deputy Clerk

Attorney No.: 80095

Name: M. Elstu / ArauMan

Atty. for: Respondent

Address: 161 N Clark #300

City/State/Zip: Chicago IL 60601

Telephone: 312-621-7700

ENTERED:

Dated: APRIL 24, 2025

Judge                    Judge's No.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**

Exhibit C

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

JANE F. GIRARD,                                )
                                               )
           Plaintiff,             )
vs.                                            )        Calendar 1
                                               )
KENTON GIRARD and                              )        Case No. 2015-D-009633
MARISSA GIRARD,                                )
                                               )
           Defendants.            )
---   ---   ---   ---   ---   ---   ---     )
KENTON GIRARD,                                 )
                                               )
           Crossclaim Plaintiff,  )        **NOTICE OF FILING:**
vs.                                            )        **NOTICE OF REMOVAL**
                                               )        **TO THE NORTHERN DISTRICT**
MARISSA GIRARD,                                )        **OF ILL., EASTERN DIVISION**
                                               )
           Crossclaim Defendant.  )
---   ---   ---   ---   ---   ---   ---     )
MARISSA GIRARD,                                )
                                               )
           Counterclaim Plaintiff     )
           and Third Party Plaintiff   )
vs.                                            )
                                               )
JANE F. GIRARD,                                )
                                               )
           Counterclaim Defendant,    )
                                               )
VANESSA L. HAMMER ESQ.,                         )
KAREN V. PAIGE ESQ.,                            )
CANDACE L. MEYERS ESQ and                       )
DETECTIVE RYAN MCENERNEY,                        )
                                               )
           Third Party Defendants.    )

## NOTICE OF FILING: NOTICE OF REMOVAL

Please take notice that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446,

Defendant/Crossclaim Defendant Marissa Girard has filed contemporaneously with this filing a

Notice of Removal in the United States District Court for the Northern District of Illinois,

Eastern Division, a copy of which is attached as **Exhibit 1**, and that said matter shall proceed hereafter in the United States District Court for the Northern District of Illinois, Eastern Division.

DATED: April 28 2025                              Respectfully submitted,

                                                 MARISSA GIRARD

                              By:     */s/ Marissa Girard*
                                      965 Forestway Drive
                                      Glencoe, IL 60022
                                      marissadakis@gmail.com
                                      Tel: 773-425-4393

## CERTIFICATE OF SERVICE

This undersigned certifies that a copy of the foregoing was electronically filed with the Clerk of this Court and was served this 28th day of April 2025 by email to the attorneys who have entered their appearances hereunder. A copy of the foregoing was also transmitted to the office of Hon. Scannicchio via the below-listed points of contact.

**Hon. Regina A. Scannicchio**
Presiding Judge of Domestic Relations Division
ccc.domrelcr1905@cookcountyil.gov

**Jaime A. Barcas**
Executive Assistant for Hon. Scannicchio
jaime.barcas@cookcountyil.gov

                                                 */s/ Kenton Girard*
                                                 Kenton Girard

**EXHIBIT 1**
**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JANE F. GIRARD, | |
| Plaintiff, | Civil No. _____ |
| v. | District Judge _____ |
| KENTON GIRARD and MARISSA GIRARD, | |
| Defendants. | |

------------------------------------------------------------

KENTON GIRARD,

          Crossclaim Plaintiff,

          v.

MARISSA GIRARD,

          Crossclaim Defendant.

------------------------------------------------------------

MARISSA GIRARD,

          Counterclaim Plaintiff &
          Third Party Plaintiff,

          v.

JANE F. GIRARD,

          Counterclaim Defendant,

VANESSA L. HAMMER,
KAREN V. PAIGE,
CANDACE L. MEYERS and
DETECTIVE RYAN MCENERNEY,

          Third Party Defendants.

**CROSSCLAIM DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant/Crossclaim Defendant

Marissa Girard now files this Notice of Removal ("Notice") for the action filed in the Circuit

Court of Cook County, State of Illinois, case number 2015-D-009633, styled as *Jane Girard v. Kenton Girard* ("State Court Action").

Pursuant to 28 U.S.C. § 1446(a), the process and pleadings served upon Defendant/Crossclaim Defendant Marissa Girard through April 28 2025 are attached as **Exhibit A**, and the orders served upon Defendant/Crossclaim Defendant Marissa Girard through April 28 2025 are attached as **Exhibit B**.

On May 26 2023, Jane Girard filed an alias summons (**Exhibit A**) which references a "Motion to Add Third Party". About a month later, Marissa Girard was served with said summons together with an accompanying paper entitled "Motion to Join Third Party" filed on March 8 2023 (**Exhibit A**). That "Motion to Join Third Party" is a motion – not a pleading – seeking court permission for taking the steps required to join Marissa Girard as a defendant, does not even include Marissa Girard in its caption, and therefore constitutes deficient joinder under 735 ILCS 5/2-201(a).

