**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE THE FORMER MARRIAGE OF KENTON GIRARD, | ) ) ) | |
| Petitioner, | ) ) | Case Number: 25-cv04586 |
| v. | ) ) ) | Removed from the Circuit Court of Cook County, Illinois, |
| JANE GIRARD, | ) ) | Case No. 2015 D 9633 |
| Respondent. | ) ) ) | The Hon. Jeremy C. Daniel, Judge |
| (MARISSA GIRARD, | ) ) | Presiding. |
| Third-Party Respondent.) | ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR REMAND

State court respondent, Jane Girard, through her attorneys, BEERMANN LLP, and pursuant to 28 U.S.C. § 1447(c), respectfully moves this Court for an order remanding this case to the Circuit Court of Cook County, Illinois and ordering the Third Respondent and removing party, Marissa Girard, to pay Janes' reasonable costs and attorneys' fees incurred as a result of this improper removal.

### Introduction and Summary of Argument

This matter arises out of post-judgment dissolution of marriage proceedings initiated by Jane Girard against her former husband, Kenton Girard, and Kenton's new wife, Marissa Girard, concerning Kenton and Jane's two minor children. This matter has spawned an unprecedented number of lawsuits as part of Kenton and

Marissa's campaign to "run out the clock" and avoid, at all costs, a trial on the merits in the state court.[1] The instant lawsuit is no exception.

In what can charitably be described as an egregious abuse of section 1446's procedures, it appears, from Marissa's Notice of Removal, that (i) she and Kenton negotiated an agreement (never previously disclose); (ii) manufactured a disagreement over that agreement; (iii) Kenton purportedly filed a declaratory judgment action in the state court proceedings (such a filing does not appear on the state court's docket and has not been served upon counsel for Jane); and, immediately thereafter, (iv) Marissa removed the *entire* case to this Court in a transparent effort to avoid a trial set to proceed before the state court on May 1 and 2, 2025.

The problems with their approach are manifest, and this matter should be remanded *immediately* for the reasons set forth below

## Background

As the exhibits to Marissa's Notice of Removal suggest, the parties have been involved in post-judgment litigation concerning Jane and Kenton's minor children since mid-2022. It is presently set for trial before the Hon. William Yu on various pleadings filed by Jane in the state court. [ECF #1, pg. 100]. Further, a hearing on Marissa's Petition for Substitution of Judge for Cause (directed at Judge Yu) is scheduled to proceed at 8:00 a.m. tomorrow, April 29, 2025. [ECF #1, pg. 104].

---

[1] See *Girard v. Village of Glencoe, et al.*, 24-cv-6882 (suit brought by Kenton against various state court judges, attorneys, and state/municipal employees ); *Girard v. Fernandez et al.*, 25-cv-136 (suit brought by Marissa against various state court judges, attorneys, and state/municipal employees).

Faced with these imminent court dates, Marissa did what any unscrupulous litigant in her situation would do— she fabricated a contractual dispute with her husband, conspired with him to file a declaratory judgment action in the state court proceedings (wherein he gratuitously consented "to litigating these proceedings in a federal forum") [ECF #1, pg. 46]; and purportedly removed the entire matter to this Court on the eve of trial.

Lumped into her 111-page filing are the purported *Crossclaims of Kenton Girard Directed at Marissa Girard* which, while bearing the date "April 28, 2025" lack any indicia of filing with the Clerk of the Circuit Court. [ECF #1, pg. 40]. In his *Crossclaims*, Kenton purports to seek a judicial determination of his obligations to pay certain sums to his wife, Marissa, pursuant to an indemnification agreement the two purportedly signed in 2021. [ECF #1, pg. 40-45].

Marissa's frivolous, surreptitious and transparent attempts to further delay the state court proceedings through this hail-Mary tactical removal fail as a matter of law, and this matter should be remanded *instanter*.

## Argument

Generally, the party seeking a federal forum bears the burden of establishing federal jurisdiction. *Wellness Community–National v. Wellness House,* 70 F.3d 46, 49 (7th Cir.1995)). When a federal court's exercise of jurisdiction is challenged following removal, the burden of establishing federal jurisdiction rests on the party seeking to preserve removal. *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366 (7th Cir.1993).

3

## A. Removal is Improper Because Not all Defendants Consent to Removal

Removal generally requires the consent of all defendants. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *See* 28 U.S.C. § 1446(b)(2)(A).

Here, as the caption to Marissa's Notice of Removal Suggests, Jane and at least four other individuals are named as defendants in this matter, two of whom are Jane's attorneys in the state court proceedings. <u>Jane does not consent to the removal of these proceedings, and will not do so</u>.

## B. Kenton's Unfiled Declaratory Judgment Petition Does Not Raise There a Federal Question.

All parties to this lawsuit are citizens of Illinois. Section 1332 does not apply. Instead, and as Marissa's Notice of Removal makes clear, her sole basis for removal is federal question jurisdiction under 28 U.S.C. §1331.

It is well settled that federal question jurisdiction arises only when the pleading, standing alone, "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Minor v. Prudential Secs., Inc.,* 94 F.3d 1103, 1105 (7th Cir.1996). A case arises under federal law only where it "depends in some way on federal law, 'unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.'" *Ceres Terminals, Inc. v.*

4

*Indus. Comm'n of Illinois*, 53 F.3d 183, 185 (7th Cir. 1995),quoting *Taylor v. Anderson,* 234 U.S. 74, 75–76 (1914).

