IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE THE FORMER MARRIAGE OF KENTON GIRARD, | ) ) ) | |
| Petitioner, | ) ) | Case Number: 25-cv-04586 |
| v. | ) ) | Removed from the Circuit Court of Cook County, Illinois, |
| JANE GIRARD, | ) ) | Case No. 2015 D 9633 |
| Respondent. | ) ) | |
| (MARISSA GIRARD, | ) ) | The Hon. Jeremy C. Daniel, Judge Presiding. |
| Third-Party Respondent.) | ) ) | |

**MOTION TO RECONSIDER APRIL 29, 2025 MINUTE ENTRY, AND FOR IMMEDIATE SEVERANCE OF THE DOMESTIC RELATIONS CLAIMS OR, ALTERNATIVELY, FOR EXPEDITED BRIEFING AND HEARING**

Respondent, Jane Girard, through her attorneys, respectfully requests that this Court reconsider its April 29, 2025 minute order setting this matter for a status hearing in mid-June [Dkt #11] and either (i) immediately sever and remand the pending domestic relations claims over which this Court plainly lacks jurisdiction so that they may proceed to trial in the state court, or, alternatively, (ii) expedite briefing and hearing on her Motion for Remand [Dkt #6].

**MOTION**

1. For over two years, Jane Girard has fought relentlessly to have motions relating to the care and custody of her minor children heard in her and Kenton's post-judgment dissolution of marriage action in the Circuit Court of Cook County, Illinois (Domestic Relations Case). Conversely, Kenton Girard,

Page **1** of **6**

joined by his second wife, Marissa Girard, have done everything in their power to forestall such a hearing in Domestic Relations Case. By way of example, but hardly inclusion, they have collectively (i) filed three federal and two state court lawsuits against six state court judges involved in the Domestic Relations Case, seven attorneys representing Jane, and myriad guardians *ad litem*, courthouse employees, police officers, and municipal entities and officials; (ii) sought the for-cause removal of at least four different state court judges (all of whom they also sued); and, most recently, (iii) removed the entire state court proceeding to this Court just days before the commencement of the long-overdue trial in the Domestic Relations Case based upon a purported contractual dispute between Kenton and Marissa, undoubtedly manufactured by them as solely a subterfuge to avoid a trial. [1]

2.  While Jane filed her Motion for Remand [Dkt. #6] just hours after Marissa's removal of this action in the hopes that the May 1 and 2, 2025 trial dates could be preserved, this Courts' April 29, 2025 minute order—setting an extended briefing schedule and a status on June 18, 2025—effectively halted the Domestic Relations Case. Without immediate remand, the child custody proceedings, which were on the eve of trial, will not be heard for months, and may not be heard at all.

3.  The children at the heart of those proceedings—Jane and Kenton's

---

[1] *See* (i) *Kenton Girard v. Village of Glencoe, et al.*, 24-cv-6882; (ii) *Marissa Girard v. Fernandez, et al.*, 25-cv-136; (iii) *Kenton Girard v. Scannicchio*, 25-cv-4551; (iv) *Kenton Girard v. Jane Girard, et al.*, Cook County Case No. 24L12053; and (v) *Marissa Girard v. Jane Girard, et al.*, (Crossclaim filed in the underlying state court proceedings).

daughters—will turn 18 in February 2026. Kenton and Marissa have, for months, been attempting to "run out the clock" and render Jane's motions moot via the girls' emancipation. Out of options and facing imminent trial dates, Kenton filed a questionable declaratory judgment action "against" Marissa, and Marissa, immediately thereafter, removed that action, ***and the entire underlying Domestic Relations Case***, to this Court, effectively grinding the state court proceedings to a halt.

4. While this Court's jurisdiction over Kenton's declaratory judgment action is questionable at best, Jane does not ask this Court to address that issue now. If Kenton and Marissa wish to litigate the declaratory action before this Court, they are free to do so (although it is unlikely they will).

5. The pendency of that declaratory judgment claim, however, should not forestall the immediate remand of the urgent Domestic Relations Case which, as a matter of settled law, does not belong in federal court and which, under section 1441(c)(2), should be severed and immediately remanded to state court.

6. As the Seventh Circuit has stated, section 1441(c)(2) "require[s] the ***immediate remand*** of any state-law claim not within the supplemental jurisdiction" of this Court. (emphasis added.) *Prolite Bldg. Supply, LLC v. MW Manufacturers, Inc.*, 891 F.3d 256, 259 (7th Cir. 2018). *See also S J Associated Pathologists, P.L.L.C. v. Cigna Healthcare of Texas, Inc.*, 964 F.3d 369, 374 (5th Cir. 2020) (noting that section 1441(c)(2) "makes clear that immediately upon removal, 'the district court shall sever from the action all claims' that are not

within its original or supplemental jurisdiction 'and shall remand the severed claims to the State court from which the action was removed.'").

7. There can be no question that Jane's state law claims concerning the care and custody of two minor children fall well outside the supplemental jurisdiction of this Court and cannot be considered by it under the domestic relations exception. *Wereko v. Haracz*, 21-1574, 2021 WL 3778722 (7th Cir. Aug. 26, 2021) *quoting Marshall v. Marshall*, 547 U.S. 293, 307–08, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006) (holding that the domestic relations doctrine "blocks federal adjudication of cases involving 'divorce, alimony, and child custody decrees.'").

8. Kenton and Marissa should not be permitted to profit from the delays occasioned by a plainly inappropriate removal. Without passing on the merits of the pending declaratory judgment claim, and without delving into the particulars of the Domestic Relations Case, Jane respectfully requests that this Court permit her to return to state court immediately and continue to fight for her children. It should sever and remand her state law claims instanter. This Court is not the forum to adjudicate or delay resolution of the Domestic Relations Case by the state court.

9. Failing that, Jane respectfully asks the Court to accelerate the briefing schedule and set this matter for hearing—rather than status—to ensure she is able to return to state court prior to the girls' emancipation.

**WHEREFORE**, Jane Girard respectfully requests an order (i) remanding the pleadings listed in the state court's February 14, 2025 Order [Dkt #1, page 100-101] to state court, *instanter*; or, (ii) accelerating the briefing schedule and setting Jane's Motion for Remand [Dkt. #6] for hearing on a date certain.

Respectfully submitted,

**JANE GIRARD**

/s/ *Matthew D. Elster*

**BEERMANN LLP**
161 N Clark Street #3000
Chicago, IL 60601
312.621.9700
mdelster@beermannlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2025, a copy of the foregoing ***Motion to Reconsider*** was filed via the court's CM/ECF system, which will send electronic notice to all counsel of record who have appeared in this case.

/s/ <u>*Matthew D. Elster*</u>