

**FILED**
5/13/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

KSR

### THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JANE F. GIRARD, | |
| Plaintiff, | Civil No.    1:25-cv-04586 |
| v. | District Judge Jeremy C. Daniel |
| KENTON GIRARD and MARISSA GIRARD, | Mag. Heather K. McShain |
| Defendants. | |

---

KENTON GIRARD,

      Crossclaim Plaintiff,

      v.

MARISSA GIRARD,

      Crossclaim Defendant.

---

MARISSA GIRARD,

      Counterclaim Plaintiff &
      Third Party Plaintiff,

      v.

JANE F. GIRARD,

      Counterclaim Defendant,

VANESSA L. HAMMER,
KAREN V. PAIGE,
CANDACE L. MEYERS and
DETECTIVE RYAN MCENERNEY,

      Third Party Defendants.

## MOTION TO VACATE ORDER OF REMAND UNDER RULE 59(e)

On May 6 2025, this Court ruled (Dkt[13]) that this matter would be remanded to state court, pursuant to the filings hereunder by Jane F. Girard. Defendant Marissa Girard, in support of her request to vacate the order of remand, hereby states as follows:

## I.     Jane F. Girard neither applied Federal Rules nor targeted a judgment/order.

The Motion to Reconsider was not properly brought under Rule 59 or Rule 60, because there was no "judgment" which movant Jane F. Girard sought to alter or otherwise amend. Instead, the issue of remand was to be given the Court's full attention under a briefing schedule (Dkt[11], entered on April 29 2025) with an opposition brief due on May 14 2025 and a reply brief owing on May 21 2025.

Even if *arguendo* we interpret the "Motion to Reconsider" (Dkt[12]) as brought under Rule 59, in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court clarified that motions under Rule 59(e) must be narrowly tailored to correct errors or address new evidence. *Gonzalez* has been widely cited to emphasize the limited scope of reconsideration motions and builds on previous guidance, including in this District, such as "a motion to reconsider is available to correct manifest errors of law and fact, or to present newly discovered evidence". *Wolves v. National Railroad Passenger Corp.*, 1990 WL 84519, at *1 (N.D. Ill. 1990) (not reported in F. Supp.) (citing *Publisher's Resource Inc. v. Walker-David Publications, Inc.*, 726 F.2d 557, 561 (7th Cir. 1985)). A motion to reconsider should be used neither to introduce new evidence that was available during original consideration, nor to introduce new legal theories. *Calderon v. Reno*, 56 F.Supp.2d 997, 998 (N.D. Ill. 1999) (citing *Publisher's Resource*, 762 F.2d at 561)).

However, that paper (Dkt[12]) was merely a reiteration – or rather, a regurgitation – of the Motion to Remand (Dkt[7]). The Motion to Reconsider further represented an unprofessional and quite nasty "doubling down" on ad hominem attacks and conclusory statements[1]. It did not present any novel issues of fact or law, or other circumstances which would warrant the **one**

---

[1] In the Motion to Remand, Jane F. Girard writes that Marissa Girard is an "unscrupulous litigant" who "conjured up a farcical declaratory judgment action". In the Motion to Reconsider, she declares that the cross claims filed by Kenton Girard were "undoubtedly manufactured by [Marissa Girard] as solely a subterfuge to avoid a trial". Such muckraking has no place in a legal proceeding in this District Court.

*Marissa Girard's Motion to Alter Remand Order under Rule 59(e)*

**hundred and eighty degree pivot by the Court** after the non-noticed court date on May 6 2025, which pro se Marissa Girard did not even learn about until after the court date adjourned.

Even under the lens of docket management, it is truly inexplicable that this Court would reverse its prudential decision to set a briefing schedule under Jane F. Girard's Motion to Remand. The formal briefing schedule and the long status date for June 18 2025 can only be interpreted as this Court's belief that there are nontrivial questions hereunder which warrant careful analysis[2]. It truly strains credulity that a District Judge – carefully selected for his superior intelligence and adherence to principles and duly installed by Presidential Appointment – would be prone to fickle, irrational decision-making and actions undertaken without due care.

## II.    The order to remand is premised on seeming layers of misapprehension.

The Court's reasoning[3] appears to indicate that the Court (a) did not carefully read the Declaratory Judgment Crossclaim which triggered the Notice of Removal (Dkt[1], Ex. A), and (b) misapprehended essential facts or was persuaded by an unfounded and erroneous story about the Cook County proceedings – replete with ad hominem attacks and adverse conclusory statements directed against Marissa Girard.

To this end, we quote directly from the Crossclaim which led to the filing of the Notice

---

[2] As noted under the Notice of Removal, the instant matter presents a novel posture: Marissa Girard was not actioned with a pleading under the underlying state court action upon her joinder, in violation of her constitutional right to fair notice of claims and Illinois Civil Procedure, the "domestic relations" claims have indeed not been reduced to any pleading, and furthermore Jane F. Girard has been divested of her right to seek a custody remedy because of her Fifth Amendment allocution under questioning by Prosecutor Mary Stein on September 7 2023. Moreover, Marissa is an "original defendant" under the state court action. Indeed, the only pleadings which are at issue under the state court action are (a) Marissa's claims against the Third Party Defendants for violations of eavesdropping and electronic surveillance laws, and (b) Kenton's cross claims against Marissa seeking declaratory relief under the Postnuptial Indemnification Agreement.

