```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

  JANE F. GIRARD,                    )  Case No. 25 CV 04586
                                     )
              Plaintiff,             )
                                     )
     vs.                             )
                                     )
  MARISSA GIRARD and KENTON          )
  GIRARD,                            )  Chicago, Illinois
                                     )  May 15, 2025
              Defendants.            )  10:01 a.m.

         TRANSCRIPT OF PROCEEDINGS - MOTION HEARING
           BEFORE THE HONORABLE JEREMY C. DANIEL

  APPEARANCES:

  For the Plaintiff:      BEERMANN LLP
                          BY:  MR. ENRICO J. MIRABELLI
                          161 North Clark Street
                          Chicago, Illinois 60601

  For the Defendant       PRO SE
  Kenton Girard:          BY:  MR. KENTON GIRARD
                          965 Forestway Drive
                          Glencoe, Illinois 60022

  Also Present:           MS. ALISON MUTH

  Court Reporter:         KRISTA BURGESON, CSR, RMR, CRR
                          219 S. Dearborn Street
                          Chicago, Illinois 60604
                          312-435-5567
                          krista_burgeson@ilnd.uscourts.gov




                             * * * * *
                 PROCEEDINGS REPORTED BY STENOTYPE
       TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION
```

```
 1       (Proceedings heard in open court:)
 2            THE CLERK:  25 C 4586, Girard versus Girard, et al.
 3            Please state your name for the record and the party
 4  that you represent.
 5            MS. MUTH:  (Inaudible.)
 6            THE COURT:  Ms. Muth, you are coming in muffled.  I
 7  don't know if you need to be coming in closer to your
 8  microphone or --
 9       (Discussion held off the record.)
10            THE COURT:  Mr. Mirabelli, if you can do a test for
11  us.
12            MS. MUTH:  Can you hear me, Judge?  Hello?
13            THE COURT:  We hear you but not -- it is coming
14  through like an auxiliary speaker, and so we are trying to
15  figure out how to get better sound.
16            Can you try one more time?
17            MS. MUTH:  Yes, sir.  Is this any better?  I will try
18  to speak a little louder but --
19            THE COURT:  Hold on.
20       (Discussion held off the record.)
21            THE COURT:  We will give it a try.  I apologize in
22  advance if there are interruptions but if we aren't getting
23  satisfactory sound we will have to stop.
24            So Ms. Muth, you have appeared on behalf of Marissa
25  Girard?
```

```
 1              MS. MUTH:  Yes.
 2              THE COURT:  Mr. Mirabelli, you have appeared on behalf
 3   of --
 4              MR. MIRABELLI:  Jane Girard.
 5              THE COURT:  Okay.
 6              Mr. Girard, your appearance.
 7              MR. GIRARD:  Kenton Girard, pro se, appearing for
 8   myself.
 9              THE COURT:  So there are a couple motions up.
10              The first thing we have to address, Ms. Muth, your
11   client filed something regarding remand.  Are you standing by
12   that or withdrawing it?
13              MS. MUTH:  (Inaudible.)
14              THE COURT:  I am going to have to ask you folks to
15   indulge me so we can get Systems up here to fix this.  We will
16   have to have someone from Systems come up because I am not sure
17   why this is not working on our end.
18              I am going to pass the case briefly and hear the next
19   matter up.  Once Systems comes up I will interrupt the next
20   proceeding and continue with this one.  All right?  I
21   apologize.
22     (The case was passed and was later recalled as follows:)
23              THE CLERK:  25 C 4586, Girard versus Girard, et al.
24              Please state your name for the record and the party
25   that you represent.
```

| | |
|---|---|
| 1 | THE COURT: Can we get appearances again? |
| 2 | First for Jane Girard? |
| 3 | MR. MIRABELLI: Enrico Mirabelli on behalf of Jane |
| 4 | Girard. |
| 5 | THE COURT: For Marissa Girard? |
| 6 | MS. MUTH: Allison Muth on behalf of Marissa Girard. |
| 7 | THE COURT: Mr. Girard? |
| 8 | MR. GIRARD: Kenton Girard, pro se. |
| 9 | THE COURT: Good morning everyone. Sorry about the |
| 10 | delay. |
| 11 | So where we left off yesterday there was the motion to |
| 12 | vacate the remand order. I asked Ms. Muth to take a look and |
| 13 | see if she intended to stand by it. |
| 14 | What is your position? |
| 15 | MS. MUTH: Well, Your Honor, there is a lot going on |
| 16 | in this case. There are a lot of different lawsuits, a lot of |
| 17 | different issues. |
| 18 | Particular in my representation stems the scope of |
| 19 | Marissa Girard, who is the current wife of the respondent -- of |
| 20 | the plaintiff, the original plaintiff, Kenton Girard, who is |
| 21 | now the respondent in this new matter. It was an original |
| 22 | divorce case in State Court and has been brought before Your |
| 23 | Honor in Federal Court. |
| 24 | The issue that this case has been brought in Federal |
| 25 | Court is because Marissa has a pending Civil Rights lawsuit |

