# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**CERTIFIED COPY**

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

**ORDER**

July 21, 2025

Before

DIANE S. SYKES, *Chief Judge*
DAVID F. HAMILTON, *Circuit Judge*
CANDACE JACKSON-AKIWUMI, *Circuit Judge*

| | |
|---|---|
| No. 25-1854 | JANE F. GIRARD,<br>    Plaintiff - Appellee<br><br>and<br><br>KENTON GIRARD,<br>    Defendant - Appellee<br><br>v.<br><br>MARISSA GIRARD,<br>    Defendant - Appellant |

**Originating Case Information:**

District Court No: 1:25-cv-04586
Northern District of Illinois, Eastern Division
District Judge Jeremy C. Daniel

On consideration of the papers filed in this appeal and review of the short record,

**IT IS ORDERED** that this appeal is **DISMISSED** for lack of jurisdiction.

This court has consistently reminded litigants that an order remanding a case to state court based on a lack of subject matter jurisdiction or a defect in the removal procedure is not reviewable on appeal, regardless of whether the decision is correct, except when the case was removed under 28 U.S.C. §§ 1442 or 1443. *See* 28 U.S.C. § 1447(d); *e.g.*, *The Northern League, Inc. v. Gidney*, 558 F.3d 614, 614 (7th Cir. 2009); *Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352, 354–55 (7th Cir. 2000).

No. 25-1854                                                                      Page 2

In the present case, appellant seeks to appeal the district court's order remanding this case to state court for lack of federal jurisdiction. 28 U.S.C. § 1447(c). Although appellant disputes this determination, this case was not removed under § 1442 or § 1443, so there is no basis to seek appellate review. Appellant's belated attempts to argue for removal under § 1443 are frivolous. Although appellant suggests the litigation against her implicates rights of racial equality, this theory cannot satisfy the second part of § 1443, which requires that she has been "denied or cannot enforce" that racial-equality right in state court because of a barrier imposed by some formal expression of state law, such as a statute. *Fenton v. Dudley*, 761 F.3d 770, 774–75 (7th Cir. 2014). Appellant has identified no such law; the mere assertion that general principles have been applied in a discriminatory manner does not satisfy § 1443. *See City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966).

form name: **c7_Order_3J**    (form ID: **177**)