# In the
# United States Court of Appeals
## for the Seventh Circuit

_____

No. 25-1854

JANE F. GIRARD,

    *Plaintiff-Appellee,*

and

KENTON GIRARD,

    *Defendant-Appellee,*

v.

MARISSA GIRARD,

    *Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:25-cv-04586 — **Jeremy C. Daniel**, *Judge.*

_____

DECIDED NOVEMBER 25, 2025

_____

Before SYKES, HAMILTON, and JACKSON-AKIWUMI, *Circuit Judges*.

SYKES, *Circuit Judge.* A few years after their divorce, Jane and Kenton Girard became ensnared in acrimonious post-judgment proceedings concerning the custody of their two

Case: 1:25-cv-04586 Document #: 39 Filed: 11/25/25 Page 2 of 7 PageID #:243
Case: 25-1854     Document: 19     Filed: 11/25/2025     Pages: 7

2                                                                  No. 25-1854

minor children. Kenton had remarried shortly after the divorce, and in 2023 the Illinois state court added his wife Marissa Girard as a party to the postjudgment litigation. Her joinder complicated the already protracted proceedings: Kenton later cross-claimed against Marissa when they disagreed about his obligations under a "postnuptial agreement" that purported to require him to indemnify her for legal expenses and any reduction in her earnings incurred in connection with the custody dispute.

Marissa responded by removing the entire case to federal court in the Northern District of Illinois. It had a short shelf life there: the district judge concluded that the case did not present a federal question, so he remanded it to state court for lack of jurisdiction. Marissa appealed, and we dismissed the case for lack of appellate jurisdiction.

Jane Girard now moves for sanctions under Rule 38 of the Federal Rules of Appellate Procedure, arguing that Marissa's appeal was frivolous. Indeed it was (in more ways than one), so we grant the motion for sanctions.

According to the state-court records attached to the removal notice, Jane and Kenton Girard were divorced in November 2015 in an order issued by the Cook County Circuit Court. The divorce judgment resolved custody issues regarding their two minor daughters—at least initially.

Not long after the divorce, Kenton married Marissa Girard, and within a few years, he and Jane were back in court in a contentious custody dispute. Protracted postjudgment proceedings ensued. In 2023 Jane moved to add Marissa to the postjudgment proceedings as a third-party respondent,

accusing her of attempting to poison the mother–daughter relationship. The judge granted the joinder motion.

In February 2025 the court set a trial date to resolve the ongoing custody issues. A few days before trial, Kenton cross-claimed against Marissa seeking a declaration that he had no obligations under a supposed "postnuptial indemnification agreement" that ostensibly required him to reimburse her for legal expenses and any reduction in her earnings if Jane's actions in the custody dispute "proximately cause[d]" a violation of her rights under the Constitution or federal law.

That same day Marissa removed the entire case to federal court. Jane promptly moved to remand it to state court, asserting that the case did not present a substantial federal question. She noted that the case was a state-law domestic-relations dispute and that Kenton's cross-claim concerned only the interpretation of the postnuptial agreement, an issue governed exclusively by state contract law. The district judge agreed and remanded the case to state court, explaining that Kenton's cross-claim "center[ed] on domestic disputes" related to the postnuptial agreement, so it did not confer federal-question jurisdiction.

Marissa appealed. Before briefing commenced, we issued an order requiring her to explain why her appeal should not be dismissed for lack of jurisdiction. We noted that remand orders are not appealable unless the case is removed under 28 U.S.C. § 1442, the federal-officer removal provision, or § 1443, the civil-rights removal provision. *See* 28 U.S.C. § 1447(d). In response Marissa argued—for the first time—that she had removed the case pursuant to § 1443 because she faced a "barrage" of motions against her in the state-court

Case: 1:25-cv-04586 Document #: 39 Filed: 11/25/25 Page 4 of 7 PageID #:245
Case: 25-1854    Document: 19    Filed: 11/25/2025    Pages: 7

4                                                                    No. 25-1854

proceedings, which she claimed amounted to discrimination based on her race and disability.

We dismissed Marissa's appeal for lack of jurisdiction, explaining that her belated invocation of § 1443 was frivolous. She had not removed the case under § 1443, nor had she established—as the statute requires—that she had been denied or could not enforce a racial-equality right in state court because of a barrier imposed by some formal expression of state law, like a statute. *See Fenton v. Dudley*, 761 F.3d 770, 774–75 (7th Cir. 2014). Marissa moved for panel rehearing, and when that motion was denied, she obtained an extension of time to file a petition for a writ of certiorari in the Supreme Court.

Meanwhile, after we dismissed the appeal for lack of jurisdiction, Jane moved for sanctions against Marissa under Rule 38 of the Federal Rules of Appellate Procedure, which authorizes an award of "just damages and single or double costs" incurred in defending against a frivolous appeal. She seeks an award of $2,808.75 to cover her attorney's fees and costs on appeal. The motion is well justified and we grant it.