On April 28 2025, Defendant/Crossclaim Plaintiff Kenton Girard served a declaratory judgment pleading ("DJ Crossclaims") on Marissa Girard, which paper raises federal questions, owing to a <u>Postnuptial Indemnification Agreement</u> which provides for indemnification by Kenton as to Marissa's reasonable and necessary legal fees if her rights under the Constitution or federal law are *violated* owing to a course of action by Jane F. Girard and therefore raises federal and Constitutional questions.

**I.      This Notice is Timely.**

Removal of this action is timely under 28 U.S.C. § 1446(b), which provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the

claim for relief upon which such action or proceeding is based[.]" In this case, Defendant/Crossclaim Defendant Marissa Girard has repaired to federal court on the very same day she was served with the removable pleading from Kenton Girard.

## II.     The Northern District of Illinois is the proper venue.

Venue in this District is proper under 28 U.S.C. § 1441(a) because the Circuit Court of Cook County, Illinois (where the State Court Action is pending) is within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being filed with the clerk of the Circuit Court for Cook County and will be served upon Plaintiff contemporaneously with this filing. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

## III.    Federal Jurisdiction Exists.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Crossclaim Plaintiff Kenton Girard has brought claims which raise federal questions. Because the entire pleading arises under the same "case or controversy," this Court "shall have supplemental jurisdiction over all other claims." 28 U.S.C. § 1367.

The recent Supreme Court decision under *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. ___ (2019) established that 28 U. S. C. §1441(a) does not permit a third-party counterclaim defendant[1] to remove a claim. However, the posture here is noticeably different: (a) Marissa Girard is an "original defendant" under the State Court Action, which implicated a federal question only at the moment when her co defendant filed a crossclaim against her; and (b) the Federal Rules of Civil Procedure distinguish between counterclaims and crossclaims (Rule 13).

Continuing, the Domestic Relations Exception does not apply here because Marissa

---

[1] Under Supreme Court Justice Thomas's opinion, "third-party counterclaim defendant" refers to a party first brought into the case as an additional defendant to a counterclaim asserted against the original plaintiff.

Girard was never actioned with a pleading, much less a pleading seeking domestic relations style relief. To provide even more clarity, Marissa Girard has neither a biological connection nor a claim to parental responsibility as to the minor children of Kenton Girard and Jane F. Girard.

The State Court Action appears to constitute a post-decree effort to adjudicate the custody of the minor children, although it is difficult to decipher lacking pleadings filed by Plaintiff Jane F. Girard, and because of the most recent description of the trial under the State Court Action provided by Beermann LLP attorney Enrico J. Mirabelli on February 14 2025 as a "criminal contempt trial against Kenton & Marissa Girard". Moreover, the Trial Order of Hon. William Yu from the same date references a "Petition for Finding of Parenting Time Abuse directed against Kenton and Marissa" – an alleged pleading which does not exist (and by the description, is nonsensical – Marissa Girard has no parenting rights to the minor children) and which paper has certainly not been served on Marissa Girard.

The minor children have already been identified as victims of sexual abuse at the hands of their biological mother, Jane F. Girard, who asserted her Fifth Amendment right against self-incrimination under questioning by Prosecutor Mary Stein from the Illinois State's Attorneys Office on September 7 2023. From a civil standard, Jane F. Girard is an admitted child sex abuser and **therefore divested of the right to seek a custody remedy in any court of law**. The federal government has an interest in protecting violent/sex crime victims, and parental rights under the Fourteenth Amendment are implicated.

If any questions arise as to the propriety of the removal of this action, Crossclaim Defendant Marissa Girard requests the opportunity to supplement this Notice. Crossclaim Defendant expressly reserves all objections she may have to the DJ Crossclaims.

WHEREFORE, Crossclaim Defendant Marissa Girard hereby gives notice that the State Court Action has been removed to this Court.

Dated: April 28 2025

Respectfully Submitted,

for Crossclaim Defendant Marissa Girard:

/s/ Marissa Girard
965 Forestway Drive
Glencoe, IL 60022
Email: marissadakis@gmail.com
Tel: 773-425-4393

## CERTIFICATE OF SERVICE

The undersigned certifies that this paper and all attachments were (a) electronically filed with the clerk of this Court on April 28 2025, (b) provided via email to the attorneys who have filed appearances in this matter as indicated below, and (c) provided via email and hand-delivery to Kenton Girard, who is pro se hereunder:

kpaige@beermannlaw.com, for Jane F. Girard
jduffy@smbtrials.com, for Vanessa Hammer
kimberly.blair@wilsonelser.com, for Karen Paige and Candace Meyers
jkivetz@jsotoslaw.com, for Ryan McEnerney

*for delivery to Kenton Girard:*
965 Forestway Drive
Glencoe, IL 60022
Email: kg5252@yahoo.com

/s/ Marissa Girard