Here, the claim which Marissa seeks to litigate before this Court is one for a declaratory judgment regarding the interpretation of a contract—a claim governed by state law. Kenton's pleading does not, in any way, present a substantial question of federal law. *See Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 891 (7th Cir. 2013), *as amended (Apr. 29, 2013)* (reversing denial of remand where plaintiff's "complaint presents a claim for a declaratory judgment based on state contract law. The complaint thus presents a state law cause of action"); *see also, Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1180 (7th Cir. 1979); citing, *Bell v. Hood*, 327 U.S. 678, 681-82 (1946) (Federal question jurisdiction is not satisfied where the purported federal claim "clear appears to be immaterial and solely made for the purpose of obtaining jurisdiction or whether such a claim is wholly insubstantial and frivolous").

## C. Even if Kenton's Declaratory Judgment Action Presented a Federal Question, Remand of the Remaining Claims is Required.

Even if this Court finds that Kenton's unfiled Declaratory Judgment action somehow raises a substantial question of federal law sufficient to trigger this Court's jurisdiction under section 1331, remand is still required for the other pending domestic relations claims brought by Jane against Kenton and Marissa, as such claims have no place before this Court.

Section 1441(c)(1) provides that if a case includes *both* "a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section

1331 of this title)," *and* "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute," then "the entire action may be removed if the action would be removable without the inclusion" of the state-law claim. *See* 28 U.S.C. § 1441(c)(1). In that situation, "the district court shall sever from the action" the claims that are "not within the original or supplemental jurisdiction of the district court or [claims] that [have] been made nonremovable by statute" and remand them while retaining jurisdiction over the federal claims. 28 U.S.C. § 1441(c)(1)–(2).

In other words, if this Court does not have original or supplemental jurisdiction over removed state-law claims, a defendant can remove the case, and the district court can sever the claims over which it lacks jurisdiction. "In plain terms, Section 1441(c)(2) requires the Court to remand 'separate and independent' claims that are removed with a federal question claim but that fall outside the Court's jurisdiction." *Elftmann v. Village of Tinley Park*, 191 F. Supp. 3d 874, 882 (N.D. Ill. 2016) (quoting *Montano v. City of Chicago*, 375 F.3d 593, 600 (7th Cir. 2004)).

It is well-settled that this Court lacks jurisdiction over state-law domestic relations claims under the *domestic-relations exception*. That exception prevents a federal court from exercising jurisdiction over cases involving "the characteristic powers of a domestic-relations court." *Jones v. Brennan,* 465 F.3d 304, 306 (7th Cir. 2006)

In the state court proceedings, Jane seeks relief pertaining to the care and custody of her minor children—matters within the core of the domestic relations

exception. *Schnakenburg v. Krilich*, 573 F. Supp. 3d 1312, 1319 (N.D. Ill. 2021) *citing Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998). This Court plainly lacks jurisdiction over these matters. To the extent it may properly exercise jurisdiction over Kenton's unfiled claim for declaratory judgment, it must nevertheless remand the prior domestic relations claims back to the state court, and should do so *instanter* to allow for the May 1 and 2 trial dates to proceed.

### D. Marissa Should be Ordered to Pay Jane's Costs and Expenses for this Improper Removal.

This Court should order Marissa to pay Jane's costs and expenses incurred as a result of her improper and unreasonable removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As our Supreme Court explained in *Martin*, removal presents an attractive tool for unscrupulous litigants looking to stop a case in its tracks and drive up the cost of litigation:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.
>
> *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)

To remedy this problem, § 1447(c) requires awards of fees "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141; *see also PNC Bank, N.A. v. Spencer*, 763 F.3d 650, 654 (7th Cir. 2014) (affirming district court's award of fees and costs where there was "no objectively reasonable basis for federal jurisdiction or for removal"). "[I]f, at the time the Respondent filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a Petitioner his attorneys' fees." *Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009).

Here, clearly established law demonstrates the absence of any objectively reasonable basis for removal. Instead, as the timing of Kenton and Marissa's actions make clear, they conjured up a farcical declaratory judgment action and sought removal literally hours before a previously scheduled hearing. [ECF #1, pg. 104]. Under similar circumstances, our courts have not been shy about awarding fees where removal was plainly done for purposes of delay. See *Green Tree Servicing, LLC v. Damron*, 557 Fed. Appx. 588, 591 (7th Cir. 2014) (affirming award of fees where "delay was [defendant's] true motivation for the belated removal on the eve of dispositive motions").

## Conclusion

The only thing clearer than the absence of this Court's jurisdiction is the improper purpose for which this matter came before it. Jane Girard has been trying mightily for three years to have her motions heard, and Kenton and Marissa have done everything in their power to prevent that from happening—

seeking the removal of four judges, suing Jane, her lawyers, and anyone else who has touched this case, and, when all else fails, dragging what should be a routine state court custody matter into federal court. There was no legitimate basis to do so. This matter should be going to trial this week. Jane's attorneys should be preparing witnesses and exhibits, not fighting for the remand of a case which has no place before this Court. It should remand this matter *instanter* and order Marissa to pay the legal fees and costs Jane incurred in seeking remand.

Respectfully submitted,

**BEERMANN LLP**

/s/ *Matthew D. Elster*
One of Jane Girard's Attorneys

**BEERMANN LLP**
161 N Clark Street #3000
Chicago, IL 60601
312.621.9700
mdelster@beermannlaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of April, 2025, a copy of the foregoing **_Memorandum In Support of Motion to Remand_** was filed via the court's CM/ECF system, which will send electronic notice to all counsel of record who have appeared in this case.

<u>/s/ <em>Matthew D. Elster</em>   </u>

10