[3] Under its Order of May 6 2025, the Court explained "At no point does she explain which rights have been violated under federal law or what federal questions Kenton Girard's claims implicate…According to Kenton Girard's crossclaims, which she also attached to her notice of removal, Kenton and Marissa are no longer married. Kenton Girard's crossclaims address the postnuptial indemnification agreement, which Marissa seeks to enforce in connection with a pending federal lawsuit. Nothing about those claims introduce a federal question into this case, which centers on domestic disputes related to custody and divorce agreements."

of Removal (Dkt[1]) at p. 41 at ¶2:

> Marissa Girard is at this time litigating claims in pro se in the Northern District of Illinois under *Girard v. Fernandez et al.*, Civil Action No. 1:25-cv-00136 ("Civil Rights Lawsuit") … her claims speak to violations of her constitutional rights, including those arising under the First and Sixth Amendments, as well as her rights under federal law including under Title II of the Americans with Disabilities Act ("ADA").

The Court has already acknowledged in its order (Dkt[16]) that the Postnuptial Indemnification Agreement is predicated in part on the violation of federal or constitutional rights of Marissa Girard, but advances the logic that those federal and constitutional rights in question are not specified. As we can see from the actual docket entry quoted above, such specificity is provided.

The Motion to Remand and its progeny – the inaptly named "Motion to Reconsider" – paint a vile and absurd tableau about Marissa Girard's history under the state court action. Without going into detail, the picture painted is extremely prejudicial and does not cite facts or court rulings for support. For example, Attorney Elster decries Marissa Girard as an "unscrupulous litigant", yet fails to point to even a single ruling from the Cook County court – or indeed any court – supporting the same. Conveniently, Attorney Elster fails to inform the Court that very heavy accusations lodged against him personally are being litigated under *Girard v. Fernandez et al.*, Civil Action No. 1:25-cv-00136, N. Dist. Illinois.

What is more troubling however, is that Attorney Elster makes a material misstatement of fact about the state court action. Prominently, he states (Dkt[12] at ¶7) "There can be no question **that Jane's state law claims concerning the care and custody of two minor children** fall well outside the supplemental jurisdiction of this Court and cannot be considered by it under the domestic relations exception." (emphasis supplied) The problem, as is confirmed by the Trial Order of the presiding judicial officer William Yu over the state court action dated February 14 2025 (Dkt[1] at pp. 100-101) is that there are in fact no pleadings set for trial. The only paper

which would appear to resemble a pleading (by the description – only) is the alleged September 20 2022 Petition for finding of Parenting Time Abuse directed against Kenton and Marissa, which as previously disclosed under the Notice of Removal is a non-existent paper which among other things predated Marissa Girard's joinder under the state court action by nearly one year.

In other words, **no pleadings** filed by Jane F. Girard **equals no claims**, and certainly no domestic relations claims. In case of any doubt, Illinois Supreme Court Rule 922 limits custody proceedings strictly to eighteen (18) months, from commencement until final court custody order. As previously noted, the state court action has been dragging MORE THAN THREE YEARS, in other words twice longer than the statutory limit. Such a time limit may be transgressed only under a court finding of good cause, which is to involve the child representative. In the state court action, that representative has been missing in action since August 2024. Fatally, Beermann LLP has never once sought a finding of good cause to extend.

### III.     Applying Seventh Circuit rulings, the circumstances favor vacating the remand.

A motion to reconsider a remand order is proper "where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, which made an error not of reasoning but of apprehension." *Calderon*, 56 F.Supp. 2d at 999 (citing *Bank of Waunake v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). The misapprehension by the Court here is manifest.

### IV.     The Court has failed to accommodate Marissa Girard as required under the ADA.

As conveyed to the courtroom deputy on the day Jane F. Girard filed her Motion to Remand (Dkt[7]), Marissa Girard suffers from PTSD and interstitial cystitis and is working hard to retain counsel.

Both ADA-recognized conditions are exacerbated by stress, such as oral argument.

Symptoms include degradation of locomotive capabilities as well as aphasia (inability to speak) and short term memory loss. Marissa needs more than usual time to prepare court filings, to confer with counsel and to prepare for court dates and so forth.

Minimally, this Court should vacate the remand order and revert to the briefing schedule under the Motion to Remand to promote a full and fair adjudication hereunder, with oral arguments set appropriately after the close of written briefs.

WHEREFORE, Crossclaim Defendant Marissa Girard hereby requests that the Court vacate its order remanding this matter and reinstating the briefing schedule initially put in place.

Dated: May 13 2025

Respectfully Submitted,

for Crossclaim Defendant Marissa Girard:

/s/ Marissa Girard
965 Forestway Drive
Glencoe, IL 60022
Email: marissadakis@gmail.com
Tel: 773-425-4393

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this paper and all attachments were (a) electronically filed with the clerk of this Court on May 13 2025, (b) provided via email to the attorneys who have filed appearances in this matter as indicated below, and (c) provided via email to Kenton Girard, who is pro se hereunder:

kpaige@beermannlaw.com, for Jane F. Girard

jduffy@smbtrials.com, for Vanessa Hammer

kimberly.blair@wilsonelser.com, for Karen Paige and Candace Meyers

jkivetz@jsotoslaw.com, for Ryan McEnerney

*for delivery to Kenton Girard:*
965 Forestway Drive
Glencoe, IL 60022
Email: kg5252@yahoo.com

/s/ Marissa Girard