1  with Constitutional issues that was brought.  That is in 25 CV
2  00136.
3       Now, there is an issue of attorney's fees that is
4  being brought up today, and there is a -- from my
5  understanding, there was a post-nuptial agreement between
6  Kenton Girard and Marissa Girard, which is her Constitutional
7  -- if her Constitutional rights become violated as a result of
8  her involvement or her forced involvement, because first of
9  all, Your Honor, there is no reason my client should even be
10 involved in this lawsuit in the first place, and --
11       THE COURT:  Before you continue on, my question --
12       MS. MUTH:  Uh-huh?
13       THE COURT:  My principal concern is whether this
14 lawsuit belongs in Federal Court.
15       As you indicated, it is a divorce case where a
16 cross-claim was filed bringing in your client, but what basis
17 does that provide me?  Does that confer subject matter
18 jurisdiction on me under the removal statute?
19       MS. MUTH:  On the cross-claim it does, Your Honor,
20 because there are Constitutional issues that my client is
21 raising.
22       THE COURT:  And what authority are you citing for
23 that?
24       MS. MUTH:  Um, Your Honor, we have -- let me pull it
25 back up.

1            So Marissa is an original defendant, so she is not
2   precluded to removal under Home Depot versus Jackson, and that
3   is 17-1471.
4            THE COURT:  Are you saying that your client was an
5   original defendant in the case filed?
6            MS. MUTH:  Yes.
7            THE COURT:  She wasn't even named in the original
8   case.  How was she a defendant?  She was brought in in a
9   cross-claim.
10           MS. MUTH:  She was not in-pleaded, and so I guess the
11  first defendant is Kenton Girard, and then -- I guess directly
12  by the operative plaintiff in this matter, Jane Girard.
13  Confusing, but that is the way we are seeing it right now.
14           THE COURT:  It is not confusing.
15           There was a civil action filed, correct?
16           MS. MUTH:  Correct.
17           THE COURT:  And that civil action was a divorce case
18  involving Jane and Kenton Girard, correct?
19           MS. MUTH:  Right, correct.
20           THE COURT:  And what under any Supreme Court or
21  Seventh Circuit precedent has me look beyond the original
22  action filed to identify who is a defendant and who can remove
23  a case to Federal Court?
24           MS. MUTH:  Well, it is our position -- Judge, it is my
25  client's position that she is an original defendant in this

1  matter, because she was being held and there are contempt
2  proceedings going on, criminal contempt proceedings, so she has
3  got -- there are issues of her civil rights that are being
4  implicated by this lawsuit.
5          THE COURT:  How is she an original defendant if she is
6  not a party to the union that was the subject of the divorce
7  case?
8          MS. MUTH:  That is a good question, Judge.  I mean,
9  that I do not have the answer for unfortunately because -- and
10 I don't --
11         THE COURT:  I am going to stop you there.
12         MS. MUTH:  I am --
13         THE COURT:  Ms. Muth, I am going to stop you there.
14         MS. MUTH:  Okay.
15         THE COURT:  It does not work if we speak over each
16 other, and given where I sit I have the privilege to interrupt
17 you, so when I do, I ask that you stop and you listen to my
18 question.
19         And so if you don't have an answer of explaining how
20 she is an original defendant to this case, why are you arguing
21 that she was an original defendant in this case?
22         MS. MUTH:  Your Honor, because she is being named as
23 an original defendant in this case.
24         THE COURT:  By Jane Girard?
25         MS. MUTH:  Yes.