"An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." *Upchurch v. O'Brien*, 111 F.4th 805, 813 (7th Cir. 2024) (quotation marks omitted). Jane contends that Marissa's appeal satisfies this demanding standard. We agree. Although a decision to impose sanctions under Rule 38 is not one we make lightly, *see Goyal v. Gas Tech. Inst.*, 732 F.3d 821, 823–24 (7th Cir. 2013), this appeal was doubly frivolous. Marissa's challenge to the judge's removal order was doomed to fail, and we unquestionably lacked appellate jurisdiction to hear it.

No. 25-1854 5

Taking those points in order, there was never any basis to remove this case to federal court in the first place. Because the parties—all citizens of Illinois—are not diverse, "the propriety of removal depend[ed] on the existence of a federal question." *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n*, 707 F.3d 883, 890 (7th Cir. 2013). But Kenton's cross-claim—the proffered basis for removal—is a state-law contract claim. *See Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action."). And it is the "rare" state-law claim that gives rise to federal-question jurisdiction. *Webb v. Fin. Indus. Regul. Auth., Inc.*, 889 F.3d 853, 860 (7th Cir. 2018). To do so, the claim must "necessarily raise[]" a "substantial" and "actually disputed" federal question. *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

As the district judge correctly concluded, Kenton's cross-claim raises contract and domestic-relations issues—the stuff of which *state* law is quintessentially concerned. *Wis. Cent. Ltd. v. TiEnergy, LLC*, 894 F.3d 851, 854 (7th Cir. 2018); *Allen v. Allen*, 48 F.3d 259, 261 (7th Cir. 1995). Although the postnuptial agreement fleetingly mentions federal law, the dispute remains one of state contract and domestic-relations law; it does not require the resolution of *any* federal question—much less a substantial one. *See Minor v. Prudential Sec., Inc.*, 94 F.3d 1103, 1105 (7th Cir. 1996). In short, the judge's decision to remand the case for lack of subject-matter jurisdiction was unassailable, so Marissa was "guaranteed to lose" on appeal. *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 791 (7th Cir. 2019).

On top of that, the order was not reviewable on appeal. As our dismissal order explained, we have "consistently

reminded litigants" that remand orders are ordinarily not appealable. *See, e.g., Phoenix Container, L.P. v. Sokoloff,* 235 F.3d 352, 354–55 (7th Cir. 2000). Section 1447(d) makes this crystal clear: an order remanding a case to state court is *not* appealable—regardless of whether the decision was correct—unless § 1442 or § 1443 supplied the basis for removal. *N. League, Inc. v. Gidney*, 558 F.3d 614, 614 (7th Cir. 2009) (per curiam); *see Mac Naughton v. Asher Ventures, LLC,* 76 F.4th 539, 543 (7th Cir. 2023) ("We have held repeatedly that appellants risk Rule 38 sanctions when they litigate in the face of controlling authority that they pretend does not exist.").

Marissa relied on neither provision when removing the case to federal district court. Although she cited § 1443 in response to our jurisdictional order as part of a last-ditch attempt to justify her appeal, she failed to identify any state law that had denied or inhibited her ability to enforce federal racial-equality rights, as the statute requires. *See Fenton*, 761 F.3d at 773–74. Instead, she offered vague assertions about the discriminatory application of general principles—assertions do not come close to satisfying § 1443. Marissa's invocation of that provision was not just tardy and contrived; it was frivolous.

None of Marissa's arguments in response dissuades us from imposing sanctions. For starters, she argues that because the district judge declined to impose an award of attorney's fees under § 1447(c) for a frivolous removal, Jane's request for sanctions in this court necessitates a cross-appeal. Not so. Although the judge concluded that Marissa's improper removal did not warrant awarding Jane her costs and attorney's fees, we retain authority to impose sanctions for Marissa's frivolous *appeal*. FED. R. APP. P. 38; *Mac Naughton*,

Case: 1:25-cv-04586 Document #: 39 Filed: 11/25/25 Page 7 of 7 PageID #:248
Case: 25-1854    Document: 19    Filed: 11/25/2025    Pages: 7

No. 25-1854                                                                 7

76 F.4th at 543–44. Further, while Marissa insists that she is proceeding in good faith, the record shows otherwise. After removing a case that clearly belonged in state court, Marissa prolonged the litigation by requiring Jane to defend a frivolous appeal. *Upchurch*, 111 F.4th at 814. Under these circumstances, Rule 38 sanctions are warranted.

Finally, the modest amount Jane seeks—her attorney's fees and costs on appeal—is just and reasonable. We award her damages in the amount of $2,808.75.

It is so ORDERED.