Case 1:25-cv-04586 Document #: 36 Filed: 05/29/25 Page 8 of 14 PageID #:230

8

```
 1              THE COURT:  In this case?
 2              MS. MUTH:  Yes.
 3              THE COURT:  Okay.  She is named as a defendant.  So in
 4   that original action, what basis is there to remove this case
 5   to Federal Court?
 6              MS. MUTH:  Violation of her Constitutional rights.
 7              THE COURT:  And that was --
 8              MS. MUTH:  And that is also --
 9              I apologize, Judge.  Go ahead.
10              THE COURT:  And that was brought in through a
11   cross-claim, correct?
12              MS. MUTH:  Yes.
13              THE COURT:  Okay.
14              So the Supreme Court has ruled that this -- I am
15   quoting, this Court has long held that a District Court, when
16   determining whether it has original jurisdiction over a civil
17   action, should evaluate whether that action could have been
18   brought originally in Federal Court.  This requires a District
19   Court to evaluate whether the plaintiff could have filed its
20   operative complaint in Federal Court, either because it raises
21   claims arising under Federal law or because it falls within the
22   Court's diversity jurisdiction.  Section 1441(a) thus does not
23   permit removal based on counter-claims at all, as a
24   counter-claim is irrelevant to whether the District Court had
25   original jurisdiction over the civil action.
```

1          So parsing through that, yes or no, the basis of
2   removal is a Federal question and not diversity jurisdiction?
3   Ms. Muth?
4          MS. MUTH:  Yes.
5          THE COURT:  And this is not a counter-claim instance,
6   this is a cross-claim instance, correct?
7          MS. MUTH:  Correct.
8          THE COURT:  And let me back up.
9          The original action as filed by Jane Girard did not
10  include a Federal question?
11         MS. MUTH:  Correct.
12         THE COURT:  Okay.
13         The Supreme Court went on in Home Depot USA Inc.
14  versus Jackson, 587 U.S. 435, pages 441 to 42, which is the
15  case I was just quoting, to say, and because the civil action
16  of which the District Court must have original jurisdiction as
17  the action as defined by the plaintiff's complaint.  The
18  defendant to that action is the defendant to that complaint,
19  not a party named in the counter-claim.
20         Ms. Marissa Girard and her removal notice tried to
21  distinguish Home Depot based on it being a cross-claim and not
22  a counter-claim, but then I look at the Seventh Circuit case
23  law, which is Atkins versus Illinois Central Railroad Company,
24  326 F.3rd, 828, at 835 to 36, and it says, even if Federal
25  jurisdiction was lacking at the outset, the question arises

1  again whether jurisdiction over the case as a whole was somehow
2  created when Birmingham Steel filed its third-party complaint
3  against Amtrak. It is clear that an original stand-alone
4  lawsuit against Amtrak would fall within the original subject
5  matter jurisdiction of the Federal Court, nevertheless, we must
6  consider whether the existence of a third-party complaint
7  effects the Court's subject matter jurisdiction over the
8  original action. We conclude that it does not.
9       This in my view is consistent with the Supreme Court's
10 reasoning in Homes Group Inc. versus Vornado Air Circulation
11 Systems, 535 U.S. 826 at 831 to 832, where the Supreme Court
12 wrote, it would allow a defendant to remove a case brought in
13 State Court under State law, thereby defeating a plaintiff's
14 choice of forum simply by raising a Federal counter-claim,
15 second, conferring this power upon the defendant would
16 radically expand the class of removable cases contrary to the
17 do regard for the rightful independence of State governments
18 that are cases requiring removal require -- which indicates to
19 me that the Supreme Court is not interested in expanding the
20 ability to remove cases by pleading of the defendant or
21 defendants in bringing in additional cross-claims and
22 counter-claims. I am to look at the original action, which is
23 the complaint filed by Ms. Girard.
24      Do you have anything that is contrary to that,
25 Ms. Muth?

| | |
|---|---|
| 1 | MS. MUTH: I do not, Your Honor. |
| 2 | THE COURT: Okay. |
| 3 | Mr. Girard, do you have anything contrary to that law |
| 4 | that tells me to look at something other than the original |
| 5 | case, the original action filed, to determine whether I have |
| 6 | jurisdiction under the removal statute? |
| 7 | MR. GIRARD: I am not sure I fully understand the |
| 8 | question but I am going to attempt to respond. |
| 9 | My understanding is that the circumstances for the |
| 10 | removal is completely exactly analogous to the common insurance |
| 11 | case scenarios where they have a case and then they have a |
| 12 | separate case on a declaratory lawsuit request, and that is |
| 13 | what the intent of this was, to get that declaratory judgment |
| 14 | based on our post-nuptial indemnification agreement, which I do |
| 15 | have if you are interested, I just would want it sealed if it |
| 16 | is put in the record, if that matters, Your Honor. |
| 17 | THE COURT: What is it you want to hand up? |
| 18 | MR. GIRARD: This is the post-nuptial indemnification |
| 19 | agreement, which was the hope that this would -- |
| 20 | THE COURT: I have seen that. You have to pay the |
| 21 | attorney's fees for -- |
| 22 | MR. GIRARD: Oh, yes. But I don't think you have seen |
| 23 | it, Your Honor, the actual agreement itself, unless Ms. Muth |
| 24 | gave it to you. |
| 25 | MS. MUTH: I have not. |

1      MR. GIRARD: I didn't file it because I wanted it to
2 be sealed if it was, and that is why I brought it to you, if
3 you would like to look at it.
4      THE COURT: Okay. We will take it and file it under
5 seal. It does not effect my determination on remand.
6      This case is remanded to State Court because the
7 original action did not raise a Federal question, and
8 therefore, is not properly before this Court because I lack
9 subject matter jurisdiction over it.
10     And I believe what you are referring to, Mr. Girard,
11 is Section 4A, which reads that if any course of action
12 undertaken by Jane Girard proximately causes a violation of
13 Marissa Girard's rights secured under the Constitution or under
14 Federal law, then Kenton Girard will indemnify Marissa from all
15 necessary and reasonable legal billings incurred to address
16 said violations as long as Kenton and Marissa are married and
17 residing together for more than seven days per month.
18     Correct?
19     MR. GIRARD: That is correct, Your Honor.
20     We were basically asking for the declaratory judgment
21 based on that, and that was the intent of this.
22     THE COURT: And that is the basis of your cross-claim,
23 which is that you have to indemnify her, but nothing in this
24 action -- nothing in what Jane Girard filed implicates Marissa
25 Girard's -- or it doesn't raise a Federal question.

1      MR. GIRARD: That was a separate Federal lawsuit which
2 does enumerate all of the violations in the counts, and I have
3 a copy of that if you --
4      THE COURT: That is a separate lawsuit. It has
5 nothing to do with -- that is a separate lawsuit. If you want
6 to -- it is not this case.
7      This case involves Jane Girard's complaint against you
8 and Marissa related to child custody.
9      MR. GIRARD: Well, Your Honor, it is separate than the
10 child custody part, and that is where I was saying that it --
11 my understanding of it was the analogy of the insurance
12 companies who ask for declaratory judgment while the other case
13 is going contemporaneously, at the same time, and --
14      THE COURT: The case remains remanded because I have
15 no jurisdiction over it.
16      That leaves the motion for attorney's fees and the
17 motion to direct the clerk to immediately transmit a certified
18 copy.
19      I am going to deny the motion for attorney's fees.
20 Marissa Girard filed her notice of removal with her
21 understanding of Home Depot, that case which dealt with
22 counter-claims not cross-claims, giving her a plausible though
23 legally incorrect basis for asserting removal. You have to
24 look back I think 16 years before Home Depot for the Seventh
25 Circuit to address the issue of cross-claims. And so I don't

```
 1   see a justification for imposing attorney's fees.
 2           As for the remand, any opposition to immediate remand
 3   from you, Mr. Girard?
 4           MR. GIRARD:  I would leave it up to the Court's
 5   discretion.  I can't think of a legal reason to do anything
 6   more than what you feel is appropriate.
 7           THE COURT:  Ms. Muth, any opposition to an immediate
 8   remand?
 9           MS. MUTH:  No, Judge.
10           THE COURT:  All right.
11           So that motion will be granted.
12           That concludes our business here today.  Thank you
13   all.
14           MR. MIRABELLI:  Thank you, Judge.
15           MS. MUTH:  Thank you.
16           MR. GIRARD:  Thank you.
17     (Proceedings concluded at 10:29 a.m.)
18
19                        *  *  *  *  *
20           I certify that the foregoing is a correct transcript
21   of the record of proceedings in the above-entitled matter.
22
23   /s/Krista Burgeson, CSR, RMR, CRR    May 29, 2025
     Official Court Reporter
24
25
```